**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

LYNN SCOTT, LLC; THE FARMER'S          )
WIFE, LLC, on behalf of themselves and all   )
others similarly situated,                              )
                                                                    )
        Plaintiffs,                                    )
                                                                    )
        v.                                                 )      No. 1:20 CV 06334
                                                                    )      Hon. Marvin E. Aspen
GRUBHUB, INC.,                                        )
                                                                    )
                                                                    )
        Defendant.                                  )

**MEMORANDUM OPINION & ORDER**

MARVIN E. ASPEN, District Judge:

Defendant Grubhub, Inc. ("Grubhub") moved to stay these proceedings, pending resolution of an action that is before the U.S. District Court for the District of Colorado, captioned *CO Craft, LLC dba Freshcraft v. Grubhub, Inc.*, Case No. 1:20-cv-01327 (the "Colorado Action"). (Dkt. No. 16.) For the reasons set forth below, we stay these proceedings until May 27, 2021.

**BACKGROUND**

**A. This Action**

On October 26, 2020, Plaintiffs Lynn Scott, LLC and The Farmer's Wife, LLC ("Plaintiffs") filed a Class Action Complaint on behalf of themselves and a putative class consisting of "[a]ll restaurants included without their permission on Grubhub, Seamless, LevelUp, AllMenus, MenuPages, or any other part of the Grubhub online platform." (Class Action Complaint ("Complaint") (Dkt. No. 1) ¶ 97.) Plaintiffs allege that Grubhub added the

names and logos of "more than 150,000 restaurants" to its online platform without the restaurants' permission. (Complaint ¶ 6.) Plaintiffs own two such restaurants. (*Id*.)

Plaintiffs claim that when Grubhub features a restaurant's name or logo on its platform, customers assume that means that Grubhub has a relationship with that restaurant. (*Id*. ¶¶ 1, 3.) If no such relationship exists, diners may have a bad experience and blame the restaurant. (*Id*. ¶¶ 4–5.) According to Plaintiffs, "[t]he end result for restaurants is significant damage to their hard-earned reputations, loss of control over their customers' dining experiences, loss of control over their online presence, and reduced consumer demand for their services." (*Id*. ¶ 5.) The Complaint contains one count under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). (*Id*. ¶¶ 106–112.) Plaintiffs ask us to (a) find "that Grubhub has violated the Lanham Act by using restaurant names and logos without authorization and in a manner likely to confuse consumers;" and (b) order "that Grubhub cease its unlawful conduct, turn over its ill-gotten gains, and pay damages to the restaurants it has harmed." (*Id*. ¶ 7.)

### B. The Colorado Action

On May 11, 2020, CO Craft, LLC dba Freshcraft ("Freshcraft") filed the Colorado Action on behalf of itself and a putative class of "[a]ll restaurants in the United States or its territories that Grubhub created landing pages for falsely advertising the restaurant as being closed or not accepting online orders when the restaurants were open and accepting online orders." (Class Action Complaint and Jury Demand ("Freshcraft Complaint") (Dkt. No. 20-1) ¶ 35.) On January 29, 2021, the putative class was redefined to include "[a]ll restaurants in the United States or territories that were listed or otherwise included by Grubhub on Grubhub platforms that did not have an unterminated contract, partnership, or other agreement to be listed or otherwise included on Grubhub platforms at any time from May 11, 2016, to the present," with certain exclusions

not relevant here.  (First Amended Class Action Complaint and Jury Demand ("Freshcraft Amended Complaint") (Dkt. No. 17-1) ¶ 34.)  Freshcraft alleges that Grubhub harmed it and other restaurants that had not partnered with Grubhub by "employing a nationwide false advertising campaign to steer patrons to its partner restaurants by falsely declaring that its competitors are closed or not accepting online orders when they are in fact open for business." (Freshcraft Amended Complaint ¶¶ 1, 3.)  According to Freshcraft, the false statements on Grubhub's website are likely to injure Freshcraft and other restaurants because customers are: (a) less likely to seek food delivery or takeout from them; and (b) more likely to order food from a restaurant that Grubhub identifies as open and accepting orders.  (*Id*. at ¶ 50.)

As in this case, Freshcraft asserts a single claim under Section 43(a) of the Lanham Act. (Freshcraft Amended Complaint ¶¶ 44–56.)  Freshcraft asks for an order requiring Grubhub to, "(1) discontinue its false advertising campaign. . .; and (2) pay damages and/or restitution to Plaintiff and Class members."  (*Id*. ¶ 3.)

