UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LYNN SCOTT, LLC and THE FARMER'S WIFE, LLC, on behalf of themselves and all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | No. 20-cv-6334 ) ) Judge Marvin E. Aspen |
| GRUBHUB, INC., | ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Plaintiffs Lynn Scott, LLC and The Farmer's Wife, LLC move to lift the stay we entered in March 2021 pending resolution of an overlapping class action, *CO Craft, LLC dba Freshcraft v. Grubhub Inc.*, Case No. 1:20-cv-01327 (D. Colo.) (the "Colorado Action"). (Motion to Lift Stay ("Motion") (Dkt. No. 46).)[1] For the reasons set forth below, we deny the Motion.

**BACKGROUND**

In May 2020, CO Craft, LLC d/b/a Freshcraft ("Freshcraft") filed the Colorado Action on behalf of itself and a putative class of restaurants, alleging that Grubhub falsely advertised that the restaurants were closed. (Class Action Complaint and Jury Demand ("Colorado Complaint") (Dkt. No. 20-1) ¶ 35.) Freshcraft alleged that Grubhub steered business to Grubhub-partnered restaurants and away from unaffiliated restaurants like Freshcraft by falsely advertising that unaffiliated restaurants were closed or did not deliver, when they were in fact open and accepting deliveries. (*Id.* ¶¶ 1, 3.)

---

[1] For ECF filings, we cite to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

In October 2020, Plaintiffs filed this case alleging different misconduct against Grubhub. (Class Action Complaint ("Complaint") (Dkt. No. 1).) The gist of Plaintiffs' Complaint before us is that Grubhub pretends to be partnered with unaffiliated restaurants like Plaintiffs' by misappropriating their trademarks. (*Id.* ¶ 6.) Diners then suffer poor dining experiences when ordering from Plaintiffs' restaurants through Grubhub and blame Plaintiffs, causing reputational damage. (*Id.* ¶¶ 4–5.) Plaintiffs seek to represent a putative class consisting of "[a]ll restaurants included without their permission on Grubhub, Seamless, LevelUp, AllMenus, MenuPages, or any other part of the Grubhub online platform." (*Id.* ¶ 97.) Plaintiffs bring one count under Section 43(a) of the Lanham Act and seek, among other things, disgorgement of Grubhub's profits. (*Id.* ¶¶ 106–12.)

In January 2021, Freshcraft amended its complaint in the Colorado Action, expanding its putative class to include all unaffiliated restaurants, with certain exclusions not relevant here. (First Amended Class Action Complaint and Jury Demand ("Colorado Amended Complaint") (Dkt. No. 17-1) ¶ 34.) With this amendment, the Colorado Action could potentially resolve several aspects of Plaintiffs' claims. Grubhub then asked us to stay this case pending resolution of the Colorado Action, representing that the Colorado Action had settled (the "Original Settlement"), subject to court approval. (Grubhub Inc.'s Motion to Stay this Action in Favor of First-Filed Case (Dkt. No. 16); Grubhub Inc.'s Reply in Further Support of Its Motion to Stay This Action in Favor of First-Filed Case (Dkt. No. 21) at 1–2.)

We granted the stay in March 2021. (Memorandum Opinion & Order (Dkt. No. 22).) We found that although the actions were not fully duplicative, a "limited stay of these proceedings has the potential to streamline this action, is unlikely to prejudice Plaintiffs, and would minimize the burden upon the parties and the court by avoiding duplicative and

2

inconsistent litigation." (*Id.* at 9.) We found "sufficient overlap" between the cases, including similar requested injunctive relief. (*Id.* at 10.) We explained that "it is likely that a stay would simplify the issues in this case, even if the Colorado Action targets a narrower subset of conduct than targeted here." (*Id.*)

We initially stayed this case for two months. (Dkt. No. 22 at 11.) But the motion for approval of the settlement in the Colorado Action remained pending for more than a year. (Mot. at 2; Grubhub Inc.'s Opposition to Plaintiffs' Motion to Lift Stay ("Opp.") (Dkt. No. 50) at 2.) During that time, Plaintiffs sought to intervene in the Colorado Action, and we extended the stay in this case by setting the case over as the parties continued to inform us about the Colorado Action. (Dkt. Nos. 24, 26, 29, 31, 38.)

In July 2022, the District of Colorado granted Plaintiffs in this case leave to intervene in the Colorado Action and denied preliminary approval of the Original Settlement without prejudice. (Order, Exhibit 2 to Opp. (Dkt. No. 50-3) at 1.) The court found that under the Original Settlement, Grubhub would submit to certain injunctive relief, including allowing restaurants to request removal from Grubhub's platforms, in exchange for a release of "equitable" claims. (*Id.* at 9–10.) Class members would obtain no monetary relief (other than a service award to Freshcraft and fees to its attorneys), and Freshcraft and Grubhub argued that class members would not release claims for actual damages. (*Id.*) Plaintiffs in this case opposed the Original Settlement because disgorgement under the Lanham Act is "equitable" and, therefore, their claims for disgorgement in this case would be released under the Original Settlement. (*Id.* at 10–11.) The District of Colorado agreed with Plaintiffs, reasoning that "contrary to the parties' arguments, by releasing any equitable relief . . . without securing any monetary relief, the proposed Settlement here would likely preclude the *Lynn Scott* plaintiffs and

3

putative class from pursuing monetary relief under the Lanham Act, particularly in the form of disgorgement of profits . . . ." (*Id.* at 13.) The court therefore denied preliminary approval without prejudice "until the parties have addressed this issue." (*Id.* at 14.) The court also allowed Plaintiffs in this case to intervene in the Colorado Action. (*Id.* at 14–16.)

