IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Lynn Scott, LLC, The Farmer's Wife, LLC, Thuan Luu, Old Crown, Inc., 132 Degrees, LLC, MDR, LLC, Momobbq, Co., LLC, MF Tasty LLC, Iowa City Coffee Company, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>Grubhub Inc.,<br><br>                Defendant. | Case No. 20 C 6334<br><br>Hon. LaShonda A. Hunt |

**MEMORANDUM OPINION AND ORDER**

Named Plaintiffs[1] are owners and operators of restaurants located throughout the United States. Defendant Grubhub, Inc. operates an online platform that connects customers with local restaurants for takeout or delivery. Plaintiffs bring this putative class action alleging that Grubhub used their names and logos without authorization and in a manner likely to confuse consumers. In their First Amended Complaint ("FAC") (Dkt. 78), Plaintiffs collectively assert a claim for violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (Count I); and Plaintiffs MF Tasty LLC ("MF Tasty") and Iowa City Coffee Company ("ICCC"), holders of registered trademarks, assert a claim for violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114 (Count II). Grubhub filed a motion to dismiss Plaintiffs' claims under Fed. R. Civ. P. 12(b)(6) (Dkt. 94). For the reasons discussed below, the motion is granted in part and denied in part.

---

[1] La Mesa, LLC was terminated as a plaintiff after filing a notice of voluntary dismissal of its claims on June 3, 2024. (*See* Dkts. 139, 141).

**BACKGROUND**

The following factual allegations are taken from the FAC and treated as true for purposes of resolving the Rule 12(b)(6) motion. Grubhub acts as an intermediary between consumers looking to order food and restaurants looking for additional customers. (FAC ¶ 26). Consumers access the Grubhub platform through a number of branded websites and mobile apps to obtain up-to-date restaurant menus, pricing, and estimates of the time it will take to prepare and deliver food. (*Id*. ¶¶ 25, 27). Restaurants who partner with Grubhub gain an additional way of generating orders, internet advertising, and a delivery infrastructure; in exchange, they pay Grubhub a percentage of the takeout and delivery orders generated through the platform. (*Id*. ¶¶ 28-29).

Plaintiffs allege that since its founding in 2004, Grubhub had only included restaurants on its platform who agreed to appear and explicitly gave Grubhub permission to use their names and logos, and that such partnerships were touted in marketing campaigns. (*Id*. ¶¶ 30-33). Consumers understood and expected that restaurants listed on Grubhub's platform were working cooperatively with Grubhub to provide takeout and food delivery services. (*Id*. ¶¶ 34-35). This business model proved to be tremendously successful; by 2018, Grubhub had over 15 million active users and continued to project rapid growth. (*Id.* ¶ 36).

However, in 2019, competition from competing services like DoorDash and Uber Eats significantly cut into Grubhub's market share and expected revenue, forcing Grubhub to slash its projections. (*Id.* ¶ 37-38). In an effort to rebound quickly, Grubhub added more than 150,000 restaurants, including Plaintiffs, to its platform without their permission.[2] (*Id*. ¶¶ 39-41).

---

[2] Grubhub contends that Plaintiff Momobbq's profile "never went live" on its platform. (Def. Mem. at 9, Dkt. 95). But on a motion to dismiss, the Court must credit the allegation in the FAC that Grubhub "was using [Momobbq's] name and logo on its platform." (FAC ¶ 144).

Subsequently, Grubhub's stock price rose and revenue increased, and in June 2020, it announced an agreement to sell its platform for $7.3 billion. (*Id.* ¶¶ 42-44).

Plaintiffs allege that Grubhub's decision to add unaffiliated restaurants reaped immediate dividends for the company at the expense of restaurants who had intentionally chosen not to partner with Grubhub for a variety of reasons ranging from a desire to maintain the ability to control their customer service experience to opposition to Grubhub's commissions and fees that significantly diminished their profits. (*Id.* ¶¶ 45, 48). Grubhub used different colors on its mobile app to help drivers distinguish restaurants who were partners versus unaffiliated restaurants and further disguised its actions by having drivers place orders under customer names and pick them up from the regular customer area without mentioning Grubhub. (*Id.* ¶¶ 53-56). Plaintiffs claim that customers who were misled by Grubhub into believing these restaurants were willing partners working cooperatively with Grubhub to give them a "direct line to the kitchen" erroneously blamed the restaurants for negative dining experiences. (*Id.* ¶¶ 46-47, 60-62).

