**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LYNN SCOTT, et al., on behalf of themselves ) and all others similarly situated, ) | |
| ) | Case No. 20 C 6334 |
| Plaintiffs, ) | |
| ) | District Judge LaShonda A. Hunt |
| v. ) | |
| ) | Magistrate Judge Gabriel A. Fuentes |
| GRUBHUB INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

In this matter before the magistrate judge on discovery referral (D.E. 110), before the Court is the Plaintiffs' Motion to Compel Further Discovery Responses and Document Production. ("Motion to Compel"; D.E. 156.) The Court decides the Motion to Compel within the magistrate judge's broad discretion in managing discovery in civil matters on referral, *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013), to promote the just, inexpensive and speedy determination of the matter. Fed. R. Civ. P. 1.

## BACKGROUND

This is a federal question Lanham Act and false association case in which Plaintiff Lynn Scott and putative class member restaurant owners ("Plaintiffs") say that according to Defendant Grubhub, Inc.'s chief executive, the "diner experience" on Grubhub, in a word, "sucks." (First Amended Complaint ("FAC"; D.E. 78) ¶ 5.) Plaintiffs allege that they have paid the price in the form of lost goodwill and a decline in the value of their marks as a result of Grubhub's allegedly adding Plaintiffs' restaurant names and logos to the Grubhub platform without their permission and then rendering bad service or other bad practices that Plaintiffs say reflect poorly on them.

The district court previously has summarized the facts of this case as follows (D.E. 152):

1

Grubhub acts as an intermediary between consumers looking to order food and restaurants looking for additional customers. (First Amended Complaint ("FAC"; D.E. 78) ¶ 26). Consumers access the Grubhub platform through a number of branded websites and mobile apps to obtain upto-date restaurant menus, pricing, and estimates of the time it will take to prepare and deliver food. (Id. ¶¶ 25, 27). Restaurants who partner with Grubhub gain an additional way of generating orders, internet advertising, and a delivery infrastructure; in exchange, they pay Grubhub a percentage of the takeout and delivery orders generated through the platform. (Id. ¶¶ 28-29).

Plaintiffs allege that since its founding in 2004, Grubhub had only included restaurants on its platform who agreed to appear and explicitly gave Grubhub permission to use their names and logos, and that such partnerships were touted in marketing campaigns. (Id. ¶¶ 30-33). Consumers understood and expected that restaurants listed on Grubhub's platform were working cooperatively with Grubhub to provide takeout and food delivery services. (Id. ¶¶ 34-35). This business model proved to be tremendously successful; by 2018, Grubhub had over 15 million active users and continued to project rapid growth. (Id. ¶ 36).

However, in 2019, competition from competing services like DoorDash and Uber Eats significantly cut into Grubhub's market share and expected revenue, forcing Grubhub to slash its projections. (Id. ¶ 37-38). In an effort to rebound quickly, Grubhub added more than 150,000 restaurants, including Plaintiffs, to its platform without their permission.2 (Id. ¶¶ 39-41). 2 Grubhub contends that Plaintiff Momobbq's profile "never went live" on its platform. (Def. Mem. at 9, Dkt. 95) …. Subsequently, Grubhub's stock price rose and revenue increased, and in June 2020, it announced an agreement to sell its platform for $7.3 billion. (Id. ¶¶ 42-44).

Plaintiffs allege that Grubhub's decision to add unaffiliated restaurants reaped immediate dividends for the company at the expense of restaurants who had intentionally chosen not to partner with Grubhub for a variety of reasons ranging from a desire to maintain the ability to control their customer service experience to opposition to Grubhub's commissions and fees that significantly diminished their profits. (Id. ¶¶ 45, 48). Grubhub used different colors on its mobile app to help drivers distinguish restaurants who were partners versus unaffiliated restaurants and further disguised its actions by having drivers place orders under customer names and pick them up from the regular customer area without mentioning Grubhub. (Id. ¶¶ 53-56). Plaintiffs claim that customers who were misled by Grubhub into believing these restaurants were willing partners working cooperatively with Grubhub to give them a "direct line to the kitchen" erroneously blamed the restaurants for negative dining experiences. (Id. ¶¶ 46-47, 60-62).

Contending that Grubhub's unauthorized addition of their names and logos harmed their businesses and confused consumers, Plaintiffs sued on behalf of themselves and other similarly situated individuals and companies asserting violations of the Lanham Act.

