# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LYNN SCOTT, LLC, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GRUBHUB INC.,<br><br>Defendant. | Case No. 1:20-cv-06334<br><br>Judge LaShonda A. Hunt<br><br>Date: September 4, 2025<br>Time: 10:00 a.m. |

**DECLARATION OF ROSEMARY M. RIVAS IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, Rosemary M. Rivas, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Partner with the law firm Gibbs Mura LLP, and counsel of record for Plaintiffs in this litigation. I am an attorney at law licensed to practice in the State of California, and I am admitted to practice *pro hac vice* in this action.

2. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto. I make this declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement.

3. I discuss, in the following order: (a) our experience in complex litigation; (b) our commitment to this Action since its inception; (c) a brief summary of the motion practice and discovery taken in the case; (d) and a brief description of the Parties' settlement negotiations. Unless otherwise stated, all capitalized terms have the same meaning as set forth in the Parties' proposed Class Action Settlement Agreement, attached hereto as Exhibit 1.

**A. Proposed Class Counsel's Experience in Complex Class Litigation**

4. I, along with Gibbs Mura LLP, and Elizabeth A. Fegan of the law firm of Fegan Scott LLC, represent the Plaintiffs in this Action. Each firm has significant experience vigorously litigating class actions on behalf of plaintiffs aggrieved by corporate malfeasance. I have served as class counsel in numerous nationwide class action cases and thus have substantial experience litigating class actions and complex civil litigation. The firms' resumes showing their experience and qualifications to serve as Class Counsel are attached hereto as Exhibits 2 and 3.

5. Based on our extensive experience representing plaintiffs in complex class litigation, we recognize the costs and risks of continued prosecution of the Action. We believe that the proposed Settlement is fair, reasonable, and adequate and will provide meaningful benefits to the Settlement Class in light of the known facts and circumstances and discovery taken in the case,

including the significant risks and delays of litigation that are presented by the defenses and potential appellate issues that Defendant may assert.

**B.     Plaintiffs' Commitment to the Action Since Inception**

6.      We have been intimately involved in every aspect of this litigation since its inception and have invested substantial time and resources in this case by investigating the underlying facts, researching the applicable law, identifying the Lanham Act claims, retaining and conferring with experts, engaging in extensive discovery, vigorously opposing Grubhub's efforts to stay the case, obtain a dismissal, and strike the class action allegations, and in negotiating the Settlement.

7.      We thoroughly investigated the facts and circumstances surrounding Grubhub's decision to list non-contracted restaurants on its platform and the impact on them. We have researched numerous legal claims against Grubhub, including in-depth analysis of the Lanham Act, and Grubhub's potential defenses. We have analyzed a significant amount of data produced by Grubhub and retained experts to develop damages models, and reviewed over 90,000 pages of documents produced by Defendant.

8.      We have committed significant resources to represent the Settlement Class and will continue to do so. We have vigorously represented the interests of Plaintiffs and the Settlement Class and have taken significant discovery enabling Plaintiffs to negotiate the proposed Settlement from a position of knowledge and strength, and as advocates for the Settlement Class, which Grubhub's business records indicate includes approximately 387,000 businesses.

9.      Although Plaintiffs have vigorously litigated this matter, to prevail they would still need to seek and achieve class certification and defeat any Daubert motions; prevail on Grubhub's anticipated motion for summary judgment and attempts to decertify the class; prevail at trial and

prevail on all appeals. Accordingly, it is our opinion that the proposed Settlement is within the range of reasonableness meriting preliminary approval.

10. We have worked closely with Plaintiffs Lynn Scott, LLC; The Farmer's Wife, LLC; Thuan Luu; Old Crown, Inc.; 132 Degrees, LLC; MDR, LLC; Momobbq, Co., LLC; MF Tasty LLC; Iowa City Coffee Company; and Jack Tate d/b/a The Tin Pig, LLC, and they have all have participated in the prosecution of this case. Each Plaintiff agreed to undertake the responsibilities of serving as a class representative, and each has agreed to act in the Settlement Class Members' best interests. Plaintiffs have actively participated in this litigation by providing factual support for multiple complaints, reviewing pleadings, responding to discovery and producing documents, preparing for deposition, attending mediation, and conferring regularly with counsel and keeping appraised of the status of this litigation including settlement negotiations during the case. By associating their business name and reputation with this litigation, each plaintiff assumed significant financial risk and committed time that could otherwise have been devoted to managing their restaurant responsibilities. Their involvement even resulted in some plaintiffs being name in a related insurance dispute between Grubhub and its insurer(s).

11. Plaintiffs' efforts helped achieve the recovery for the Class. Based on our records, we estimate that Plaintiffs have collectively spent approximately 2,300 hours to advancing the claims on behalf of the Settlement Class. The Plaintiffs support the proposed Settlement.