## LEGAL STANDARD

### A.  The First-to-File Rule

"The first-to-file rule provides that a district court may, for purposes of judicial administration, dismiss or stay a suit 'when it is duplicative of a parallel action that is already pending in another federal court.'"  *Guill v. Alliance Resource Partners, L.P.*, Case No. 16-CV-0424-NJR-DGW, 2017 WL 1132613, at *2 (S.D. Ill. Mar. 27, 2017) (quoting *Great West Casualty Co. v. Ross Wilson Trucking*, No. 3:16-cv-03253, 2017 WL 707484, at *4 (C.D. Ill. Feb. 22, 2017) (internal citation omitted)); *see also Schwarz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829, 832–33 (N.D. Ill. 2004).  That said, the Seventh Circuit "does not rigidly adhere"

to the first-to-file rule. *Schwarz*, 317 F. Supp. 2d at 833 (internal citation omitted). "Second filed actions may proceed where favored by the interests of justice." *Id.*

"District courts are accorded a great deal of latitude and discretion in determining whether one action is duplicative of another." *Nicholson v. Nationstar Mortgage LLC of Delaware*, Case Nos. 17-cv-1373, 17-cv-8737, 18-cv-3075, 2018 WL 3344408, at *5 (N.D. Ill. July 6, 2018) (internal quotation marks and citations omitted). In general, a case is duplicative of another if the "claims, parties, and available relief do not significantly differ between the two actions." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F. 3d 873, 889 (7th Cir. 2012) (internal quotation marks and citation omitted). Claims need not be identical so long as the issues substantially overlap. *Humphrey v. United Healthcare Servs., Inc.*, No. 14 C 1157, 2014 WL 3511498, at *2 (N.D. Ill. July 16, 2014) (internal citations omitted). Likewise, in the case of class action lawsuits, the named plaintiffs need not be the same so long as the putative classes are substantially similar. *See Askin v. Quaker Oats Co.*, No. 11 CV 111, 2012 WL 517491, at * 4 (N.D. Ill. Feb. 15, 2012).

### B. Court's Inherent Power to Stay Litigation

The Court "has inherent power to exercise its discretion to stay proceedings to avoid unnecessary litigation of the same issues." *Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir. 2019) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). In evaluating whether to grant a motion to stay, courts consider: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Obrzut v. LVNV Funding, LLC, et al.*, Case No. 19-cv-01780, 2020 WL 3055958,

at *1 (N.D. Ill. June 8, 2020) (internal quotation marks and citations omitted). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

## ANALYSIS

Grubhub argues that the first-to-file rule favors staying this action because the Colorado Action was filed first; Grubhub is the sole defendant in both actions; the putative classes substantially overlap; and the claims, issues, and remedies are substantially similar in both actions. (Grubhub's Memorandum of Law in Support of Its Motion to Stay This Action in Favor of First-Filed Case ("Grubhub Memo") (Dkt. No. 17) at 6–9.) Alternatively, Grubhub argues that a stay of this action is appropriate under the court's inherent power to stay litigation because it would promote judicial economy. (*Id.* at 9–11.) We consider these arguments in turn.

### A. First-to-File Rule

There is no dispute that the Colorado Action was filed prior to the instant action and that Grubhub is the defendant in both actions. (*See* Grubhub Memo at 6; Plaintiff's Opposition to Grubhub's Motion to Stay ("Opposition") (Dkt. No. 20) at 2.) However, Plaintiffs disagree that this case is duplicative of the Colorado Action because "the two cases challenge different conduct, were filed on behalf of different classes, and seek different remedies." (Opposition at 9.)

According to Plaintiffs, they are challenging Grubhub's use of restaurants' names and logos "to suggest an affiliation that does not actually exist," whereas Freshcraft is challenging a false advertising campaign that steers potential customers to Grubhub's partner restaurants "by falsely declaring" that competitor restaurants "are closed or not accepting online orders." (*Id.* at 9–10.) Another difference is that the instant action was filed on behalf of restaurants that were included on Grubhub's platform without their consent, whereas the Colorado Action was initially

5

filed on behalf of restaurants "for whom Grubhub created landing pages for falsely advertising the restaurant as being closed or not accepting online orders when the restaurants were open and accepting online orders." (*Id*. at 10 (internal quotations and citations omitted).) Finally, the instant suit seeks an injunction prohibiting Grubhub from continuing to use restaurants' names and logos without permission, whereas the Colorado Action seeks "an injunction requiring Grubhub to discontinue its false advertising campaign that suggests competitors' restaurants as closed or not open for online ordering when they are accepting orders and open for business." (*Id*. (internal quotations and citations omitted).)