Shortly after the District of Colorado entered its order, Plaintiffs filed this Motion, arguing that without a pending settlement in the Colorado Action, there is no longer any reason for the stay. (Dkt. No. 46.) But on the same day Grubhub filed its opposition to Plaintiffs' Motion, Grubhub, Freshcraft, and Piper Inn, a new class representative, announced a new settlement (the "Amended Settlement") in the Colorado Action. (Unopposed Renewed Motion for Preliminary Approval of Class Action Settlement, Exhibit 3 to Opposition (Dkt. No. 50-4); Amended Stipulation and Settlement Agreement ("Amended Settlement") (Dkt. No. 50-5).) The Amended Settlement expressly exempts disgorgement under the Lanham Act from the Colorado Action class's release of claims. (Amended Settlement at 11 ¶ 3.2.2.) Citing the Amended Settlement and the pending motion for preliminary approval in the Colorado Action, Grubhub asks us to keep the stay in place. (Opp. at 10.)

## STANDARD OF LAW

We have "inherent power to exercise [our] discretion to stay proceedings to avoid unnecessary litigation . . . ." *Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir. 2019) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). When determining whether to stay litigation, we may consider whether a stay (1) will prejudice the non-moving party; (2) simplify the issues; and (3) reduce the burden of litigation. *Obrzut v. LVNV Funding, LLC*, No. 19 C 1780, 2020 WL 3055958, at *1 (N.D. Ill. June 8, 2020). When we have already assessed these factors and entered a stay, which one party seeks to lift, we look for "substantially changed circumstances

4

since the time of that decision [that] now warrant dissolution of the stay." *Tyrer v. City of S. Beloit*, 516 F.3d 659, 664 (7th Cir. 2008).

## ANALYSIS

In our March 2021 order granting a stay, we concluded that the three factors guiding our discretion supported a "limited stay" but acknowledged that we would "revisit the stay" after "the District of Colorado enters any orders concerning the scope of the class or the claims covered by the proposed settlement . . . ." (Dkt. No. 22 at 10.) Plaintiffs argue that we should revisit the stay, citing the absence of a settlement in the Colorado Action at the time Plaintiffs filed their motion. (Mot. at 8.) But the Colorado Action reached a new settlement in the middle of briefing on this Motion; Plaintiffs thus argue that the exclusion of their disgorgement claim from the Amended Settlement constitutes a substantially changed circumstance. (Plaintiffs' Reply in Support of Motion to Lift Stay ("Reply") (Dkt. No. 53) at 2–3.). Plaintiffs also emphasize the unfairness of the Original and Amended Settlements in the Colorado Action. (Mot. at 8–11; Reply at 3–5.) Grubhub responds that nothing has changed that warrants lifting the stay because the Colorado Action is still on the verge of resolution by settlement, just as it was when we entered the stay last year. (Opp. at 1–3, 9–11, 13–15.) Grubhub further argues that Plaintiffs can defend their own interests in the Colorado Action, where they have successfully intervened. (*Id*. at 11–13.)

We find that the circumstances have not "substantially changed." We entered the stay because settlement of the Colorado Action could both simplify the issues and reduce the burden of litigation in this case, with minimal prejudice to Plaintiffs. (Dkt. No. 22 at 9–10.) Although the District of Colorado did not approve the Original Settlement, the Amended Settlement currently awaiting approval in the Colorado Action would once again have "the potential to streamline this action" and "would minimize the burden upon the parties and the court by

5

avoiding duplicative and inconsistent litigation." (*Id.* at 9.) Though the Amended Settlement clarifies that it will not resolve the entirety of Plaintiffs' claims in this case, we originally contemplated that "even if the Colorado Action targets a narrower subset of conduct than targeted here," it would warrant a stay. (*Id.* at 10.) Thus, the circumstances justifying the stay have not substantially changed.

We appreciate that what we described as a "limited" stay has lasted nineteen months so far, but the parties agree that the unusual and unforeseen circumstance of two judicial reassignments in less than a year contributed to the delay. (Mot. at 2; Opp. at 2.) Although we cannot anticipate precisely how long the District of Colorado will take to grant or deny the motion for preliminary approval of the Amended Settlement (and, if granted, finally approve the Amended Settlement), we find the unusual circumstance that caused the significant delay is unlikely to recur, reducing prejudice to the Plaintiffs.