Contending that Grubhub's unauthorized addition of their names and logos harmed their businesses and confused consumers, Plaintiffs sued on behalf of themselves and other similarly situated individuals and companies asserting violations of the Lanham Act.

## **LEGAL STANDARD**

Rule 12(b)(6) permits a party to move for dismissal based on the opposing party's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In determining whether a complaint states a claim under Rule 12(b)(6), courts must accept all non-conclusory factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

3

In addition, the Court must construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor. *Levy v. W. Coast Life Ins. Co.*, 44 F.4th 621, 626 (7th Cir. 2022). Applying these principles, a complaint will survive a motion to dismiss if it "states a plausible claim for relief." *Ashcroft*, 556 U.S. at 679 (2009) (citing *Twombly*, 550 U.S. at 556). To state a plausible claim for relief, a complaint must "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679. The movant has the ultimate burden to show that dismissal is warranted. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

## DISCUSSION

"The Lanham Act was intended to make 'actionable the deceptive and misleading use of marks,' and 'to protect persons engaged in . . . commerce against unfair competition.'" *Dastar Corp. v. Twentieth Century Fox Film*, 539 U.S. 23, 28 (2003) (quoting 15 U.S.C. § 1127). Plaintiffs bring their claims under Sections 32 and 43(a) of the Lanham Act. *See* 15 U.S.C. §§ 1114, 1125. They propose a class of businesses whose names and logos were used without their permission on Grubhub and other related apps, and a registered mark subclass for those whose names or logo were federally registered. (FAC ¶ 163).

Section 43(a) provides two distinct bases for liability: (1) false representations regarding the origin, endorsement, or association of goods or services through the wrongful use of another's distinctive mark, name, trade dress, or other device (false association); and (2) false representations in advertising concerning the quality of services or goods (false advertising). *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 122 (2014). Section 32 provides "a cause of action for the unauthorized use of a registered trademark." *Phoenix Ent. Partners v. Rumsey*, 829 F.3d 817, 822 (7th Cir. 2016).

4

Grubhub argues that Plaintiffs have failed to state a claim under the Lanham Act because the FAC does not (1) adequately allege a protectible trademark, likelihood of confusion, or damages, or (2) satisfy the heightened pleading standard for false advertising. For the most part, the Court disagrees. Only the false association claims of seven of the nine Plaintiffs fall short of alleging a protectable trademark interest, and Plaintiffs will be granted leave to amend the complaint to correct that deficiency. In all other respects, the Court finds the FAC is sufficient.

I. **False Association – § 43(a)(1)(A) – Count I**

Section 43(a)(1)(A) of the Lanham Act "provides a civil remedy if false or misleading factual representations are likely to confuse or deceive their audience about the plaintiff's affiliation, connection, or association with the defendant or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities." *Martin v. Living Essentials, LLC*, 653 F. App'x 482, 484 (7th Cir. 2016) (internal quotations omitted). To state a claim under that section, Plaintiffs must allege that (1) their mark is protectable, and (2) Grubhub's use of the mark is likely to cause confusion among consumers. *Specht v. Google, Inc.*, 660 F. Supp. 2d 858, 863 (N.D. Ill. 2009) (citing *Packman v. Chi. Trib. Co.*, 267 F.3d 628, 638 (7th Cir. 2001); *Echo Travel, Inc. v. Travel Assocs., Inc.*, 870 F.2d 1264, 1266 (7th Cir. 1989)).

A. **Protectable Trademark Interest**

Grubhub contends that eight of the nine Plaintiffs' false association claims should be dismissed because they fail to establish a valid trademark entitled to protection.[3] Plaintiffs counter that the FAC sufficiently alleges ownership of the "MF Tasty" mark, and the remaining Plaintiffs are not required to actually plead a protectable trademark interest to state a claim for false association under Section 43(a). Plaintiffs are partially correct.

---

[3] Grubhub does not dispute that Plaintiff ICCC has satisfied this requirement.