On August 6, 2024, the district court denied Grubhub's motion to dismiss with respect to (1) the false association (Count I) and trademark infringement claims (Count II) of Plaintiffs MF Tasty and Iowa City Coffee Company, and (2) the false advertising claim of Plaintiffs (Count I); and granted the motion with respect to the false association claim (Count I) of Plaintiffs Lynn Scott, Farmer's Wife, Thuan Luu, Old Crown, 132 Degrees, MDR, and Momobbq. (D.E. 151.) A second amended complaint was filed timely on September 24, 2024. (D.E. 171.)

In the Motion to Compel, Plaintiffs complain that Defendant has responded selectively and incompletely to various discovery requests, and Defendants disagree. After reviewing the Motion to Compel (D.E. 156), Defendant's response (D.E. 159), and Plaintiffs' reply (D.E. 167), the Court rules as stated below, within the magistrate judge's substantial discretion to manage discovery on referral and to promote the just, speedy, and inexpensive determination of the matter. *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013); Fed. R. Civ. P. 1.

### ANALYSIS

After reviewing the Motion to Compel (D.E. 156), Defendant's response (D.E. 159), and Plaintiffs' reply (D.E. 167), the Court rules as stated below, within the magistrate judge's substantial discretion to manage discovery on referral and to promote the just, speedy, and inexpensive determination of the matter. *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013); Fed. R. Civ. P. 1. Information is discoverable in federal

civil cases is it is relevant to a claim or defense and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

### I. Motion To Compel Supplement Interrogatory Responses

*Interrogatory Nos. 1.and 2.* These interrogatories seek the identification of various persons with knowledge as to four categories of "databases or systems" that Grubhub is said to maintain to track customer, restaurant, order information, and user comments (Interrogatory No. 1) and as to "various aspects of the decision to add non-partnered restaurant's to Grubhub's platform." (Motion to Compel at 6; Grubhub's First Supplemental Interrogatory Answers (D.E. 156-9) at 2-3.). The Court respectfully rejects Grubhub's bid to answer these interrogatories by referring Plaintiffs to Grubhub's entire document production under Rule 33(d) and saying the information is equally available to Plaintiffs. (*See id.*) But Grubhub appears to have backed off of that position by identifying "a short list of names" that were not mentioned in the briefing but that the Court managed to locate by digging through the exhibits. (Motion to Compel at 7.; Defendant's Second Supplemental Interrogatory Answers ("Second Answers"; D.E. 174-1). There are four names. In the absence of a clear reason to believe that those answers are insufficient or non-responsive, the Court is denying this aspect of the Motion to Compel, which appears to be concerned that Plaintiffs already know the identify of two more persons (Matt Maloney and Adam DeWitt) with knowledge. *Id.* Plaintiffs could of course depose those persons, meaning they would have depositions of at least six people they have reason to believe have knowledge of this information, and they will be able to conduct follow-up discovery after those depositions. In short, the Court is not persuaded based on the Motion to Compel that Grubhub is holding back names to a degree that renders its interrogatory

4

response insufficiently responsive, and the Court has ample reason to believe that Grubhub is providing the requested discovery. Plaintiffs' complaint that elsewhere, Grubhub is not disclosing the identity of former employees, is concerning, but not to a degree to prompt the Court to rule differently as to Interrogatory Nos. 1 and 2. Perhaps if Plaintiffs had argued this point differently, by being more specific and setting forth more of a basis to believe that Grubhub must be holding out on Plaintiffs, the Court might have ruled differently, but that ship has sailed. Plaintiffs may well identify former employees with knowledge during discovery, and there is no reason those persons could not be deposed so long as those depositions are relevant and proportional per Rule 26(b)(1).

*Interrogatory Nos. 5-8.* These interrogatories seek specific information about the number of orders and related revenue, including incremental costs and average revenue per order. Grubhub provided the information, but Plaintiffs complain that the information is complete because it dates back only to 2019 and does not include a "pilot period" dating to 2017; Plaintiffs say that Grubhub "tested out the strategy of adding non-partnered restaurants in selected markets" during this period. (Motino to Compel at 8.) Grubhub does not cogently explain why the requested information should not go back to 2017 and largely complaints that the interrogatories contain too many subparts. The subpart objection is overruled. The Motion to Compel is granted as to these interrogatories, and the answers are to be supplemented for the time frame of 2017 through the date of suit.