**C.     The Parties Engaged in Extensive Motion Practice and Discovery**

12. As the Court's docket shows, the Parties engaged in extensive motion practice, in particular briefing the issue of a stay numerous times; briefing Grubhub's motion to dismiss; briefing Grubhub's motion to strike the class allegations; and briefing motions to compel discovery. They also engaged in extensive written discovery. Plaintiffs served several rounds of

written discovery, including six sets of requests for production, two sets of interrogatories (totaling 22 interrogatories), and requests for admission for a total of 141 written discovery requests. Plaintiffs sought and obtained, among other things, data relating to consumer confusion and financial data relevant to their prayer for disgorgement of profits. The Parties met and conferred extensively regarding Plaintiffs' discovery requests and Grubhub's responses thereto. The Parties resolved some issues on their own but on other issues, Plaintiffs filed four motions to compel before Magistrate Judge Fuentes.

13. Plaintiffs reviewed more than 90,000 pages of documents produced by Grubhub such as internal communications about the decision to list non-contracted restaurants on the Grubhub platform involving Grubhub employees and about the Place & Pay program; marketing and financial presentations; records of consumer complaints; operational and financial data; and other relevant evidence. This discovery informed the Parties' settlement negotiations. Plaintiffs also deposed Grubhub employee Mary Rappa, a marketing manager at Grubhub, and Plaintiffs were in the process of preparing for the deposition of Grubhub's 30b6 witnesses when they reached the Settlement.

14. For their part, Plaintiffs produced over 1,000 documents to Grubhub and prepared to sit for deposition. Each plaintiff also provided written responses to Defendant's First Set of Requests for Production, First Set of Interrogatories, and First Set of Requests for Admission. Plaintiff MF Tasty LLC was served with a Second Set of Requests for Production and a Second Set of Requests for Admission, and Plaintiff Iowa City Coffee Company was served with a Second Set of Requests for Admission. In all, Plaintiffs collectively responded to 658 written discovery requests.

D.      **The Parties' Settlement Negotiations**

15.     Recognizing the risks and expense of continued litigation, the Parties engaged in settlement discussions over the course of a year. Our first attempt at settlement involved engaging in private mediation on May 22, 2024 before experienced mediator Hunter Hughes, Esq. to facilitate and oversee the settlement negotiations. In preparation for the private mediation before Mr. Hughes, the Parties prepared detailed mediation briefs. The private mediation did not end in resolution, so the Parties continued with the litigation.

16.     After the Court denied in part Grubhub's motion to dismiss and ordered Grubhub to respond to the complaint, and after the Parties completed their briefing on Grubhub's motion to strike the class allegations, the Parties participated in an all-day, in person session settlement conference on February 5, 2025 before Magistrate Judge Fuentes. In advance of the settlement conference, the Parties exchanged detailed settlement statements regarding the strengths and weaknesses of the claims and defenses. While no resolution was reached that day, negotiations continued.

17.     The Parties participated in a second settlement conference before Magistrate Judge Fuentes on May 22, 2025. At that session, the Parties reached a resolution on the material terms of settlement. The Parties subsequently memorialized the terms of their settlement in the Settlement Agreement, attached hereto as Exhibit 1. The Parties did not discuss the issue of attorneys' fees or the amount of the service awards until after they reached the Settlement's material terms regarding the benefits for the proposed Settlement Class. The proposed Settlement is the result of extensive arm's-length negotiations between the Parties.

18. Although Defendant will provide the Settlement Administrator with sufficient information to identify the Settlement Class, including names and contact information (physical addresses, phone numbers, and email addresses) within Defendant's possession, Plaintiffs propose distributing the Net Settlement Fund through a simple claims process since Grubhub's records likely do not have recent contact information for the entire Settlement Class and some businesses may have closed.

19. The non-reversionary cash payment of $7,154,586 that Grubhub is obligated to pay pursuant to the Settlement Agreement is roughly 14-24% of Plaintiffs' estimated range of recovery as calculated by our expert based on the financial data we obtained from Grubhub during course of formal discovery. If the case proceeded, Grubhub would have the opportunity to dispute Plaintiffs' estimated range of recovery and the propriety of disgorgement of profits.

20. We plan on filing a motion for an award of fees up to 33.3% of the Settlement Fund (or $2,382,477), which is substantially less than the lodestar that Plaintiffs' Counsel have incurred in the case. We will also seek reimbursement of the reasonable litigation expenses incurred in the prosecution of the Action, which we do not anticipate will exceed $150,000.00 and was spent on experts and other case costs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 26th day of August 2025 in San Francisco, California.

                                          /s/ *Rosemary M. Rivas*
                                          ROSEMARY M. RIVAS

## CERTIFICATE OF SERVICE

      I, Elizabeth A. Fegan, an attorney, affirm that the foregoing was filed on August 26, 2025, on ECF, which automatically served all counsel of record.

Dated: August 26, 2025　　　　　　　　　　/s/ *Elizabeth A. Fegan*

                                                         Elizabeth A. Fegan
                                                         **Fegan Scott LLC**
                                                         150 S. Wacker Dr.
                                                         24th Floor
                                                         Chicago, IL 60606
                                                         Telephone: (312) 741-1019
                                                         Facsimile: (312) 264-0100
                                                         beth@feganscott.com