Plaintiffs acknowledge that both suits are brought under Section 43(a) of the Lanham Act but point out that that section has two prongs: a "trademark prong" and a "false advertising prong." *Id*. They claim that their suit relates to the "trademark prong," whereas the Colorado Action relates to the "false advertising" prong. (*Id*.)

Plaintiffs further assert that the instant action is the superior vehicle for pursuing their claims for several reasons. (*Id*. at 12.) First, they claim that this suit challenges a broader, "more fundamental business practice" than the Colorado Action. (*Id*.) Specifically, they take issue with all use of restaurants' names and logos on Grubhub's platform without consent, whereas the Colorado Action challenges the practice of falsely advertising that a restaurant is closed or not accepting orders when it is open or accepting orders. (*Id*.) Second, the Colorado Action has not advanced. (*Id*. at 13.) According to Plaintiffs, Grubhub has not answered the complaint in the Colorado Action, and the initial status conference has been continued for months at the request of the parties. (*Id*.) Plaintiffs contend that the ongoing delays suggest that "Grubhub 'found a plaintiff (or lawyer) willing to sell out the class … and then tried to use [the first-filed case] as a way to thwart parallel actions where the class had more vigorous champions.'" (*Id*. (quoting

6

*Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 839 (7th Cir. 1999)).)  According to Plaintiffs, they will more vigorously prosecute their claims than Freshcraft.  (*Id*. at 12.)

In reply, Grubhub argues that Plaintiffs do not appreciate all that has happened in the Colorado Action.  According to Grubhub, Grubhub and Freshcraft have been engaging in "active arm's length negotiations and the exchange of information and documents" and have now "reached a class-wide settlement subject to approval of the United States District Court for the District of Colorado."  (Grubhub Inc.'s Reply in Further Support of Its Motion to Stay This Action in Favor of First-Filed Case ("Grubhub Reply") (Dkt. No. 21) at 2.)  The proposed settlement class consists of:

> All restaurants, convenience stores, markets, grocery stores, and other food service businesses in the United States or its territories that were listed or otherwise included by Grubhub on Grubhub Platforms that did not have an unterminated contract, partnership, or other agreement to be listed or otherwise included on Grubhub Platforms at any time from May 11, 2016, until the Settlement Agreement's Effective Date.

(*Id*. at 3.)  Grubhub contends that if certified, the proposed class would subsume the putative class in the instant action.  (*Id*.)  Grubhub also points out that the allegations and claims in the two actions need not mirror one another for a stay to be warranted so long as there is substantial overlap between the two matters.  (*Id*.)  Additionally, Grubhub argues that Plaintiffs have not shown that they would suffer harm if this action were stayed while the District of Colorado considers the proposed settlement in the Colorado Action.  (*Id*. at 4.)  Furthermore, according to Grubhub, the injunctive relief sought in both cases is not materially different.  (*Id*. at 8.)  Nor have Plaintiffs articulated key differences.  (*Id*.)  Finally, Grubhub argues that there is no "superior vehicle" exception to the first-to-file rule, but even if there were, the Colorado Action would be the superior vehicle because that case is closer to resolution.  (*Id*. at 9.)

Given that there are potentially significant differences between the conduct giving rise to the two lawsuits, the claims brought, the putative classes, and the relief sought in the two actions, we cannot conclude that it would be appropriate to stay this case under the first-to-file rule. Our review of the complaints filed in both cases suggests that they complain of partially overlapping, but also distinct conduct. For example, the Freshcraft Amended Complaint takes issue with Grubhub's purported practices of advertising that: (1) unaffiliated restaurants are closed when they are open, (2) unaffiliated restaurants are not accepting online orders when they are; and (3) consumers can use Grubhub to order food from restaurants that have not partnered with Grubhub. (*See, e.g.,* Freshcraft Amended Complaint ¶¶ 16–23, 28–33, 45–50.) Freshcraft also complains that Grubhub's platform misleadingly omits that Grubhub is not authorized to take certain actions with regard to putative class members' restaurants, such as providing customers with deals from those restaurants. (*Id.* ¶ 46.)