Plaintiffs' arguments as to why they will be prejudiced by a further stay do not persuade us. Plaintiffs claim that Grubhub "has a history of using delay to gain a tactical advantage." (Reply at 4.) But in support, Plaintiffs establish only that Grubhub has obtained extensions, which does not demonstrate that Grubhub has gained a tactical advantage. (*Id.* at 4–5.) Plaintiffs also argue that delay will allow Grubhub to continue allegedly unlawful practices (*id.* at 5), but the major purpose of the stay is to permit the Colorado Action to resolve some of the injunctive relief that will narrow the issues in this case and possibly redress some of the Plaintiffs' and putative class's injuries without expending time and resources here. Moreover, if Plaintiffs ultimately prove that they are entitled to monetary relief here, it will compensate them for any misconduct in the interim. Finally, Plaintiffs argue that the City of Chicago has filed a similar suit and lifting the stay could "offer the opportunity for coordination." (*Id.* at 3.) But

Plaintiffs offer and we see no reason why the same discovery efficiencies cannot be achieved after the Colorado Action potentially streamlines this case, rather than immediately, when the "coordination" may entail substantial efforts on discovery into matters that are later resolved in the Colorado Action.

Plaintiffs also ask us to lift the stay because they prefer a resolution in this forum instead of the Colorado Action, where they fear their interests will be undermined. (Mot. at 8–10.) They claim that both the Original and Amended Settlements are unreasonable, collusive, and fail to account for Plaintiffs' rights. (*Id.* at 8–11.) Citing *Blair v. Equifax Check Services, Inc.*, 181 F.3d 832 (7th Cir. 1999), Plaintiffs insist that we need not stay this class action in favor of another class action that has settled. (*Id.* at 8–9.) In *Blair*, several classes sought relief against Equifax in the Northern District of Illinois. *Blair*, 181 F.3d at 836. The *Blair* class was certified by one judge; the *Crawford* class, which was larger and subsumed the *Blair* class, reached a settlement before another judge. *Id.* The *Crawford* settlement provided no monetary relief to the class members and, as part of the release, waived their right to pursue class actions for any claims that were not released. *Id.* at 838. Equifax sought to decertify the *Blair* class based on the *Crawford* settlement before the latter was approved. *Id.* The district court refused, which the Seventh Circuit held was not an abuse of discretion. *Id.* at 836–38. The court reasoned that *Crawford* was far enough from final judgment that it was not beyond the *Blair* judge's discretion to let the case press forward. *Id.* at 838–39.

*Blair* does not help Plaintiffs here. *Blair* addressed a motion to decertify a class, which is inapplicable. Regardless, when discussing how courts ought to handle overlapping class actions, *Blair* emphasized that judges commonly stay proceedings in the later-filed or less-comprehensive cases. *Id.* at 838. Indeed, "[o]n occasion it will be so clear that the first-filed suit

7

is the superior vehicle that it would be an abuse of discretion for the court in the second-filed suit to press forward." *Id*. The district court in *Blair* appropriately "pressed forward" under unique circumstances not present here: *Blair*'s class was already certified, whereas *Crawford* was "far from decision on the merits," and it was "not clear that *Crawford*'s settlement will beat *Blair* to finality even if *Blair* is fully litigated." *Id*. This was especially so because the *Crawford* settlement required class members to forswear any other class actions, even over claims that they did not release, which meant "[a]pproval cannot be called a foregone conclusion." *Id*. at 838. In this case, the Colorado Action progressed for several months before Plaintiffs filed their Complaint, and it reached a settlement before any serious litigation or attempts at negotiation took place here. Unlike *Blair*, we have not yet certified a class. Moreover, the Colorado Action's settlement does not contain the *Crawford* settlement's worrying proviso that its class members must forgo all other class actions.

Finally, all of Plaintiffs' concerns about the fairness and adequacy of the Amended Settlement can and will be addressed in the Colorado Action. Federal Rule of Civil Procedure 23 provides safeguards that the District of Colorado will consider. That court must determine whether Freshcraft and Piper Inn adequately represent the class of all unaffiliated restaurants and whether they have claims that are typical of that class. Fed. R. Civ. P. 23(a)(3)–(4). Similarly, that court cannot approve the Amended Settlement unless it determines the settlement is "fair, reasonable, and adequate" after a hearing. Fed. R. Civ. P. 23(e). The District of Colorado proved that it takes these requirements seriously: it allowed Plaintiffs to intervene and denied preliminary approval of the Original Settlement to protect the interests of Plaintiffs in this case. (Dkt. No. 50-3 at 13–16.) Our task is not to usurp the District of Colorado's analysis under Rule 23; we must only determine whether we should continue to wait for what may be a forthcoming

8

resolution of the Colorado Action to streamline and simplify our case without unduly prejudicing Plaintiffs. We find that we should. We once again will reassess after any orders on the pending motion for preliminary approval of the Amended Settlement.

## CONCLUSION

For the reasons set forth above, we deny Plaintiffs' Motion to Lift the Stay (Dkt. No. 46). The status hearing set for October 20, 2022, is stricken and reset to January 26, 2023 at 10:30 a.m. The parties shall provide a status report on the proceedings in the Colorado Action by the earlier of (1) seven days after the District of Colorado resolves the pending motion for preliminary approval of class settlement or (2) January 12, 2023. It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: October 18, 2022

9