Regarding Plaintiff MF Tasty, the FAC alleges that "MF Tasty is also the owner of the word mark 'MF Tasty,' which was registered on the Principal Register of the United States Patent and Trademark Office on January 28, 2020 (Registration No. 5970340)." (FAC ¶ 22). Grubhub maintains that those allegations of trademark ownership are "fatally flawed" because MF Tasty, Inc., not MF Tasty LLC, owns the mark. (Def. Mem. at 6, Dkt. 95). Plaintiffs disagree, contending that the discrepancy in the trademark application is the result of a typographical error that Plaintiff MF Tasty is in the process of correcting and, in any event, such a minor mistake does not override the presumption of validity. Plaintiffs have the better argument.

Under the Lanham Act, registration of a trademark creates a rebuttable presumption that the mark is valid, and it is well established that the motion to dismiss stage is not the appropriate time to weigh evidence of invalidity. *Est. of Maier v. Goldstein*, No. 17 C 2951, 2017 WL 5569809, at *6 (N.D. Ill. Nov. 20, 2017) (citing *Georgia-Pac. Consumer Prod. LP v. Kimberly-Clark Corp.*, 647 F.3d 723, 727 (7th Cir. 2011)); *see also Arcadia Grp. Brands Ltd. v. Studio Moderna SA*, No. 10 C 7790, 2011 WL 3584469, at *2 (N.D. Ill. Aug. 15, 2011) ("It is premature at the motion to dismiss stage to resolve whether [the] registration is valid."). As such, Plaintiffs have met their burden at this juncture of adequately alleging that Plaintiff MF Tasty has a protectable trademark interest.

On the other hand, the eight Plaintiffs without registered trademarks have not. The Lanham Act broadly defines a trademark as "[a]ny word, name, symbol, or device, or any combination thereof that a person uses to identify and distinguish his or her goods . . . from those . . . sold by others and to indicate the source of the goods." 15 U.S.C. § 1127. Indeed, "a trademark is not a trademark unless it identifies a product's source (this is a Nike) and distinguishes that source from

others (not any other sneaker brand)." *Jack Daniel's Prop., Inc. v. VIP Prod. LLC*, 599 U.S. 140, 146 (2023). Put another way, "a mark tells the public who is responsible for a product." *Id.*

Throughout the FAC, Plaintiffs assert that they own and operate restaurants with names and logos which Grubhub used without their permission to suggest an affiliation. But they do not state the exact marks being used in commerce that are entitled to trademark protection. Rather, Plaintiffs maintain that they need not show a protectible trademark interest, (Pl. Resp. at 7, Dkt. 104) (*citing Dastar Corp.*, 539 U.S. at 29), but that is incorrect. Even *Dastar* acknowledged that "§ 43(a) does not have boundless application as a remedy for unfair trade practices." 539 U.S. at 29 (citation and quotation omitted).

In this Circuit, plaintiffs must allege a protactable trademark interest to state a false association claim. *See Phoenix Ent. Partners*, 829 F.3d at 822; *accord Sears Authorized Hometown Stores, LLC v. Lynn Retail, Inc.*, No. 21 C 0091, 2023 WL 317625, at *9 (S.D. Ind. Jan. 19, 2023) (The plaintiff "points to the text of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), which on its face says nothing about a protectable trademark interest. But even in the absence of binding Seventh Circuit precedent instructing that a protectable trademark interest is essential to a claim under this provision, logic dictates that such an interest would be required.") (collecting cases); *Woodfold Mfg., Inc. v. EMI Porta OPCO, LLC*, No. 18 C 3984, 2020 WL 13889769, at *5 (N.D. Ill. Nov. 30, 2020) (rejecting argument that the plaintiff was not required to show a protectable trademark in order to pursue its false association claim).