*Interrogatory No. 9:* This interrogatory asks for identification of "all data systems and databases within Grubhub that maintain, store, track, or can be used to retrieve data and information relevant to the claims alleged in the First Amended Complaint filed in this action." (Second Answers at 10.) Grubhub provided the names of three databases it said

5

were responsive. Plaintiffs' issue with that response, or the complaints about its inadequacy, is not very clear. Plaintiffs say that Grubhub "has not explained what type of data (such as data fields) the databases contain." (Motion to Compel at 11.) The Court does not see how that additionally detailed information is necessary for a responsive answer to this interrogatory, as to which the Motion to Compel is denied.

*Interrogatory No. 10*: This interrogatory seeks identification of records custodians, and although Grubhub provided five custodian names (Second Answers at 9), Plaintiffs offer no reason for the Court to conclude that Grubhub failed to answer, except perhaps to say that Maloney and DeWitt are not included in that list, meaning that Grubhub must be holding back information. The Court respectfully disagrees that not including Maloney and DeWitt among the disclosed custodians is a basis to compel supplemental answers to this interrogatory, as to which the Motion to Compel is denied.

## II.      Motion To Compel Supplemental Document Production

*Request No. 1*. Grubhub's opposition to this request's demand for Grubhub's document production in another matter ("the City of Chicago litigation") claims that production is too burdensome and is not supported by authority. But the authority, or course, is plainly Rule 26(b)(1), and in the Court's view, the production is not disproportionate to the needs of the case simply because the documents are voluminous, particularly where the request seeks only that part of the production concerning the highly relevant issue of "the listing of non-partnered restaurants on the Grubhub platform." Moreover, the Court finds difficult to believe the idea that having gathered responsive discovery materials in the other litigation, Grubhub is somehow overwhelmed by having

to produce some of the same information again.  The Motion to Compel is granted as to this interrogatory.

*Request No. 4:*  Returning to the City of Chicago litigation, Grubhub wants to rely on that matter's production for this request's documents concerning Grubhub's decision to add non-partnered restaurants to the Grubhub platform, and Plaintiff complaint that this would not be enough because, again, Grubhub must be holding out on Plaintiffs because it is not committing to search the emails or other records of Maloney and DeWitt.  (Motion to Compel at 14.)  This is a closer call for the Court, because if Grubhub already has conducted a reasonable search for the responsive documents and produced them, it should not be ordered to do so again.  Yet the total reliance on the City of Chicago production, without checking the electronic records of Maloney and DeWitt, seems inadequate to the Court.  The Motion to Compel is granted to the extent that Grubhub has not searched the records of Maloney and DeWitt for responsive materials.  Moreover, Grubhub insists that its searching is not yet complete, and that is fine – being compelled to supplement the produced documents per this request ought to add little more burden to Grubhub if it is already ensuring a reasonable search, and the Court's ruling merely clarifies that such reasonableness will include a check of the Maloney and DeWitt information.

*Request No. 7:*  This disagreement is about Plaintiffs' request for more specific identification of data fields and data points, amid Grubhub's request that Plaintiffs to be more specific about "what data fields they could not understand so that Grubhub could provide definitions," Grubhub Response to Motion to Compel (D.E. 159) at 15, and amid Plaintiffs' insistence that doing so would reveal its work product.  (Reply at 10.)  The Court is resolving this disagreement by requiring the Plaintiffs to identify what data fields they

7

are asking about in Request No. 7.  To some extent, any interrogatory might reveal some of the propounding party's thinking, but here, Grubhub seeks not so much to piggyback off of Plaintiffs' attorney work but rather to clarify which of the data fields ought to be explained further.  Grubhub's request appears reasonable to the Court, and reasonably directed at ensuring Rule 26(b)(1) proportionality.  The Motion to Compel is denied without prejudice as to this request, as it is pending further Rule 37 conferral.

<strong>CONCLUSION</strong>

With the Court's discretion, the Motion to Compel is granted in part and denied in part as stated above.  The Court also will order the parties to submit a joint status report by noon on October 4, 2024, to set forth an agreed or contested schedule for compliance with this Order.

**SO ORDERED.**

ENTER:

**GABRIEL A. FUENTES**
**U.S. Magistrate Judge**

**Dated: October 1, 2024**