By contrast, the Complaint filed in this case takes issue with Grubhub's alleged unauthorized use of restaurants' trademarks and logos to boost Grubhub's attractiveness to consumers. (Complaint ¶¶ 3–5, 34.) According to the Complaint, restaurants have numerous reasons for choosing not to partner with Grubhub, including, but not limited to, the fact that they do not need additional orders, do not want to lose control over customer service, want to use their own delivery services, and want tips to go to their own employees rather than Grubhub's employees. (*Id.* at ¶ 37.) Grubhub purportedly subverts these goals by first suggesting an affiliation with certain restaurants on its website and then directing Grubhub drivers to pretend to place orders as individual customers rather than Grubhub employees. (*Id.* at ¶¶ 40–45.) Plaintiffs contend that when Grubhub offers deliveries from a restaurant without that restaurant's consent, "there is a much greater likelihood that the order will take longer to fill, will be filled

incorrectly, will be delivered cold, or will eventually be cancelled altogether." (*Id*. at ¶¶ 48.) As a result, restaurants have more disgruntled customers than they might otherwise have. (*Id*. at ¶¶ 50–52, 58–64.) The Complaint raises additional issues, such as Grubhub's posting of old or inaccurate menus suggesting a restaurant is offering food that it is not or suggesting that offerings are more expensive than they are. (*See, e.g.*, *id*. at ¶¶ 57, 73.) The Complaint also addresses some issues common to the Colorado Action, such as advertising that unaffiliated restaurants are not accepting orders when they are. (*Id*. at ¶ 74.)

The nature of the alleged misconduct will no doubt shape the issues and relief available in each case. Since it seems clear that Plaintiffs are complaining of a broader range of misconduct than Freshcraft, we cannot conclude that the two cases are duplicative of one another. For this reason, we decline to stay this litigation pursuant to the first-to-file rule. *See Whirlpool Fin. Corp. v. Metropolis Capital Grp.*, No. 90 C 5845, 1991 WL 212112, at *3–4 (N.D. Ill. Oct. 7, 1991) (declining to stay a case that was related to, but not duplicative of, another case).

### B. Judicial Economy

Grubhub's alternative argument that we should stay this case based on our inherent power to manage our docket is more persuasive. We agree that a limited stay of these proceedings has the potential to streamline this action, is unlikely to prejudice Plaintiffs, and would minimize the burden upon the parties and the court by avoiding duplicative and inconsistent litigation. (*See* Grubhub Memo at 9–11.) As noted above, Grubhub is a defendant in both cases, the Colorado class potentially overlaps or subsumes the putative class in this case, both suits complain of some of the same misconduct, and the Colorado Action may be closer to resolution than this case.

Although we cannot conclude that the two actions are duplicative of one another, there is sufficient overlap for a limited stay to be valuable. For example, an issue common to both actions is whether consumers are likely to be confused by Grubhub's alleged inclusion of unaffiliated restaurants on its platform. (*See* Reply at 6.) Additionally, both suits seek injunctions preventing Grubhub from putting false information on its platform. (*Id*. at 8.) The Colorado Action may dispense with certain issues and provide certain relief that we will not need to revisit here.

Plaintiffs' objection to a limited stay appears to be based, at least in part, on a misapprehension of the progress that has been made to date in the Colorado Action. (*See, e.g.,* Opposition at 14.) Contrary to Plaintiffs' view, it is likely that a stay would simplify the issues in this case, even if the Colorado Action targets a narrower subset of conduct than targeted here, given the overlap discussed above and the fact that the Colorado Action may be settled in the near future. *See Bouas v. Harley-Davidson Motor Co. Grp., LLC*, Case No. 3:19-cv-1367-NJR, 2020 WL 2334336, at *2 (S.D. Ill. May 11, 2020) (staying litigation where doing so would "significantly narrow the issues" and "save significant time and effort in discovery"). Accordingly, we are prepared to stay these proceedings until May 27, 2021. By May 21, 2021, the parties shall submit a joint status report advising us of the status of the Colorado Action. Additionally, to the extent the District of Colorado enters any orders concerning the scope of the class or the claims covered by the proposed settlement in *CO Craft, LLC dba Freshcraft v. Grubhub, Inc.*, Case No. 1:20-cv-01327 (D. Colo.), Grubhub is directed to provide us with a copy of such orders within seven days of their entry. Once we have had a chance to review the above-referenced materials, we can revisit the stay.

**CONCLUSION**

For the reasons set forth above, we stay this action until May 27, 2021. The parties must file a joint status report concerning the Colorado Action by May 21, 2021. Additionally, to the extent that the District of Colorado enters any orders concerning the scope of the class or the claims covered by a potential settlement in *CO Craft, LLC dba Freshcraft v. Grubhub, Inc.*, Case No. 1:20-cv-01327 (D. Colo.), Grubhub must provide us with a copy of those orders within seven days of their entry. The status hearing set for May 20, 2021, is stricken and reset to May 27, 2021, at 10:30 a.m. It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: March 22, 2021
        Chicago, Illinois

11