Plaintiffs contend that in *Belmora LLC v. Bayer Consumer Care AG*, the Fourth Circuit "clarified that the test for unfair competition and trademark infringement were not, in fact, the same and that a plaintiff could proceed under Section 43(a) even without a protectable trademark interest." (Pl. Resp. at 9) (*citing* 819 F.3d 697 (4th Cir. 2016)). However, *Belmora* is both factually

7

and legally distinguishable from this case. Critically, the owner of a foreign trademark and its sister company sued the owner of the same mark in the United States. *Belmora*, 819 F.3d at 701. In other words, the parties did not dispute the existence of a protectible mark. Furthermore, the Fourth Circuit was tasked with reviewing whether the district court properly dismissed the plaintiff's false association and false advertising claims for lack of standing. *Id.* at 705. *Belmora* therefore applied the test set forth by the Supreme Court in *Lexmark* for determining if a plaintiff "falls within the class of plaintiffs whom Congress has authorized to use" under § 1125(a). *Belmora*, 819 F.3d at 708 (quoting *Lexmark*, 572 U.S. at 128). Here, in contrast, Grubhub has challenged the sufficiency of the complaint allegations under Rule 12(6)(6), not Plaintiffs' standing to sue.

*Lexmark* explained that the standing inquiry for a false association claim under § 1125(a) focuses on "whether [plaintiff] has a cause of action under the statute." 572 U.S. at 128. Delineating a two-part test, the Supreme Court held that plaintiffs demonstrate such standing by alleging (1) "an injury to a commercial interest in reputation or sales" and (2) "economic or reputational injury flowing directly from the deception wrought by the defendant's advertising." *Id.* at 132, 133. Grubhub does not contend that Plaintiffs fail the *Lexmark* test; the detailed factual allegations in the FAC arguably support each factor. Still, *Lexmark* made clear that establishing Article III standing should not be conflated with stating a claim under § 1125(a). *Id.* at 134, n.6 ("If a plaintiff's allegations, taken as true, are insufficient to establish [an element of the cause of action under the statute], then the complaint must be dismissed; if they are sufficient, then the plaintiff is entitled to an opportunity to prove them."). To obtain relief under § 1125(a), then, Plaintiffs must show that they can pursue their claim *and* that they have stated a plausible claim.

Consequently, Plaintiffs' reliance on cases applying the *Lexmark* standing requirements regarding who can file suit to demonstrate that their FAC satisfies the *Twombly*/*Iqbal* standard

governing the facts which must be pled in order for a case to proceed is misplaced. *See Towada Audio Co. v. Aiwa Corp.*, No. 18 C 4397, 2019 WL 1200748, at *7-8 (N.D. Ill. Mar. 14, 2019) (denying the defendant's motion to dismiss under Rules 12(b)(1) and 12(b)(6) because plaintiffs met the *Lexmark* test and satisfied the pleading standards for their Lanham Act claims); *see also FireBlok IP Holdings, LLC v. Hilti, Inc.*, No. 19 C 50122, 2021 WL 6049964, at *5-8 (N.D. Ill. Dec. 21, 2021) (rejecting defendants' arguments that plaintiff was not a proper plaintiff under *Lexmark* or that the complaint failed to plead a plausible Lanham Act claim for false advertising and false association).

Because Plaintiffs Scott, Farmer's Wife, Luu, Old Crown, 132 Degrees, MDR, and Momobbq have not sufficiently alleged a protectable trademark interest, their false association claims are dismissed without prejudice. *See Antsy Labs, LLC v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns identified on Schedule A Thereto*, No. 22 C 1801, 2022 WL 17451607, at *4 (N.D. Ill. Dec. 5, 2022) (The plaintiffs' "allegations must raise a right to relief above the speculative level, and they have not done so here with respect to the existence of a protectable mark. Therefore, the [c]ourt dismisses [ plaintiffs'] false designation claim without prejudice.") (internal quotations, alterations, and citations omitted). That said, Plaintiffs preemptively requested an opportunity to amend their complaint and they are granted leave to do so. To be clear, at the pleading stage, Plaintiffs need only allege a plausible trademark interest, not prove it. Contrary to Grubhub's contention, establishing that the mark is distinctive enough to warrant Lanham Act protection is not yet required.[4]

---

[4] Grubhub cites *Brithric Entr., LLC v. Bay Equity LLC*, 2021 WL 1208957, at *3 (N.D. Ill. Mar. 31, 2021), (Def. Mem. at 8), a case where the parties were allowed to conduct discovery and the court held an evidentiary hearing in connection with a motion for preliminary injunction. Whether Plaintiffs here can prevail on the merits of their Lanham Act claim is not the question before this Court.

9

B.  **Likelihood of Confusion**[5]

Likelihood of confusion is a necessary element of Plaintiffs' false association claim. *AutoZone, Inc. v. Strick*, 543 F.3d 923, 929 (7th Cir. 2008). The Court considers only if Plaintiffs MF Tasty and ICCC have adequately alleged a likelihood of confusion, as the other Plaintiffs, having failed to allege a protectable trademark interest, do not advance to the next prong of the Section 43(a) analysis.

Seven factors are analyzed to determine whether consumers are likely to be confused: (1) the similarity between the marks in appearance and suggestion; (2) the similarity of the products; (3) the area and manner of concurrent use; (4) the degree and care likely to be exercised by consumers; (5) the strength of the plaintiff's mark; (6) any actual confusion; and (7) the intent of the defendant to palm off his product as that of another. *Id.* "Generally, likelihood of confusion is a fact-specific inquiry best left for decision after discovery. So[,] at the motion-to-dismiss stage, the plaintiff only needs to allege facts that could, after drawing reasonable inferences in plaintiff's favor, plausibly support the likelihood-of-confusion element." *Slep-Tone Ent. Corp. v. Sellis Enters., Inc.*, 87 F. Supp. 3d 897, 907 (N.D. Ill. 2015) (internal quotations and citations omitted). While Grubhub concedes that Plaintiffs are not required to provide evidence of likelihood of confusion at the pleading stage, it argues that Plaintiffs have not plead facts that could plausibly result in a finding of a likelihood of confusion. Its argument centers on the contention that the FAC lacks any specific discussion about the likelihood of confusion factors. In response, Plaintiffs point

---

[5] Grubhub suggests that even if there is a likelihood of confusion, its use of Plaintiffs' marks is covered by the nominative fair use doctrine, but then it acknowledges the defense "is inappropriate for consideration in the Rule 12(b)(6) motion." (Def. Mem. at 12, n.7) (quoting *Slep-Tone Ent. Corp. v. Elwood Enters., Inc.*, No. 13 C 7346, 2019 WL 1612891, at *5 (N.D. Ill. Apr. 21, 2014)). The Court agrees.

to numerous allegations in the FAC, which, as discussed below, after drawing all reasonable inferences in their favor, the Court finds sufficient.

Similarity of the marks: "Similarity of the marks turns on whether the appearance and placement would be so indistinguishable that a consumer would associate one with the other." *Slep-Tone Ent. Corp.*, 87 F. Supp. 3d at 907 (citing *Packman*, 267 F.3d 628 (7th Cir. 2001)). Plaintiffs state that Grubhub used "exact replicas" of their names and logos. (Pl. Resp. at 18). A reasonable consumer would not be able to distinguish between Plaintiffs' and Grubhub's use of the marks.

Similarity of the products: "Closely related products are those that would reasonably be thought by the buying public to come from the same source, or thought to be affiliated with, connected with, or sponsored by, the trademark owner." *CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d 660, 679 (7th Cir. 2001). Plaintiffs allege that they serve food and Grubhub is a food ordering and delivery platform. Given its business model, it is not only plausible that users of Grubhub's platform would conclude that Plaintiffs' restaurants are affiliated with Grubhub but that was likely the intent.

Area and manner of concurrent use: "In considering this factor, courts look at whether there is a relationship in use, promotion, distribution or sales between the goods or services of the parties." *Sorensen v. WD-40 Co.*, 792 F.3d 712, 730 (7th Cir. 2015). Courts "also look to whether the parties use the same channels of commerce, target the same general audience, or use similar marketing procedures." *Id.* Plaintiffs allege that Grubhub "targets restaurants that local diners frequently search for online[,]" then "uses search engine marketing and optimization to divert the restaurant's potential customers to its own business." (FAC ¶¶ 76-77). Those facts are sufficient to

11

show that Plaintiffs and Grubhub use the same channels of commerce (online) and target the same general audience (local diners).

Degree and care likely to be exercised by consumers: "Generally, courts considering this factor assume that the more widely accessible and inexpensive the products and services, the more likely that consumers will exercise a lesser degree of care and discrimination in their purchases." *Sorensen*, 792 F.3d at 730 (internal quotations and alterations omitted). As explained above, because Plaintiffs are restaurants and Grubhub provides a well-known food ordering and delivery platform, the Court concludes that the product is an inexpensive and widely accessible product where customers will likely exercise a lesser degree of care in their purchases.

Strength of the plaintiffs' marks: "[W]hether a mark is weak or not is of little importance where the conflicting mark is identical and the goods are closely related." *Miyano Mach. USA, Inc. v. MiyanoHitec Mach., Inc.*, 576 F. Supp. 2d 868, 886 (N.D. Ill. 2008). Accordingly, Plaintiffs argue that because Grubhub used exact replicas of their marks, the strength of their marks should have little bearing on the court's analysis. The Court agrees. This factor also weighs in Plaintiffs' favor. *See id.; Sands, Taylor & Wood Co. v. Quaker Oats Co.*, 978 F.2d 947, 959 (7th Cir. 1992)).

Actual confusion: Plaintiffs maintain that the FAC contains multiple accounts of customers who received poor service from Grubhub and, in turn, blamed Plaintiffs. For example, Plaintiffs allege that Grubhub posted an outdated MF Tasty menu and when customers tried to order food, their orders could not be fulfilled. Similarly, Plaintiffs allege that Grubhub posted an outdated ICCC menu and incorrect pictures of menu items, leading to orders that could not be filled accurately or did not appear as pictured. Plaintiffs insist that these customer accounts demonstrate actual confusion. Grubhub, on the other hand, contends that these accounts are based on speculation because customers are not aware of whether the issue was caused by Plaintiffs or

12

Grubhub. Furthermore, Grubhub argues that this type of "general confusion" is not actionable under the Lanham Act. (Def. Reply at 17, Dkt. 111).

The Court is not persuaded. As noted by Plaintiffs, "customer 'confusion' need not be restricted to a mistake regarding the source of the goods; the court should also consider whether the customer would believe that the trademark owner sponsored, endorsed or was otherwise affiliated with the product." *Nike, Inc. v. Just Did It Enters.*, 6 F.3d 1225, 1228-29 (7th Cir. 1993). Here, based on the allegations, Plaintiffs' have plausibly alleged actual confusion by customers who believe there is some association between Plaintiffs and Grubhub. *See Wolf Appliance, Inc. v. Viking Range Corp.*, 686 F. Supp. 2d 878, 890 (W.D. Wis. 2010) ("For example, if a customer saw the Toyota trademark on a Honda vehicle, the customer may assume that Toyota and Honda are now affiliated. This type of confusion could damage a plaintiff if consumers are dissatisfied with the defendant's product.").

<u>Intent of the defendant</u>: In support of this factor, Plaintiffs point to allegations that Grubhub attempted to convince restaurants to voluntarily enter into partnership agreements, but when those efforts failed, Grubhub proceeded to use their names and logos anyway. Plaintiffs contend that use of the marks after being denied permission "supports the inference that [defendant] fully intended to associate their products with [plaintiff]." (Pl. Resp. at 18) (*quoting Miyano Mach. USA, Inc.*, 576 F. Supp. 2d at 887). The Court agrees. Those facts sufficiently satisfy the intent of the defendant factor.

Having plead facts to meet each of the likelihood of confusion factors, the Court finds that Plaintiffs MF Tasty and ICCC have adequately alleged likelihood of confusion.[6]

---

[6] Though the Court need not determine whether the Plaintiffs without registered trademarks have plausibly alleged likelihood of confusion, the Court notes that this element would likely be satisfied for them too based on the same type of factual allegations raised by the registered mark holders.

C. **Damages**

Grubhub contends that Plaintiffs fail to allege damages with specificity, and in support of its position, cite to *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 819-20 (7th Cir. 1999), *McMahon v. City of Chi.*, 98 C 8026, 2000 WL 35734767, at *3 (N.D. Ill. Oct. 13, 2000), and *Schutt Mfg. Co. v. Riddell, Inc.*, 673 F.2d 202, 206 (7th Cir. 1982). Notably, these cases were decided on summary judgment. For example, in *Hot Wax*, the Seventh Circuit stated that "to recover money damages under the [Lanham] Act, a plaintiff must prove both actual damages and a causal link between defendant's violation and those damages." Thus, these cases are inapposite.

Additionally, Grubhub cites two non-binding cases that are also readily distinguishable. (Def. Mem. at 14) (citing *Vincent v. Utah Plastic Surgery Soc.*, 621 Fed. App'x 546 (10th Cir. 2015); *Ashley Furniture Indus., Inc. v. Am. Signature, Inc.*, No. 11 C 427, 2015 WL 12999664 (S.D. Ohio Mar. 12, 2015)). In *Vincent*, the plaintiffs argued that they pled damages by setting forth that they lost goodwill, customers, and sales. 621 Fed. App'x at 550. The Tenth Circuit found that plaintiffs' argument failed because they did not point the court to the paragraphs in the complaint where those allegations appeared. *Id*. at 550-51. Similarly, in *Ashley Furniture*, the court found that the plaintiff failed to allege any facts to support an inference of a causal link between the defendant's advertisements and an injury to the plaintiff. 2015 WL 12999664, at *8. But that is not the case here. Plaintiffs have provided specific examples of customers who blamed Plaintiffs for the poor experience provided by Grubhub and explained how they often have had to spend time and money in an effort to remedy that negative perception. Those damages allegations pass muster.[7]

---

[7] As with the likelihood of confusion element, the Court considers only whether Plaintiffs MF Tasty and ICCC have adequately alleged damages but notes that the Plaintiffs without registered trademarks would likely prevail on this element based on the same type of factual allegations.

14

Grubhub also argues that Plaintiffs' request for injunctive relief is moot because it has removed Plaintiffs' listings from its platform. But as Plaintiffs correctly indicate, voluntary succession of unlawful conduct does not moot a claim for injunctive relief if the conduct can easily be resumed in the future. *See DeVry Inc. v. Int'l Univ. of Nursing*, 638 F. Supp. 2d 902, 906-07 (N.D. Ill. 2009) ("However, voluntary cessation of unlawful conduct does not necessarily moot a claim for injunctive relief. Rather, an injunction may still be appropriate to ensure that the misconduct does not recur as soon as the case ends.") (internal quotations and citations omitted). Here, that is certainly a possibility. Additionally, Plaintiffs argue that while Grubhub may have removed their specific restaurants from its platform, the company has not changed its practice with respect to the class as a whole. Accordingly, Plaintiffs' claim for injunctive relief is not moot for this additional reason. *See Fischer v. Instant Checkmate LLC*, No. 19 C 4892, 2022 WL 971479, at *5 (N.D. Ill. Mar. 31, 2022) (finding plaintiffs' claims for injunctive relief were not moot and that they retained sufficient interest to seek injunctive relief for putative class members).

In sum, the false association claim in Count I of the FAC is dismissed without prejudice as to all Plaintiffs except the registered mark holders—MF Tasty and ICCC—whose claims may proceed.

## II. <u>Trademark Infringement – § 32 – Count II</u>[8]

The elements of Plaintiffs' false association and trademark infringement claims are the same. *See Phoenix Ent. Partners*, 829 F.3d at 822 ("To prevail on either [trademark infringement or false association], a plaintiff must be able to show (1) that its mark is protectable, and (2) that

---

[8] In the first paragraph of Count II, Plaintiffs state that "Plaintiffs MF Tasty LLC and Iowa City Coffee Company allege this cause of action on their own behalf and on behalf of the proposed Registered Mark Subclass." (FAC ¶ 178). Nevertheless, Grubhub contends that the remaining paragraphs of Count II appear to refer to all Plaintiffs collectively. Plaintiffs' response confirms that only Plaintiffs ICCC and MF Tasty are pursuing a claim for trademark infringement under Section 32. (Pl. Resp. at 15, Dkt. 104). Accordingly, the Court need not consider whether the other Plaintiffs have sufficiently alleged a claim under Section 32.

the defendant's use of that mark is likely to cause confusion among consumers."). Like the arguments made in opposition to Plaintiffs' false association claim, Grubhub argues that Plaintiff MF Tasty's trademark infringement claim must be dismissed because Plaintiff MF Tasty fails to allege a registered trademark. But, as discussed *supra*, Plaintiff MF Tasty has crossed that hurdle. Grubhub also argues that Plaintiffs MF Tasty and ICCC's trademark infringement claim must be dismissed because they fail to allege likelihood of confusion and damages. For the reasons stated *supra*, the Court disagrees.

In sum, the trademark infringement claims in Count II of the FAC may proceed.

### III.  False Advertising – § 43(a)(1)(B) – Count I

To state a false advertising claim under the Lanham Act, Plaintiffs must allege:

> (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a loss of goodwill associated with its products.

*Martin*, 183 F. Supp. 3d at 933 (N.D. Ill. 2016) (quoting *Hot Wax, Inc.*, 191 F.3d at 819).

As an initial matter, Grubhub argues that the FAC does not contain a false advertising claim as evidenced by quotes from the language in Section 43(a)(1)(A), which refers to a false association claim, but no quote from or even cites to Section 43(a)(1)(B), which refers to a false advertising claim. In response, Plaintiffs assert that their allegations regarding Grubhub's (1) use of Plaintiffs' names and logos, (2) false representations that Plaintiffs' restaurants are working alongside Grubhub, and (3) false and misleading statements made in connection with Grubhub's use of the names and logos, such as statements that Plaintiffs' restaurants were closed and the posting of incorrect pricing and menu items, state a claim for false advertising.

16

"To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (internal quotations omitted). "Moreover, a plaintiff must do more to satisfy Rule 8 than 'merely parrot the statutory language of the claims that they are pleading,' but must instead 'provid[e] some specific facts to ground those legal claims.'" *Holliman v. Cook Cnty.*, No. 15 C 9050, 2016 WL 4678312, at *4 (N.D. Ill. Sept. 6, 2016) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)); *see also Reeves ex rel. Reeves v. Jewel Food Stores, Inc.*, 759 F.3d 698, 701 (7th Cir. 2014) ("Plaintiffs need only plead facts, not legal theories, in their complaints.") Thus, the absence of any statutory language referring to a false advertising claim is not fatal. Additionally, the Court notes that the title of Count I is not limited to a violation of Section 43(a)(1)(A); instead, Count I is titled "Violation of Lanham Act – Section 43(a)," which can be read to encompass a claim under Section 43(a)(1)(B). Accordingly, the Court finds that Plaintiffs have alleged sufficient facts to provide Grubhub with notice of their false advertising claims.

As to the merits of Plaintiffs' false advertising claim, Grubhub asserts that those allegations fail to satisfy the heightened pleading standard outlined in Federal Rule of Civil Procedure 9(b). Plaintiffs do not dispute that the heightened pleading standard applies but instead contend they have met it. "To satisfy the heightened pleading standard of Rule 9(b), the circumstances of the alleged misrepresentation must be pleaded in detail. The who, what, when, where, and how: the first paragraph of any newspaper story." *VitalGo, Inc. v. Kreg Therapeutics, Inc.*, No. 16 C 5577, 2017 WL 6569633, at *7 (N.D. Ill. Dec. 21, 2017). "The complaint must state the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and

17

the method by which the misrepresentation was communicated to the plaintiff." *U.S. ex rel. Grenadyor v. Ukrainian Vill. Pharmacy, Inc.*, 772 F.3d 1102, 1106 (7th Cir. 2014) (internal quotations omitted). Here, the Court finds that Plaintiffs have plead the required facts with sufficient particularity. Specifically, Plaintiffs state the who (Grubhub); what (use of names and logos and false statements made in connection with Grubhub's use of the same); when (beginning in 2019 and continuing); and where and how (via Grubhub's platform and search engine marketing linked to the platform).

In sum, the false advertising claims in Count I of the FAC may proceed.

## **CONCLUSION**

For the reasons stated above, Grubhub's motion to dismiss is denied with respect to the false association and trademark infringement claims of Plaintiffs MF Tasty and ICCC, and with respect to Plaintiffs' false advertising claim, and granted with respect to Plaintiffs Scott, Farmer's Wife, Luu, Old Crown, 132 Degrees, MDR, and Momobbq's false association claim. Plaintiffs are granted leave to file an amended complaint consistent with this ruling by 8/27/24.

**DATED**: August 6, 2024                **ENTERED**:

_LaShonda A. Hunt_
LaShonda A. Hunt
United States District Judge