# EXHIBIT 1

## CLASS ACTION SETTLEMENT AGREEMENT

Plaintiffs and Class Representatives Lynn Scott, LLC; The Farmer's Wife, LLC; Thuan Luu; Old Crown, Inc.; 132 Degrees, LLC; MDR, LLC; Momobbq, Co., LLC; MF Tasty LLC; Iowa City Coffee Company; and Jack Tate d/b/a The Tin Pig, LLC ("Plaintiffs"), and Defendant Grubhub Inc. (collectively, the "Parties" and individually, a "Party"), hereby enter into this Class Action Settlement Agreement ("Agreement"), subject to the approval of the Court, which provides for the settlement and final resolution of the Action defined below.

## I. RECITALS

WHEREAS, Plaintiffs filed a proposed class action lawsuit against the Defendant in the United States District Court for the Northern District of Illinois, Eastern Division, captioned *Lynn Scott, LLC, et al. v. Grubhub Inc.*, Case No. 1:20-CV-06334-LAH-GAF (N.D. Ill.) (the "Action");

WHEREAS, the Action is comprised of the following consolidated lawsuits: *Lynn Scott, LLC, et al. v. Grubhub Inc.*, Case No. 1:20-CV-06334-LAH-GAF (N.D. Ill.), and *Jack Tate d/b/a The Tin Pig v. Grubhub, Inc.*, Case No. 1:23-cv-15865-LAH-HKM (N.D. Ill.);

WHEREAS, on September 24, 2024, the Plaintiffs filed the Consolidated Amended Complaint, (ECF No. 171), and the Court consolidated *Lynn Scott* and *Tate* for all purposes on September 25, 2024, (ECF No. 172);

WHEREAS, the Plaintiffs in the consolidated action and their counsel have worked together cooperatively to prosecute the Action on their own behalf and on behalf of proposed class members;

WHEREAS, the nature of the Action is detailed in the Consolidated Amended Complaint, (ECF No. 171), which alleges, among other things, that Grubhub violated the Lanham Act, 15 U.S.C. § 1125(a)(1) and § 1114(1), by adding restaurants—including Plaintiffs' restaurants—to its food ordering and delivery platform without permission thereby causing damage to the restaurants;

WHEREAS, Defendant denies that it violated the Lanham Act, denies the substantive allegations in the Consolidated Amended Complaint, denies that Plaintiffs' claims are meritorious, denies that the Plaintiffs, or anyone else, was damaged as a result of Defendant's conduct, and denies that it is liable to Plaintiffs or any member of the proposed class for any of the matters asserted in the Action;

WHEREAS, prior to reaching this Agreement, the Parties exchanged discovery and engaged in extensive motion practice;

1

WHEREAS, the Parties engaged the services of a professional mediator and attended a private mediation session in San Diego, California on May 22, 2024, although the Parties were unable to resolve the Action with the mediator's assistance during that session;

WHEREAS, the Parties subsequently engaged the assistance of the assigned Magistrate Judge in the Northern District of Illinois to mediate and oversee the settlement negotiations in this Action. The Parties exchanged detailed settlement statements and attended a settlement conference with the Magistrate on February 5, 2025. While the Action was not resolved at that session, settlement efforts and discussions continued thereafter;

WHEREAS, the Parties held another settlement conference with the assigned Magistrate Judge on May 22, 2025, at which time the Parties reached an agreement to resolve the Action. The Parties' negotiations have, at all times, been at arm's length, and the Parties have memorialized the terms of their settlement in this Agreement, including the attached exhibits;

WHEREAS, Plaintiffs, by and through Class Counsel as defined below, have (a) made a thorough investigation of the facts and circumstances surrounding the allegations in the Action; and (b) investigated the claims asserted in the Action by, among other things: (i) researching the law applicable to the claims asserted in the Action, including the defenses that would likely be asserted; (ii) speaking with Plaintiffs and proposed class members about their experiences and collecting and reviewing their documents; (iii) researching, reviewing, and analyzing publicly available data regarding the industry; (iv) reviewing and analyzing over 90,000 pages of documents produced by Defendant; (v) preparing for depositions and taking one deposition; (vi) reviewing and analyzing profit, order, and sales data produced by Defendant; (vii) working with experts and formulating damage models and consumer surveys; and (viii) briefing and responding to various motions throughout the litigation, including Defendant's motion to dismiss and motion to strike the class allegations.

WHEREAS, Class Counsel are experienced in this type of litigation, recognize the costs and risk of continued prosecution of the Action, and believe that it is in Plaintiffs' and all Settlement Class Members' interest to resolve this Action as set forth herein;

WHEREAS, Defendant has concluded that, while it denies all liability, it believes settlement is desirable to resolve, finally and completely, all pending and potential claims of Plaintiffs and all Settlement Class Members relating to the allegations at issue;

WHEREAS, the Parties believe that this Agreement offers significant benefits to Settlement Class Members and is fair, reasonable, adequate, and in the best interest of the Settlement Class; and

WHEREAS, by executing this Agreement, the Parties intend to settle and dispose of, fully and completely, both individually and on a class-wide basis, all claims, demands, and causes of action alleged or that could have been alleged in the Action, as more fully set forth in this Agreement.

NOW, THEREFORE, it is hereby stipulated and agreed, by and between the Parties, as follows:

## II. <u>DEFINITIONS</u>

As used throughout this Agreement, the following words and terms shall have the meanings set forth below. Where appropriate, terms used in the singular shall be deemed to include the plural and vice versa.

1. "**Action**" means *Lynn Scott, LLC, et al. v. Grubhub Inc.*, Case No. 1:20-CV-06334-LAH-GAF, which is pending in the United States District Court for the Northern District of Illinois, Eastern Division, including all of the cases consolidated therein.

2. "**Administrative Account**" means the account established for purposes of paying administration costs and distributing the Settlement Amount in accordance with the Settlement.

3. "**Agreement**" means this Settlement Agreement, including, without limitation, all of the attached exhibits.

4. "**Claim Form**" means the form attached as <u>Exhibit A</u>, which Settlement Class Members can access on the Settlement Website and which can be completed in hardcopy form or electronically on the Settlement Website.

5. "**Class Notice**" refers to the summary notice that will be sent via First Class U.S. mail and email to Settlement Class Members, and the Long Form Notice that will be posted on the Settlement Website, which shall be substantially in the forms attached hereto as <u>Exhibit B</u> and <u>Exhibit C, respectively</u>.

6. "**Class Counsel**" refers to Rosemary M. Rivas of the law firm of Gibbs Mura LLP (rmr@classlawgroup.com) and Elizabeth A. Fegan of the law firm of Fegan Scott LLC (beth@feganscott.com).

7. "**Court**" refers to the court presiding over this Action, the United States District Court for the Northern District of Illinois, Eastern Division.

8. "**Cy Pres Recipient**" means the charitable organization(s) jointly selected by Defendant and Class Counsel, and as approved by the Court, to receive any funds remaining from the Net Settlement Fund after the payment of all Valid Claim Forms pursuant to the Plan of Allocation.

9. "**Defendant**" means and refers to Grubhub Inc., including Grubhub's affiliated brands and any of Grubhub's websites or mobile applications that allow for the placement of food orders from restaurants.

10. "**Effective Date**" means the earliest date on which all of the events and conditions specified in Section XIV herein have occurred or have been met.

11. "**Defendant's Counsel**" means Isaac J. Colunga (icolunga@taftlaw.com) and Sophie E. Honeyman (shoneyman@taftlaw.com) of Taft Stettinius & Hollister LLP.

12. "**Final Approval Hearing**" means the hearing at which the Court evaluates whether to grant final approval of the Settlement.

13. "**Final Approval Order**" means the Court order entered under Federal Rule of Civil Procedure 23(e)(2) approving this Agreement and the Parties' Settlement, certifying the Settlement Class under Rule 23(a) and (b)(3), and appointing Class Counsel under Rule 23(g).

14. "**Grubhub Platform**" means the Grubhub website or mobile application that allow for the placement of food orders from restaurants and Grubhub's affiliated brands: AllMenus, Eat24, Seamless, Tapingo, LevelUp, OrderUp, MenuPages and BiteGrabber.

15. "**Grubhub Released Parties**" means Defendant and its officers, directors, legal representatives, successors, subsidiaries, and assigns, including its affiliated brands AllMenus, Eat24, Seamless, Tapingo, LevelUp, OrderUp, MenuPages, and BiteGrabber, and Starr Indemnity & Liability Company, Starr Adjustment Services, Inc., Sedgwick Claims Management Services, and American Guarantee & Liability Insurance Company.

16. "**Lead Class Counsel**" refers to Rosemary M. Rivas of Gibbs Mura LLP.

17. "**Net Settlement Fund**" means the Settlement Amount less all of the following: (i) the reasonable costs incurred for the administration of the settlement, including dissemination of Class Notice and evaluating and processing claims; (ii) the costs of preparing and sending notices to all Attorneys General pursuant to the Class Action Fairness Act; (iii) Class Counsel's attorneys' fees as approved by the Court; (iv) reimbursement of Class Counsel's litigation expenses as approved by the Court; (v) the service award payments to the Class Representatives as approved by the Court; and (vi) any federal or state tax owed, if any, on any income earned by the Settlement Amount after it is deposited into the Administrative Account.

18. "**Notice Date**" means the date the Settlement Administrator begins to issue the Class Notice. The Settlement Administrator shall complete the process of issuing Class Notice by U.S. mail and email within 30 days after the Notice Date ("**Notice Period**").

19. "**Plaintiffs**" and "**Class Representatives**" mean Lynn Scott, LLC; The Farmer's Wife, LLC; Thuan Luu; Old Crown, Inc.; 132 Degrees, LLC; MDR, LLC; Momobbq, Co., LLC; MF Tasty LLC; Iowa City Coffee Company; and Jack Tate d/b/a The Tin Pig, LLC.

20. "**Plaintiffs' Counsel**" means Class Counsel as defined above, and any other law firms that participated in this Action with the approval of Class Counsel.

21. "**Plan of Allocation**" means the allocation of the Net Settlement Fund to the Settlement Class. The Plan of Allocation is attached as <u>Exhibit D</u> and is subject to the Court's approval.

22. "**Preliminary Approval Order**" means the order that the Court enters under Federal Rule of Civil Procedure 23(e)(1), directing Class Notice to all members of the Settlement Class based on the Parties' showing that the Court will likely be able to (i) approve the proposal under Rule 23(e)(2); and (ii) certify the Settlement Class for purposes of judgment on the proposal.

23. "**Released Claims**" means all known and unknown claims to the fullest extent permitted by law against the Grubhub Released Parties relating to any alleged claims of Grubhub adding restaurants to the Grubhub Platform without permission, as alleged in the Action. This Release includes equitable, injunctive, and monetary claims within the scope of the Settlement Class definition.

24. "**Settlement**" means the resolution of this Action as provided for and effectuated by this Agreement.

25. "**Settlement Administrator**" means the third-party notice and administration provider agreed upon by the Parties and approved by the Court. The Parties agree that Epiq Class Action & Claims Solutions, Inc. ("Epiq") shall be retained to implement the claims and settlement requirements of this Agreement. Class Counsel and Defendant may, by agreement, substitute a different Settlement Administrator, subject to

26. "**Settlement Amount**" means seven million one hundred fifty-four thousand five hundred eighty-six U.S. dollars and zero cents ($7,154,586.00).

27. "**Settlement Class**" means all businesses whose names or logos were used on Grubhub or any other part of the Grubhub Platform, including AllMenus, Eat24, Seamless, Tapingo, LevelUp, OrderUp, BiteGrabber, and MenuPages, from January 1, 2019 through April 30, 2024 without a contract with Grubhub. Excluded from this Settlement Class are: corporate officers, members of the board of directors, and senior management of Defendant; any and all judges, justices, and chambers' staff assigned to hear or adjudicate any aspect of this litigation; any members of the Settlement Class that opt out prior to the opt-out deadline; any entity in which Defendant has a controlling

interest, and their legal representatives, officers, directors, employees, assigns and successors; and Class Counsel and all counsel of record in the Action.

28.    "**Settlement Class Member**" refers to any entity that falls within the definition of the Settlement Class and that does not validly request exclusion  from the Settlement Class pursuant to the procedures set forth in the Preliminary Approval Order.

29.    "**Settlement Fund**" means the non-reversionary cash fund of $7,154,586.00 deposited into the Administrative Account managed and handled by the Settlement Administrator, as detailed in Section V below, and from which the costs of Class Notice and CAFA Notice, the costs of the Settlement Administrator and those associated with evaluating and processing claims, Administrative Expenses, any Fee & Expense Award, as well as any Service Awards, if any, are first paid, with the remaining balance to be paid to Settlement Class Members who submit Valid Claims Forms allocated consistently with the Plan of Allocation, subject to Court approval.

30.    "**Valid Claim Form(s)**" means a Claim Form submitted by a Settlement Class Member that is determined to be valid and not fraudulent by the Settlement Administrator and: (i) is accurately, fully, and truthfully completed with all of the information requested in the Claim Form by a Settlement Class Member; (ii) is signed physically or by e-signature by a Settlement Class Member or person with authority to sign for and bind a Settlement Class Member; and (iii) is returned via mail and postmarked by the claim deadline or received by mail or online submission by midnight of the claim deadline Central Standard Time.

## III.    CERTIFICATION OF SETTLEMENT CLASS

1.    As part of the settlement approval process contemplated in Federal Rule of Civil Procedure 23(e), the Parties shall cooperate to seek certification of the Settlement Class under Federal Rule of Civil Procedure 23(a) and (b)(3), including the appointment of Class Counsel under Federal Rule of Civil Procedure 23(g).

2.    In entering into this Agreement, and in cooperating to seek certification, Defendant does not concede that if the litigation had proceeded certification of a class would have been appropriate in this Action.

3.    In the event the Court does not enter a Final Approval Order (or if a Final Approval Order is reversed on appeal), Plaintiffs and Class Counsel will be precluded from using the provisions of this Section or the Court's certification of the Settlement Class to seek certification or to argue or suggest that a litigation class should be certified.

IV. **APPOINTMENT OF SETTLEMENT ADMINISTRATOR AND SETTLEMENT ADMINISTRATOR DUTIES**

1.     Court Approval. As part of the settlement approval process contemplated in Federal Rule of Civil Procedure 23(e), the Parties shall request that the Court appoint the Settlement Administrator.

2.     Agreement Required. The Settlement Administrator will be required to agree to all of the terms and conditions of this Agreement relating to the administration of the Settlement.

3.     Settlement Administration. The Settlement Administrator will be responsible for administering the Settlement, which will include, among other tasks:

   a.   Maintaining reasonably detailed records of its activities under this Settlement as are required by applicable law in accordance with its normal business practices, and such records will be made available to Class Counsel, Defendant's Counsel, the Parties, and their representatives promptly upon request;

   b.   Providing reports and other information to the Court as the Court may require, including, should the Court request or should it be reasonably advisable to do so, a timely report to the Court summarizing the work performed by the Settlement Administrator;

   c.   Administering and overseeing the Settlement Fund which includes overseeing the claim appeal process as contained in the Plan of Allocation;

   d.   Providing Notice to Settlement Class Members in accordance with the Notice Plan, as approved by the Court;

   e.   Establishing and maintaining the Settlement Website which shall, at a minimum, contain important dates and deadlines, frequently asked questions and answers, important pleadings, Claim Forms, the Class Notice, and shall permit Settlement Class Members to file their claims electronically.

   f.   Establishing and maintaining a toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries;

   g.   Responding to any telephonic, mailed, or emailed Settlement Class Member inquiries;

   h.   Forwarding to Defendant's Counsel and Class Counsel, upon request, copies of all documents and other materials relating to the administration of the Settlement, including Claim Forms and all supporting or related documents;

    i.    Receiving requests from Class Members to exclude themselves from the Settlement Class and providing Class Counsel and Defendant's Counsel a copy thereof within seven days of receipt. If the Settlement Administrator receives any requests for exclusion after the Exclusion Deadline, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel;

    j.    Providing weekly reports and summaries beginning 14 days after the Notice Date to Class Counsel and Defendant's Counsel, including, without limitation, reports regarding the number of Claim Forms received and the identity of the Settlement Class Members;

    k.    Employing reasonable procedures to screen Claims Forms for waste, fraud, and abuse and to reject a Claim Form, or any part of a claim for a payment reflected therein, where the Settlement Administrator determines that there is evidence of fraud. The Settlement Administrator will review each Claim Form based upon the initial submission by a Settlement Class Member and ensure that each is complete, properly substantiated and, based on the substantiation, determine the appropriate benefit to be paid, if any, in accordance with the terms of this Agreement.

    l.    Issuing Claim payments to Settlement Class Members, including by electronic means. All checks issued to Settlement Class Members pursuant to this Settlement, including electronic forms of payment, ("Settlement Check") shall bear in the legend that they expire if not negotiated within ninety (90) days of their date of issue. If a check is not cashed within sixty (60) days after the date of issue, the Settlement Administer is authorized to send by mail (and if available, an email) and/or place a telephone call to that Settlement Class Member reminding him/her of the deadline to cash such check. To the extent that a Settlement Check is not cashed within ninety (90) days after the date of issue, the check will be void;

    m.    Considering claims submitted with a Claim Form and received by the Settlement Administrator or postmarked by the claims deadline. The claims deadline shall be clearly set forth in the Class Notice, the Settlement Website, and on the Claim Form. Settlement Class Members who fail to submit a Claim Form by the claims deadline shall not be eligible for a payment;

    n.    Making the Claim Forms available on the Settlement Website. The Claim Forms will be mailed to Settlement Class Members upon request by calling or writing to the Settlement Administrator. Settlement Class Members may submit their completed and signed Claim Forms to the Settlement Administrator by such means as proscribed by the Notice on or before the claims deadline;

o.  Processing and transmitting Settlement payments to Settlement Class Members and, if necessary, process and transmit any residual unpaid funds to the Cy Pres Recipient upon Court approval;

p.  In advance of the Final Approval Hearing, preparing an affidavit to submit to the Court that: (i) details its implementation of the Notice Plan in accordance with the Preliminary Approval Order, including the number of Notices delivered; and (ii) identifies all Requests for Exclusion and/or objections. Such declaration shall be provided to Defendant's Counsel and Class Counsel for filing with the Court no later than fourteen (14) days prior to the deadline for filing of the motion for final approval;

q.  Preparing and serving notices of the Settlement on state and federal regulatory authorities as required by Section 3 of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715; and

r.  Performing any other function related to Settlement administration at the agreed-upon instruction of Class Counsel or Defendant's Counsel, including, but not limited to, verifying that Settlement payments have been distributed.

4.  <u>No Fees.</u> The Settlement Administrator shall not impose, receive, or retain any additional fees, rebates, or compensation based on the payment method selected by a Settlement Class Member, and no payment option shall result in a reduction of the amount distributed to the Settlement Class Member.

5.  <u>Limitation of Liability.</u> The Parties, Class Counsel, Plaintiffs' Counsel, and Defendant's Counsel shall not have any liability whatsoever with respect to (i) any act, omission, or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses.

6.  <u>Indemnification.</u> The Settlement Administrator shall indemnify and hold harmless the Parties, Class Counsel, Plaintiffs' Counsel, and Defendant's Counsel for (i) any act, omission, or determination of the Settlement Administrator, or any of the Settlement Administrator's designees or agents, in connection with the Notice Plan and the administration of the Settlement; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses.

7. <u>Privacy.</u> The Settlement Administrator shall take reasonable measures to the extent permitted by law to assert and to protect the privacy rights of Settlement Class, including by maintaining the confidentiality and security of and preventing the unauthorized access or acquisition of any financial or personal information submitted in connection with any claim for benefits pursuant to this Settlement Agreement. In the event of any unauthorized access to or acquisition of personal information related to any member of the Settlement Class as a direct result of the intentional or negligent acts or omissions of the Settlement Administrator, the Settlement Administrator shall be responsible for complying with any privacy, data security, or breach notification obligations under state or federal law, and will be solely responsible for directly providing notice to state agencies, affected members of the Settlement Class, and/or other persons or entities.

8. <u>Discretion of Settlement Administrator.</u> The Settlement Administrator shall have the discretion to carry out the intent of the Settlement Agreement, subject to the terms of the escrow agreement described in Section V and applicable Orders of the Court.

## V. **SETTLEMENT CONSIDERATION**

1. <u>Establishment of Settlement Fund.</u> Within ten (10) days of an order from the Court certifying the Settlement Class and preliminarily approving the Settlement, Class Counsel shall provide Defendant with the appropriate W-9s to pay the Settlement Amount. Within thirty-five (35) days of an order from the Court certifying the Settlement Class and preliminarily approving the Settlement, Defendant shall pay the Settlement Amount via checks for deposit into the Administrative Account which shall be established by the Settlement Administrator.

2. <u>Non-Reversionary.</u> The Settlement Amount is non-reversionary. As of the Effective Date, all rights of the Defendant and the Grubhub Released Parties in or to the Settlement Fund shall be extinguished, except in the event this Settlement is terminated pursuant to the terms of this Agreement.

3. <u>Qualified Settlement Fund.</u> The Parties agree that the Settlement Fund is intended to be maintained as a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1 at all times since the creation of the Administrative Account. The Settlement Administrator shall be the "administrator" within the meaning of Treasury Regulation § 1.468B-2(k)(3) and shall be responsible for filing tax returns, including fulfilling any other tax reporting obligations for or with respect to the Settlement Fund, and paying from the Settlement Fund any taxes and tax-related expenses owed with respect to the Settlement Fund. Any and all funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation. Funds may be placed in a non-interest bearing account as may be reasonably necessary during the check clearing process. The Settlement Administrator shall provide a detailed accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

4.     <u>Custody of Settlement Fund.</u> The Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Agreement or the balance is returned to Defendant in the event this Settlement is terminated in accordance with this Agreement.

5.     <u>Use of the Settlement Fund.</u> As further described in this Agreement, the Settlement Fund shall be used by the Settlement Administrator to pay for the following: (i) all costs of sending the Class Notice to the Settlement Class and all settlement administration; (ii) the costs of preparing and sending notices to all Attorneys General pursuant to the Class Action Fairness Act; (iii) Administrative Expenses;  (iv) service award payments as approved by the Court; (v) any Fee & Expense Award;  (vi) Settlement payments to Settlement Class Members who submit Valid Claim Forms; and (vii) any payments to the Cy Pres Recipients as approved by the Court. No amounts may be withdrawn from the Settlement Fund unless expressly authorized by this Agreement or approved by the Court.

6.     <u>Taxes and Representations.</u> Taxes and tax-related expenses relating to the Settlement Fund, if any, shall be considered Administrative Expenses and shall be timely paid by the Settlement Administrator out of the Settlement Fund without prior order of the Court. Further, the Settlement Administrator shall indemnify and hold harmless the Parties and their counsel for taxes and tax-related expenses (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Class Representative or any Settlement Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Each Class Representative, participating Settlement Class Member, and Cy Pres Recipient shall be solely responsible for the federal, state, local, and other tax consequences to him, her, or it related to the receipt of funds from the Settlement Fund pursuant to this Agreement. The Settlement Fund shall constitute a qualified settlement fund within the meaning of Treasury Regulation §§ 1.468B-1 through 1.468B-5 and 26 C.F.R. §§ 1.468B-1 through 1.468B-5 (1992), and the Parties shall treat the Settlement Fund consistently therewith for all reporting purposes under the United States federal tax laws. For the purpose of section 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the Settlement Administrator shall be the "escrow agent." As the escrow agent, the Settlement Administrator shall timely and properly file all required federal and state informational and other tax and informational returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulations § 1.468B-2(k)). Such returns shall be consistent with this Section of the Agreement and in all events shall reflect that all taxes (including any interest or penalties) on the income earned by the Settlement Fund shall be paid out of the income earned by the Settlement Fund. Taxes and tax expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and paid without prior order from the Court. The Settlement Administrator shall be obligated (notwithstanding anything herein to the contrary) to withhold from the income earned by the Settlement Fund any funds necessary to  pay such taxes, including the establishment of adequate reserves for any taxes and tax-

related expenses (as well as any amounts that may be required to be withheld under Treasury Regulations § 1.468B2(1)(2)). The Settlement Administrator shall maintain accurate records of all expenditures made pursuant to this paragraph, and shall provide the records upon request to Class Counsel and Defendant's Counsel. None of the Parties, or any of their respective counsel, shall have any responsibility for the payment of taxes described in this Section (other than, in the case of each Class Representative and Settlement Class Member, the payment of federal, state, local and other tax consequences to him, her or it due to the receipt of funds from the Settlement Fund pursuant to this Agreement). The Parties agree to cooperate with the Settlement Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Section. The Parties further agree that the costs of claims administration will be excluded from the Settlement Fund for tax purposes.

7.    Injunctive Relief. As part of this Agreement, Defendant acknowledges that it is subject to a permanent injunction entered, as part of a settlement, in *Federal Trade Commission et al. v. Grubhub Inc. et al.*, No. 24-cv-12923 (N.D. Ill., Dec. 31, 2024) (the "FTC Settlement"). That injunction permanently enjoins Grubhub from (a) advertising, marketing, offering for sale, or selling (i) any perishable good from any unaffiliated vendor or (ii) any good or service from any unaffiliated vendor that is a restaurant, including by listing landing pages, menus, and any other content from the unaffiliated vendor, and (b) misrepresenting, expressly or by implication, that Defendant's delivery services share a sponsorship, endorsement, approval, status, affiliation, or connection with unaffiliated vendors. The injunctive relief set forth in the FTC Settlement is materially similar to the relief sought by Plaintiffs in this Action. As part of this Agreement, Defendant expressly agrees to comply with the obligations imposed by the FTC Settlement.

## VI.    PAYMENTS TO SETTLEMENT CLASS MEMBERS

1.    Monetary Relief. Settlement Class Members shall be eligible to receive monetary relief from the Settlement Fund by submitting a Valid Claim Form. Each Claim Form shall provide the opportunity for a Settlement Class Member to receive a Settlement payment consistent with the Plan of Allocation as approved by the Court.

2.    Claims Process. Each Settlement Class Member shall be entitled to submit a Claim Form that will, if valid, entitle the Settlement Class Member to receive a Settlement payment consistent with the Plan of Allocation as approved by the Court. The period for submitting such claims shall commence upon the Notice Date and continue until the deadline set forth in the Preliminary Approval Order, which shall be no less than sixty (60) days after the conclusion of the Notice Period. The Settlement Administrator shall, subject to the supervision of the Court, administer the relief provided by this Settlement by processing Claim Forms in a rational, responsive, cost effective, and timely manner. All available monies in the Net Settlement Fund will be paid out to Settlement Class Members or, to the extent there are any residual unpaid funds that cannot be distributed in an administratively feasible way, paid on the Settlement Class's behalf to the Cy Pres Recipient.

3. <u>Claim Review.</u> The Settlement Administrator is authorized to review the information submitted in connection with each Claim Form and to investigate, evaluate, and make a determination as to the validity of the claim based on the information submitted and any other materials determined to be relevant and obtained during the claim evaluation process. The Settlement Administrator may contact the Settlement Class Member to obtain more information, to verify certain facts or to seek answers to questions, or to obtain more documentation concerning or relating to each Claim.

4. <u>Plan of Allocation.</u> All proposed Settlement payments shall be made from the Net Settlement Fund and shall be calculated consistent with the Plan of Allocation as approved by the Court, attached as <u>Exhibit D</u>. Defendant agrees to provide Plaintiffs with the necessary information to facilitate the preparation, development, and execution of the Plan of Allocation. The Plan of Allocation shall include a provision for distribution of the Settlement Fund according to the following preferential order:

   a. Payment of all expenses incurred by the Settlement Administrator for the Notice Plan and settlement administration;
   b. Payment of Administrative Expenses associated with the Settlement Fund;
   c. Payment of any Fee & Expense Award plus any interest or income earned on the Fee & Expense Award portion of the Settlement Fund and Service Awards within 10 business days of the Effective Date;
   d. Payment of the remaining Net Settlement Fund to Settlement Class Members in accordance with the Final Approval Order or any subsequent order of the Court within a reasonable time after the Effective Date; and
   e. Payment of any residue of the Settlement Fund as set forth in this Agreement, subject to a reduction for any associated settlement administrative costs and Administrative Expenses.

5. <u>Returned Checks.</u> For any Settlement check returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address provided), the Settlement Administrator shall make reasonable efforts to locate a valid address and resend the Settlement payment within thirty (30) days after the Settlement Check is returned to the Settlement Administrator as undeliverable. In attempting to locate a valid address, the Settlement Administrator is authorized to send a request by mail, email, or phone call to that Settlement Class Member to obtain updated address information. Any replacement Settlement Checks issued, including electronic forms of payment, shall remain valid and negotiable for sixty (60) days from the date of issuance and may thereafter automatically be canceled if not cashed by the Settlement Class Members within that time.

6. <u>Residue of Settlement Fund.</u> No portion of the Settlement Fund shall revert or be repaid to Defendant after the Effective Date. All funds shall be distributed pursuant to the Plan of Allocation.

## VII.    NOTICE TO THE SETTLEMENT CLASS

1.    CAFA Notice. Within ten (10) days after the Settlement Agreement is filed with the Court, the Settlement Administrator shall serve notices of the Settlement on state and federal regulatory authorities as required by Section 3 of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA Notices"). The Settlement Administrator shall simultaneously serve copies of the CAFA Notices on Class Counsel and Defendant's Counsel. In the event that a state or federal official raises concerns about the Settlement, the Parties and their counsel agree to work together in good faith to resolve those concerns.

2.    Defendant's Cooperation. Within ten (10) days after Preliminary Approval by the Court, Defendant shall provide the Settlement Administrator with sufficient information to identify Settlement Class Members and provide Class Notice thereto, including names and contact information (physical addresses, phone numbers, and email addresses) within Defendant's possession and control.

3.    Notice Plan. Upon entry of Preliminary Approval by the Court, the Settlement Administrator shall implement the Notice Plan, using the forms of Class Notice approved by the Court in the Preliminary Approval Order. The Class Notice shall include, among other information: (i) a description of the material terms of this Settlement; (ii) a reasonable date by which Settlement Class Members may object to this Settlement; (iii) a reasonable date by which members of the Settlement Class may exclude themselves from this Settlement; (iv) the date upon which the Final Approval Hearing shall occur; and (v) the address of the Settlement Website at which Settlement Class Members may access information regarding the Settlement and file claims. Under Class Counsel's supervision, the Settlement Administrator shall design and develop a Notice Plan that is reasonably practicable under the circumstances, complies with due process and the requirements of Federal Rule of Civil Procedure 23, and complies with the directions and guidance from the Court. At a minimum, the Notice Plan shall include direct mail and email notice to members of the Settlement Class whose contact information is reasonably available, reminder notices as necessary, a digital ad campaign designed to maximize participation in the Settlement, and a user-friendly settlement website.

## VIII.    REQUESTS FOR EXCLUSION

1.    The provisions of this Section shall apply to any request for exclusion from the Settlement Class by any entity that falls within the defined Settlement Class. Failure to comply with the requirements in this Section and to timely submit a request for exclusion in accordance with the Preliminary Approval Order will result in the entity being bound by the terms of the Settlement Agreement.

2.    Request for Exclusion. Any entity that falls within the defined Settlement Class may request exclusion by submitting such a request in writing as set forth in the Class Notice and Preliminary Approval Order. Any request for exclusion must be submitted no later than the date specified in the Preliminary Approval Order, which date shall be no earlier than sixty (60) days after the conclusion of the Notice Period. Any request for

14

exclusion shall (i) state for each entity requesting exclusion, the entity's full name, physical address, email address, and phone number, (ii) the name of the Action (*Lynn Scott, LLC, et al. v. Grubhub Inc.*, Case No. 1:20-CV-06334-LAH-GAF (N.D. Ill.)), (iii) a specific statement of the entity's intent to be excluded from the Settlement, (iv) the identity of the entity's counsel, if represented, and (v) the printed name and signature of the entity's authorized representative and the date on which the request was signed. Failure to provide each required element may result in rejection of a request for exclusion. So-called "mass" or "class" opt-outs shall not be allowed.

3. <u>Waiver.</u> Any entity that submits a timely request for exclusion may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under this Agreement.

4. The Parties shall have the right to challenge the timeliness and validity of any request for exclusion. The Court shall determine whether any contested request for exclusion is valid.

## IX. <u>PROCEDURE FOR OBJECTIONS</u>

1. Any Settlement Class Members who do not exclude themselves and wish to comment on or object to the Settlement, the award of fees and expenses, and request for service awards as requested by Class Counsel must do so in accordance with the terms of this Section and the Preliminary Approval Order.

2. <u>Waiver.</u> Settlement Class Members who fail to submit written objections that are both timely and in full compliance with the requirements of this Section and the Preliminary Approval Order will be deemed to have waived their objections to the Settlement and will be foreclosed and barred forever from making any objection (whether by appeal or otherwise) to the Settlement.

3. <u>Objection Letter.</u> The Settlement Class Member wishing to comment or object to the Settlement must submit a letter in accordance with the Preliminary Approval Order, including by the date specified therein, which shall not be earlier than sixty (60) days after the conclusion of the Notice Period. The letter must contain the following:

    a. The name and case number of this lawsuit, *Lynn Scott, LLC, et al. v. Grubhub Inc.*, Case No. 1:20-CV-06334-LAH-GAF (N.D. Ill.);

    b. The Settlement Class Member's business name, physical address, email address and phone number;

    c. The full name of the individual submitting the comment or objection on behalf of the Settlement Class Member and, if the Settlement Class Member is not a natural person, a description of the individual's authority to act on behalf of the Settlement Class Member;

     d.   The Settlement Class Member must state whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class;

     e.   All reasons for the objection or comment and sufficient proof establishing that he or she is the proprietor of the Settlement Class Member;

     f.   A statement identifying all class action settlements the proprietor of the Settlement Class Member or their attorney has objected to or commented on in the last five (5) years;

     g.   Whether the Settlement Class Member intends to appear at the Final Approval Hearing;

     h.   The name and contact information of any and all attorneys representing, advising, or assisting the Settlement Class Member, including any counsel who may be entitled to compensation for any reason related to the objection or comment;

     i.   Whether any attorney will appear on the Settlement Class Member's behalf at the Final Approval Hearing, and if so the identity of that attorney; and

     j.   The signature of the proprietor of the Settlement Class Member.

     4.   <u>Objection Counsel.</u> Any lawyer representing or assisting an objecting Settlement Class Member must: (a) file a notice of appearance with the Court by the date set forth in the Preliminary Approval Order; (b) file a sworn declaration attesting to representation of each Settlement Class Member on whose behalf the lawyer has acted or will be acting; and (c) comply (and ensure their client's compliance) with each of the above requirements.

     5.   <u>Opportunity to be Heard.</u> No Settlement Class Member will be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel), unless their timely objection or comment expressly states their intention to appear at the Final Approval Hearing by the date set forth in the Preliminary Approval Order.

## X.    ATTORNEY'S FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARDS

     1.   Class Counsel will file with the Court an application for an award of attorneys' fees in an amount not to exceed 33 1/3% of the Settlement Fund as well as reimbursement of the reasonable litigation expenses incurred in the prosecution of the Action. This is not a clear sailing agreement and Defendant shall have the right to object to the application for an award of attorneys' fees and reimbursement of reasonable litigation expenses.

2.      Any award of attorneys' fees and reimbursement of litigation expenses that the Court approves ("Attorneys' Fee & Expense Award") will be paid from the Settlement Fund within ten (10) business days following the Effective Date or the entry of the order awarding fees and litigation expenses, whichever is later, by means of a wire transfer by the Settlement Administrator to an account designated by Lead Class Counsel.

3.      Any Attorneys' Fee & Expense Award shall be allocated by Lead Class Counsel among Plaintiffs' Counsel in good faith and in a manner that, in Lead Class Counsel's discretion, fairly compensates them for their respective contribution to the progress of and results obtained in the Action.

4.      Class Counsel will file with the Court an application for approval of service awards to each of the Plaintiffs who are serving as class representatives in an amount up to $20,000 ("Service Awards") per Plaintiff. The Service Awards will be paid by the Settlement Administrator from the Settlement Fund.

5.      The Settlement Administrator will pay any such Court-approved Service Awards no later than ten (10) business days following the Effective Date or the entry of the order awarding the Service Awards, whichever is later, by means of a wire transfer by the Settlement administrator to an account designated by Lead Class Counsel after receipt of a Form 1099 to the extent such form is required.

6.      It is not a condition of this Agreement that any particular amount of attorneys' fees, costs or expenses or Service Awards be approved by the Court, or that such fees, costs, or expenses or Service Awards be approved at all. Any order or proceeding relating to the amount of any award of attorneys' fees, costs, or expenses or Service Awards, or any appeal from any order relating thereto, or reversal or modification thereof, shall not operate to modify, terminate or cancel this Agreement, or affect or delay the finality of the Final Order and Judgment, except that any modification, order or judgment cannot result in Defendant's overall obligation exceeding the agreement upon Settlement Amount.

## XI.      <u>MOTION FOR PRELIMINARY APPROVAL</u>

1.      The Parties acknowledge that prompt approval, consummation, and implementation of this Settlement are essential. The Parties and their respective counsel shall cooperate with each other in good faith to carry out the purposes of and effectuate this Settlement, shall promptly perform their respective obligations under this Agreement, and shall promptly take any and all actions and execute and deliver any and all additional documents and all other materials and information reasonably necessary or appropriate to carry out the terms of this Settlement and the transactions contemplated in this Agreement.

2.      Plaintiffs will file a motion requesting the Court enter a Preliminary Approval Order, which will accomplish the following, among other matters:

a. Find that the requirements of Federal Rule of Civil Procedure 23(e)(1) have been satisfied such that the Court will likely be able to approve the Settlement under Rule 23(e)(2) and certify the Settlement Class for purposes of judgment on the proposal;

b. Find that the procedures set forth in Section VII of this Agreement, including the dissemination of Class Notice, satisfy the requirements of due process, Rule 23, and applicable law and procedure, and approve that manner of providing notice to the Settlement Class;

c. Set a deadline for requesting exclusion from the Settlement or objecting to the Settlement; and

d. Set a date and time for the Final Approval Hearing at which the Court will finally determine the fairness, reasonableness, and adequacy of the proposed Settlement.

3.      Defendant will cooperate with Plaintiffs in the preparation and filing of the motion seeking a Preliminary Approval Order.

## XII.  FINAL APPROVAL HEARING AND FINAL APPROVAL ORDER

1.      A Final Approval Hearing will be held on a date approved by the Court. The date, time, and place of the Final Fairness and Approval Hearing will be set forth in the Notice and the Preliminary Approval Order, which will both further note that the date and time are subject to change, and that any change will be noted on the Settlement Website.

2.      Class Counsel shall move, before the Final Approval Hearing, for entry of a Final Approval Order that, among other things, will:

a. Approve this Agreement without modification (except insofar as agreed upon by the Parties) as fair, reasonable, and adequate to, and in the best interest of, the Settlement Class, and direct its implementation according to its terms;

b. Find that the form and manner of Class Notice implemented pursuant to this Agreement (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, the right to object to or exclude themselves from the proposed Settlement, and the right to appear at the Final Approval Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meets the requirements of federal due process, the Federal Rules of Civil Procedure, and any other applicable state and/or federal laws;

18

c. Find that all members of the Settlement Class except those who have properly excluded themselves will be bound by this Settlement and Agreement, including the release provisions and covenants not to sue;

d. Direct that judgment be entered immediately dismissing with prejudice all individual and class claims asserted in the Action and ruling that no costs or fees be assessed on any Party beyond the attorneys' fees and expenses provided for in Section X of this Agreement;

e. Incorporate the releases and covenants not to sue and forever bar any claims, causes of action, or liabilities by Settlement Class Members that have been released by reason of this Agreement;

f. Approve the payments provided for in this Agreement to the Settlement Class Members consistent with the Plan of Allocation and the Service Awards to Plaintiffs and make any necessary findings with regard to these approvals;

g. Approve the Attorneys' Fees & Expense Award to be paid to Class Counsel and make any necessary findings with regard to those approvals; and

h. Retain jurisdiction of all matters relating to the interpretation, administration, implementation, and enforcement of this Agreement.

## XIII.  **RELEASE**

1.     The Release. Upon the Effective Date, and in consideration of the Settlement benefits described herein, each Plaintiff and Settlement Class Member  shall be deemed to have released, acquitted, and forever discharged the Grubhub Released Parties from any and all Released Claims.

2.     Not a General Release. This Section should not be construed as a general release.

3.     Unknown Claims. The Released Claims include the release of unknown claims. Upon the Effective Date, Plaintiffs and the Settlement Class shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Upon the Effective Date, each of the Plaintiffs and Settlement Class Members shall be deemed to have, and shall have, waived any and all provisions, rights, and benefits conferred by any law of any state, the District of Columbia, or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to Section 1542 of the California Civil Code. Plaintiffs and the Settlement Class Members acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to finally and forever settle and release the Released Claims, including but not limited to any unknown claims they may have, as that term is defined in this Settlement Agreement.

4.     <u>Release of Class Representatives and Plaintiffs' Counsel.</u> As of the Effective Date, Defendant and its representatives, officers, agents, directors, affiliates, employees, insurers, and attorneys absolutely and unconditionally release and discharge the Class Representatives and Plaintiffs' Counsel from any and all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to prosecution of the Action, the Settlement Agreement, or the Settlement claims process (provided, however, that this release and discharge shall not include claims by the Parties hereto to enforce the terms of the Settlement).

## XIV.   <u>EFFECTIVE DATE AND TERMINATION</u>

1.     This Agreement shall become final and effective on the earliest date on which all of the following events and conditions have occurred or have been met:

    a.     Defendant and Plaintiffs have executed this Settlement.

    b.     No party has timely availed itself of any right provided by this Agreement to terminate this Agreement;

    c.     The Court has entered the Judgment, following notice to the Settlement Class and the Fairness Hearing, finally approving this Agreement under Rule 23(e) of the Federal Rules of Civil Procedure and dismissing the Action with prejudice as to all Settlement Class Members; and

    d.     The time for appeal or to seek permission to appeal from the Judgment has expired or, if appealed, approval of this Agreement and the Judgment has been affirmed in its entirety by the court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review.

2.     Subject to Section XV.6., if this Settlement Agreement is terminated pursuant to its terms, disapproved by any court (including any appellate court), and/or not consummated for any reason:

a.     The order certifying the Settlement Class for purposes of effectuating the Settlement, and all preliminary and/or final findings regarding that class certification order, shall be automatically vacated upon notice of the same to the Court;

b.     The Action shall proceed as though the Settlement Class had never been certified pursuant to this Settlement Agreement and such findings had never been made, and the Action shall return to the procedural posture on May 24, 2025. No Party nor counsel shall refer to or invoke the vacated findings and/or order relating to class settlement or Rule 23 of the Federal Rules of Civil Procedure if this Settlement Agreement is not consummated and the Action is later litigated and contested by Defendant under Rule 23 of the Federal Rules of Civil Procedure.

3.     In the event that the total number of opt-outs is equal to or exceeds the number set forth in the Confidential Supplemental Agreement Regarding Exclusion Threshold executed by the Parties, Defendant has, in its sole and absolute discretion, the option of voiding and terminating this Agreement, and proceeding with the Action. In such a situation, the Agreement shall have no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement shall be vacated. However, any payments made to the Settlement Administrator for services rendered, costs related to providing Class Notice and CAFA Notices, and Administrative Expenses to the date of termination shall not be refunded to Defendant or any of the Grubhub Released Parties, and the Settlement Administrator, Plaintiffs, the Settlement Class, Class Counsel and Plaintiffs' Counsel shall have no responsibility for said foregoing costs. For purposes of this provision, an entity with multiple restaurant locations shall constitute one opt-out.

4.     If this Agreement is terminated, the Settlement Administrator will return all funds to Defendant within ten (10) days of the termination date; provided, however, the Settlement Administrator need not return any funds already spent on notice and on reasonable Settlement Administrator expenses before the termination date.

5.     Notwithstanding any provision herein, in the event this Agreement is not approved by any court, or terminated for any reason, or the Settlement set forth in this Agreement is declared null and void, or in the event that the Effective Date does not occur, Settlement Class Members, Class Representatives, Class Counsel, and Plaintiffs' Counsel shall not in any way be responsible or liable for any administration expenses, taxes with respect to the Settlement Fund, or any expenses, including costs of notice and administration associated with this Settlement or this Agreement, except that each Party shall bear its own attorneys' fees and costs.

## XV.  MISCELLANEOUS

1.  No Admission. Defendant denies any and all claims alleged in the Action and all wrongdoing whatsoever. This Agreement is neither a concession nor an admission, and will not be used against Defendant as an admission or indication with respect to any claim of any fault, concession, or omission by Defendant.

2.  Jurisdiction and Choice of Law. The Parties hereby irrevocably submit to the jurisdiction of the Court, as defined, for any dispute arising out of or relating to this Agreement, the applicability of this Agreement, or the enforcement of this Agreement. All questions with respect to the construction of this Agreement and the rights and liabilities of the Parties will be governed by the laws of the State of Illinois.

3.  Good Faith. The Parties, their successors and assigns, and their counsel will cooperate fully with one another and undertake all steps necessary to effectuate the terms and conditions of this Agreement. The Parties agree to use good faith in resolving any disputes that may arise in the implementation of the terms of this Agreement. The Parties and their respective attorneys will not seek to solicit or otherwise encourage any person to exclude himself or herself from the Settlement Class, object to the Settlement, or appeal from any order or judgment of the Court that is consistent with the terms of this Agreement. Class Counsel and Plaintiffs' Counsel, however, are permitted to explain to members of the Settlement Class their rights under the Agreement without violating this provision.

4.  No Waivers. The waiver by one Party of any breach of this Agreement by another Party shall not be deemed a waiver of any prior or subsequent breach of this Agreement.

5.  Notice of Breach. If one Party to this Agreement considers the other to be in breach of its obligations under this Agreement, that Party must provide the allegedly breaching Party written notice of the alleged breach and reasonable opportunity to cure the breach before taking any action to enforce any rights under this Agreement.

6.  Nullification. If (a) the Court does not enter the Preliminary Approval Order or the Final Approval Order, or (b) the Settlement does not become final for any other reason, this Agreement will be null and void and any order or judgment entered by the Court in furtherance of this Settlement will be treated as void *ab initio*. In such event, the entire Settlement Amount paid or caused to be paid by Defendant—but less the costs of administration and notice—shall promptly be returned to Defendant, and the Parties will proceed in all respects as if this Agreement had not been executed. An order denying the Preliminary Approval Motion without prejudice will not constitute a ground for nullifying or terminating the Settlement. Nor will a change in the law constitute a ground for nullifying or terminating the Settlement.

7.  Representations and Warranties. Class Counsel represents that: (1) they are authorized by the Plaintiffs to enter into this Agreement; and (2) they are seeking to protect the interests of the Settlement Class. Defendant represents and warrants that the

individual(s) executing this Agreement are authorized to enter into this Agreement on behalf of Defendant.

8.　　Own Counsel. Each Party acknowledges that it has been represented by attorneys of its own choice throughout all of the negotiations that preceded the execution of this Agreement and in connection with the preparation and execution of this Agreement.

9.　　Notice. All notices, requests, demands, and other communications required or permitted to be given pursuant to this Agreement (other than notice of settlement to Settlement Class Members) will be in writing and will be delivered by email and/ or by next-day express mail (excluding Saturday, Sunday, and federal holidays):

If to Class Counsel then:

Rosemary M. Rivas
Gibbs Mura LLP
1111 Broadway, Suite 2100
Oakland, CA 94061

If to Defendant then:

Isaac J. Colunga
Taft Stettinius & Hollister LLP
111 E. Wacker Dr., Ste. 2600
Chicago, IL 60601

10.　　Exhibits. The exhibits attached to this Agreement are hereby incorporated by reference as though set forth fully herein and are a material part of this Agreement. Any notice, order, judgment, or other exhibit that requires approval of the Court must be approved without material alteration from its current form in order for this Agreement to become effective.

11.　　Entire Agreement. This Agreement represents the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior oral and written agreements and discussions. Each Party covenants that it has not entered in this Agreement as a result of any representation, agreement, inducement, or coercion, except to the extent specifically provided herein. Each Party further covenants that the consideration recited herein is the only consideration for entering into this Agreement and that no promises or representations of another or further consideration have been made by any person. This Agreement may be amended only by an agreement in writing duly executed by all Parties; provided, however, that after entry of the Final Approval Order, the Parties may by written agreement effect such amendments, modifications, or expansions of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's Preliminary and Final Approval Orders and do not limit the rights of Settlement Class Members under this Agreement.

12.　Drafting. Each Party has cooperated in the drafting and preparation of this Agreement. Hence, in any construction to be made of this Agreement, the same will not be construed against any Party as drafter of this Agreement.

13.　Counterparts. This Agreement may be executed with an electronic or facsimile signature and in one or more counterparts, each of which will be deemed an original, but all of which together will constitute one and the same instrument.

14.　Headings. The headings contained in this Agreement are for reference only and are not to be construed in any way as a part of the Agreement.

15.　Binding Effect. This Agreement is binding upon and will inure to the benefit of the Parties and their respective heirs, assigns and successors-in-interest.

**WHEREFORE**, Plaintiffs, on their own behalf and on behalf of the Settlement Class Members and through Class Counsel, and Defendant, by its duly authorized representatives and through counsel, have executed this Agreement as of the dates set forth below.

**For Plaintiffs:**

_____　Date: _____, 2025
Rosemary M. Rivas　　　　　　　　　　August 26
Lead Class Counsel


**For Defendant:**

_____　Date: _____, 2025
Isaac Colunga
Defendant's Counsel




_____　Date: _____, 2025
Howard Migdal
Grubhub Chief Executive Officer

12. <u>Drafting</u>. Each Party has cooperated in the drafting and preparation of this Agreement. Hence, in any construction to be made of this Agreement, the same will not be construed against any Party as drafter of this Agreement.

13. <u>Counterparts</u>. This Agreement may be executed with an electronic or facsimile signature and in one or more counterparts, each of which will be deemed an original, but all of which together will constitute one and the same instrument.

14. <u>Headings</u>. The headings contained in this Agreement are for reference only and are not to be construed in any way as a part of the Agreement.

15. <u>Binding Effect.</u> This Agreement is binding upon and will inure to the benefit of the Parties and their respective heirs, assigns and successors-in-interest.

**WHEREFORE**, Plaintiffs, on their own behalf and on behalf of the Settlement Class Members and through Class Counsel, and Defendant, by its duly authorized representatives and through counsel, have executed this Agreement as of the dates set forth below.

**For Plaintiffs:**

_____    Date: _____, 2025
Rosemary M. Rivas
Lead Class Counsel

**For Defendant:**

_____    Date: 08 / 26 _____, 2025
Isaac Colunga
Defendant's Counsel

_____    Date: 08 / 26 / 2025 ____, 2025
Howard Migdal
Grubhub Chief Executive Officer

Doc ID: a6f6fcd322fe96056391b3ddb45357703e102a6b

Date: 08 / 26 / 2025

*Brian Pearson*

On behalf of Lynn Scott, LLC

Date:_____

On behalf of The Farmer's Wife, LLC

Date:_____

Thuan Luu d/b/a Ragin' Crawfish

Date:_____

On behalf of Old Crown, Inc.

Date:_____

On behalf of 132 Degrees, LLC

Date:_____

On behalf of MDR, LLC

Date:_____

On behalf of Momobbq, Co., LLC

Date:_____

On behalf of MF Tasty LLC

Date:_____

On behalf of Iowa City Coffee Company

Date:_____

Jack Tate d/b/a The Tin Pig, LLC

25

# CERTIFICATE *of* SIGNATURE

REF. NUMBER
**6HVFX-DWVAU-ZGUPD-ZBH5A**

DOCUMENT COMPLETED BY ALL PARTIES ON
**26 AUG 2025 12:27:26 UTC**

| SIGNER | TIMESTAMP | SIGNATURE |
| --- | --- | --- |

## BRIAN PEARSON

EMAIL
**BSPEARSON@LIVE.COM**

SHARED VIA
**LINK**

SENT
**26 AUG 2025 02:17:24 UTC**

VIEWED
**26 AUG 2025 12:26:11 UTC**

SIGNED
**26 AUG 2025 12:27:26 UTC**

*Brian Pearson*

IP ADDRESS
**47.132.74.234**

LOCATION
**WILMINGTON, UNITED STATES**



Date:_____

_____

On behalf of Lynn Scott, LLC

Date:___08 / 25 / 2025___

*Kendra Kolling*
_____

On behalf of The Farmer's Wife, LLC

Date:_____

_____

Thuan Luu d/b/a Ragin' Crawfish

Date:_____

_____

On behalf of Old Crown, Inc.

Date:_____

_____

On behalf of 132 Degrees, LLC

Date:_____

_____

On behalf of MDR, LLC

Date:_____

_____

On behalf of Momobbq, Co., LLC

Date:_____

_____

On behalf of MF Tasty LLC

Date:_____

_____

On behalf of Iowa City Coffee Company

Date:_____

_____

Jack Tate d/b/a The Tin Pig, LLC

Document Ref: ZBW9Q-6V7SL-ZIYSR-CDYBA

# CERTIFICATE *of* SIGNATURE

REF. NUMBER
**ZBW9Q-6V7SL-ZIYSR-CDYBA**

DOCUMENT COMPLETED BY ALL PARTIES ON
**26 AUG 2025 04:16:42 UTC**

| SIGNER | TIMESTAMP | SIGNATURE |
|---|---|---|

**KENDRA KOLLING**

EMAIL
**KENDRAEKOLLING@ICLOUD.COM**

SHARED VIA
**LINK**

SENT
**26 AUG 2025 04:14:18 UTC**

VIEWED
**26 AUG 2025 04:15:58 UTC**

SIGNED
**26 AUG 2025 04:16:42 UTC**

*Kendra Kolling*

IP ADDRESS
**73.222.91.188**

LOCATION
**SEBASTOPOL, UNITED STATES**



Date:_____    _____

On behalf of Lynn Scott, LLC

Date:_____    _____

On behalf of The Farmer's Wife, LLC

Date:__08 / 25 / 2025_____    _____*Thuan Luu*_____

Thuan Luu d/b/a Ragin' Crawfish

Date:_____    _____

On behalf of Old Crown, Inc.

Date:_____    _____

On behalf of 132 Degrees, LLC

Date:_____    _____

On behalf of MDR, LLC

Date:_____    _____

On behalf of Momobbq, Co., LLC

Date:_____    _____

On behalf of MF Tasty LLC

Date:_____    _____

On behalf of Iowa City Coffee Company

Date:_____    _____

Jack Tate d/b/a The Tin Pig, LLC

25

# CERTIFICATE *of* SIGNATURE

REF. NUMBER
JRYAI-PYE7O-YZCGF-ND7JH

DOCUMENT COMPLETED BY ALL PARTIES ON
26 AUG 2025 03:41:41 UTC

| SIGNER | TIMESTAMP | SIGNATURE |
|---|---|---|
| **THUAN LUU** | SENT<br>26 AUG 2025 02:20:52 UTC | *Thuan Luu* |
| EMAIL<br>THUANLUU80@GMAIL.COM | VIEWED<br>26 AUG 2025 03:41:20 UTC | |
| SHARED VIA<br>LINK | SIGNED<br>26 AUG 2025 03:41:41 UTC | IP ADDRESS<br>174.218.83.109 |



**Signed with PandaDoc**

PAGE 1 OF 1

Date:_____

_____

On behalf of Lynn Scott, LLC

Date:_____

_____

On behalf of The Farmer's Wife, LLC

Date:_____

_____

Thuan Luu d/b/a Ragin' Crawfish

Date: 08 / 26 / 2025

_____

On behalf of Old Crown, Inc.

Date:_____

_____

On behalf of 132 Degrees, LLC

Date:_____

_____

On behalf of MDR, LLC

Date:_____

_____

On behalf of Momobbq, Co., LLC

Date:_____

_____

On behalf of MF Tasty LLC

Date:_____

_____

On behalf of Iowa City Coffee Company

Date:_____

_____

Jack Tate d/b/a The Tin Pig, LLC

25

# CERTIFICATE *of* SIGNATURE

REF. NUMBER
**E3HYN-VIXCN-CNERF-TZAGT**

DOCUMENT COMPLETED BY ALL PARTIES ON
**26 AUG 2025 16:50:44 UTC**

| SIGNER | TIMESTAMP | SIGNATURE |
|---|---|---|

**MICHAEL WOODRUFF**

EMAIL
**OLDCROWN@OLDCROWN.COM**

SHARED VIA
**LINK**

SENT
**26 AUG 2025 02:23:25 UTC**

VIEWED
**26 AUG 2025 16:49:58 UTC**

SIGNED
**26 AUG 2025 16:50:44 UTC**



IP ADDRESS
**104.28.58.2**

LOCATION
**NEW YORK, UNITED STATES**



Date:_____  _____

On behalf of Lynn Scott, LLC

Date:_____  _____

On behalf of The Farmer's Wife, LLC

Date:_____  _____

Thuan Luu d/b/a Ragin' Crawfish

Date:_____  _____

On behalf of Old Crown, Inc.

Date:_08 / 26 / 2025_____  _____*Cole Berlin*_____

On behalf of 132 Degrees, LLC

Date:_____  _____

On behalf of MDR, LLC

Date:_____  _____

On behalf of Momobbq, Co., LLC

Date:_____  _____

On behalf of MF Tasty LLC

Date:_____  _____

On behalf of Iowa City Coffee Company

Date:_____  _____

Jack Tate d/b/a The Tin Pig, LLC

25

# CERTIFICATE *of* SIGNATURE

REF. NUMBER
**FIC6W-ERN2R-YVGAW-EEKPY**

DOCUMENT COMPLETED BY ALL PARTIES ON
**26 AUG 2025 10:35:06 UTC**

| SIGNER | TIMESTAMP | SIGNATURE |
|---|---|---|

**COLE BERLIN**

EMAIL
**CBERLIN@FAHRENHEIT132.COM**

SHARED VIA
**LINK**

SENT
**26 AUG 2025 02:25:52 UTC**

VIEWED
**26 AUG 2025 10:34:38 UTC**

SIGNED
**26 AUG 2025 10:35:06 UTC**

*Cole Berlin*

IP ADDRESS
**129.222.3.219**

LOCATION
**ASHBURN, UNITED STATES**

**Signed with PandaDoc**



Date:_____      _____

On behalf of Lynn Scott, LLC

Date:_____      _____

On behalf of The Farmer's Wife, LLC

Date:_____      _____

Thuan Luu d/b/a Ragin' Crawfish

Date:_____      _____

On behalf of Old Crown, Inc.

Date:_____      _____

On behalf of 132 Degrees, LLC

Date: _08 / 26 / 2025_      *Elmer Rodriguez*

On behalf of MDR, LLC

Date:_____      _____

On behalf of Momobbq, Co., LLC

Date:_____      _____

On behalf of MF Tasty LLC

Date:_____      _____

On behalf of Iowa City Coffee Company

Date:_____      _____

Jack Tate d/b/a The Tin Pig, LLC

25

# CERTIFICATE *of* SIGNATURE

REF. NUMBER
JSYX8-IT9F6-RTCPA-4GGPU

DOCUMENT COMPLETED BY ALL PARTIES ON
26 AUG 2025 11:04:49 UTC

| SIGNER | TIMESTAMP | SIGNATURE |
|---|---|---|
| **ELMER RODRIGUEZ** | SENT | |
| | 26 AUG 2025 02:27:57 UTC | |
| EMAIL | VIEWED | *Elmer Rodriguez* |
| ERODRIGUEZ2399@GMAIL.COM | 26 AUG 2025 11:04:31 UTC | |
| SHARED VIA | SIGNED | IP ADDRESS |
| LINK | 26 AUG 2025 11:04:49 UTC | 100.16.144.98 |
| | | LOCATION |
| | | REISTERSTOWN, UNITED STATES |

Signed with PandaDoc



Date:_____

_____

On behalf of Lynn Scott, LLC

Date:_____

_____

On behalf of The Farmer's Wife, LLC

Date:_____

_____

Thuan Luu d/b/a Ragin' Crawfish

Date:_____

_____

On behalf of Old Crown, Inc.

Date:_____

_____

On behalf of 132 Degrees, LLC

Date:_____

_____

On behalf of MDR, LLC

Date:_08 / 26 / 2025_____

_____*Mike Moran*_____

On behalf of Momobbq, Co., LLC

Date:_____

_____

On behalf of MF Tasty LLC

Date:_____

_____

On behalf of Iowa City Coffee Company

Date:_____

_____

Jack Tate d/b/a The Tin Pig, LLC

25

# CERTIFICATE *of* SIGNATURE

REF. NUMBER
KDOZD-UZ5UB-5YCZU-7EUXD

DOCUMENT COMPLETED BY ALL PARTIES ON
26 AUG 2025 05:26:25 UTC

| SIGNER | TIMESTAMP | SIGNATURE |
|---|---|---|
| **MIKE MORAN** | SENT<br>26 AUG 2025 02:29:29 UTC | *Mike Moran* |
| EMAIL<br>MIKE@MOMOBBQCO.COM | VIEWED<br>26 AUG 2025 05:25:55 UTC | IP ADDRESS<br>152.208.18.172 |
| SHARED VIA<br>LINK | SIGNED<br>26 AUG 2025 05:26:25 UTC | LOCATION<br>CAMP HILL, UNITED STATES |



Date:_____        _____

                                     On behalf of Lynn Scott, LLC

Date:_____        _____

                                     On behalf of The Farmer's Wife, LLC

Date:_____        _____

                                     Thuan Luu d/b/a Ragin' Crawfish

Date:_____        _____

                                     On behalf of Old Crown, Inc.

Date:_____        _____

                                     On behalf of 132 Degrees, LLC

Date:_____        _____

                                     On behalf of MDR, LLC

Date:_____        _____

                                     On behalf of Momobbq, Co., LLC

Date: 08 / 26 / 2025                 *Eric Gitenstein*

                                     On behalf of MF Tasty LLC

Date:_____        _____

                                     On behalf of Iowa City Coffee Company

Date:_____        _____

                                     Jack Tate d/b/a The Tin Pig, LLC

25

# CERTIFICATE *of* SIGNATURE

REF. NUMBER
**EMDS3-22VPH-BJ7ZE-9K8FD**

DOCUMENT COMPLETED BY ALL PARTIES ON
**26 AUG 2025 13:10:02 UTC**

| SIGNER | TIMESTAMP | SIGNATURE |
|---|---|---|
| **ERIC GITENSTEIN** | SENT **26 AUG 2025 02:31:15 UTC** | *Eric Gitenstein* |

**ERIC GITENSTEIN**

EMAIL
**EWGITENS@YAHOO.COM**

SHARED VIA
**LINK**

SENT
**26 AUG 2025 02:31:15 UTC**

VIEWED
**26 AUG 2025 13:09:49 UTC**

SIGNED
**26 AUG 2025 13:10:02 UTC**

IP ADDRESS
**72.0.164.165**

LOCATION
**BEND, UNITED STATES**



Date:_____          _____

                                        On behalf of Lynn Scott, LLC

Date:_____          _____

                                        On behalf of The Farmer's Wife, LLC

Date:_____          _____

                                        Thuan Luu d/b/a Ragin' Crawfish

Date:_____          _____

                                        On behalf of Old Crown, Inc.

Date:_____          _____

                                        On behalf of 132 Degrees, LLC

Date:_____          _____

                                        On behalf of MDR, LLC

Date:_____          _____

                                        On behalf of Momobbq, Co., LLC

Date:_____          _____

                                        On behalf of MF Tasty LLC

Date:_08 / 26 / 2025_____          _____*Tara Crowbaugh*_____

                                        On behalf of Iowa City Coffee Company

Date:_____          _____

                                        Jack Tate d/b/a The Tin Pig, LLC

25

# CERTIFICATE *of* SIGNATURE

REF. NUMBER
57MST-V7J9Z-THTZR-6CEZX

DOCUMENT COMPLETED BY ALL PARTIES ON
26 AUG 2025 11:37:53 UTC

| SIGNER | TIMESTAMP | SIGNATURE |
|---|---|---|

**TARA CRONBAUGH**

EMAIL
TARA@THEJAVAHOUSE.COM

SHARED VIA
LINK

SENT
26 AUG 2025 02:33:06 UTC

VIEWED
26 AUG 2025 11:37:35 UTC

SIGNED
26 AUG 2025 11:37:53 UTC

*Tara Cronbaugh*

IP ADDRESS
208.126.219.249

LOCATION
NORTH LIBERTY, UNITED STATES



Date:_____        _____

                                    On behalf of Lynn Scott, LLC

Date:_____        _____

                                    On behalf of The Farmer's Wife, LLC

Date:_____        _____

                                    Thuan Luu d/b/a Ragin' Crawfish

Date:_____        _____

                                    On behalf of Old Crown, Inc.

Date:_____        _____

                                    On behalf of 132 Degrees, LLC

Date:_____        _____

                                    On behalf of MDR, LLC

Date:_____        _____

                                    On behalf of Momobbq, Co., LLC

Date:_____        _____

                                    On behalf of MF Tasty LLC

Date:_____        _____

                                    On behalf of Iowa City Coffee Company

Date:_____08 / 25 / 2025_____        _____*Jack Tate*_____

                                    Jack Tate d/b/a The Tin Pig, LLC

25

# CERTIFICATE *of* SIGNATURE

REF. NUMBER
**WVDZR-YTBFQ-PPMFI-OKH2W**

DOCUMENT COMPLETED BY ALL PARTIES ON
**26 AUG 2025 04:01:37 UTC**

| SIGNER | TIMESTAMP | SIGNATURE |
|---|---|---|
| **JACK TATE** | SENT<br>**26 AUG 2025 03:11:43 UTC** | *Jack Tate* |
| EMAIL<br>**JHTBUTCHER13@GMAIL.COM** | VIEWED<br>**26 AUG 2025 04:01:07 UTC** | |
| SHARED VIA<br>**LINK** | SIGNED<br>**26 AUG 2025 04:01:37 UTC** | IP ADDRESS<br>**146.75.136.200** |
| | | LOCATION<br>**BEND, UNITED STATES** |



# EXHIBIT A

<table>
<tr><td>**Your claim must be submitted online or received by:**<br>**[DEADLINE]**</td><td>*Lynn Scott, LLC, et al. v. Grubhub Inc*<br>Case No. 1:20-CV-06334-LAH-GAF<br>United States District Court, Northern District of Illinois<br><br>**GRUBHUB SETTLEMENT CLAIM FORM**</td><td>**Grubhub CLAIM**</td></tr>
</table>

## I.  CURRENT GRUBHUB RESTAURANT PARTNERS

Please provide  the name of your business, its current physical address, and telephone and/or email address.

**Business Name**

**Street Address**

**City**     **State**     **Zip Code**

**Email Address**     **Telephone Number**

**PLEASE COMPLETE PAYMENT METHOD AND ATTESTATION IN PARTS III-IV BELOW.**

## II. RESTAURANTSWITHOUT A CONTRACT WITH GRUBHUB

Provide the name of your business, its current physical address, telephone and/or email address, and Federal Tax Identification Number.*

**Business Name**

**Street Address\***

**City**     **State**     **Zip Code**

**Email Address**     **Telephone Number**

**Federal Tax Identification Number (EIN Number)**

*\* If your business had  a different address between January 2019 and December 2024, please provide the previous business address.*

**QUESTIONS? VISIT [WEBSITE] OR CALL TOLL-FREE 1-XXX-XXX-XXXX**

<table>
<tr><td>

**Your claim must be submitted online or received by:
[DEADLINE]**

</td><td>

*Lynn Scott, LLC, et al. v. Grubhub Inc*
Case No. 1:20-CV-06334-LAH-GAF
United States District Court, Northern District of Illinois

**UNAUTHORIZED LISTING SETTLEMENT CLAIM FORM**

</td><td>

**Grubhub
CLAIM**

</td></tr>
</table>

Provide the name of the individual submitting this claim on behalf of the business, the individual's mailing address, telephone and/or email address, and the basis for the individual's authority to submit the claim on the business' behalf. You must notify the Settlement Administrator if your contact information changes after you submit this Claim Form.

**First Name**                                        **Last Name**

**Street Address**

**City**                              **State**                    **Zip Code**

**Relationship to Business**

**Email Address**                    **Telephone Number**

---

### III. PAYMENT SELECTION

Please select from **one** of the following payment options on behalf of the business or an individual authorized to receive payment on behalf of the business:

☐ **Venmo -** Enter the mobile number associated with the Venmo account: __ __ __-__ __ __-__ __ __ __

☐ **Zelle -** Enter the mobile number or email address associated with the Zelle account:

Mobile Number: __ __ __-__ __ __-__ __ __ __  or Email Address: _____

☐ **Virtual Prepaid Card -** Enter the email address of the business or individual authorized to receive payment on behalf of the business: _____

☐ **Physical Check -** Payment will be mailed to the current business address listed above. Enter the payee's name who is authorized to accept payment on behalf of the business if different than the business identified above:
_____

### IV. ATTESTATION & SIGNATURE

By signing below and submitting this Claim Form, I hereby declare that the above information is true and correct to the best of my recollection.

_____        _____        _____
Signature                              Printed Name                            Date

**QUESTIONS? VISIT [WEBSITE] OR CALL TOLL-FREE 1-XXX-XXX-XXXX**

**Your claim must be submitted online or received by:** [DEADLINE]

*Lynn Scott, LLC, et al. v. Grubhub Inc*
Case No. 1:20-CV-06334-LAH-GAF
United States District Court, Northern District of Illinois

**Grubhub CLAIM**

## UNAUTHORIZED LISTING SETTLEMENT CLAIM FORM

Mail your completed Claim Form to:
Grubhub Settlement, c/o Settlement Administrator, [INSERT ADDRESS HERE].

**QUESTIONS? VISIT [WEBSITE] OR CALL TOLL-FREE 1-XXX-XXX-XXXX**

# EXHIBIT B

Grubhub Restaurant Settlement
Settlement Administrator
PO Box XXXX
Portland, OR 97XXX-XXXX

BARCODE
NO-PRINT
ZONE

FIRST-CLASS MAIL
PRESORTED
U.S. POSTAGE PAID
PORTLAND, OR
PERMIT NO. 2882

### Court-Approved Legal Notice

**If your Business was listed on Grubhub, Eat24, Tapingo, OrderUp, LevelUp, Seamless, AllMenus, MenuPages or BiteGrabber without a contract with Grubhub, you may be entitled to benefits from a Settlement.**

**LEARN MORE!**
Scan this QR code to visit the Settlement Website.



<<MAIL ID>>
<<NAME1>>
<<NAME2>>
<<ADDRESS1>>
<<ADDRESS2>>
<<ADDRESS3>>
<<ADDRESS4>>
<<ADDRESS5>>
<<CITY,>> <<STATE>> <<ZIPCODE>>
<<COUNTRY>>

Barcode No-Print Zone

## Lawsuit Background

Businesses may qualify for monetary compensation from a $7,154,586 class action settlement involving Grubhub Inc. ("Defendant"). The lawsuit was filed on behalf of businesses whose names and/or logos were listed on online food delivery platforms, including Grubhub, Eat24, Tapingo, OrderUp, LevelUp, Seamless, AllMenus, MenuPages, or BiteGrabber without having a contract with Defendant. The lawsuit asserts that Defendant listed restaurants without obtaining prior consent, allegedly leading to consumer confusion regarding restaurant affiliation and potential reputational harm and loss of sales. Grubhub Inc. denies these allegations but has agreed to settle the matter in *Lynn Scott, LLC et al. v. Grubhub Inc*, Case No. 1:20-CV-06334-LAH-GAF (N.D. Ill.).

**Who is included?** You received this notice because your business may be a member of the group of businesses affected, called the "Settlement Class."

## What does the Settlement Provide?

As a Settlement Class Member, you can submit a Claim Form online or by mail postmarked by **Month DD, 20YY**, for the following benefits from the Settlement:

> **Cash Payment:** Each settlement class member who submits a valid claim will be entitled to:
>
> **1)** an initial payment of $50 **and**
>
> **2)** an additional payment that will be prorated based on the length of time the business was listed on Grubhub, BiteGrabber, Eat24, Tapingo, OrderUp, LevelUp, Seamless, AllMenus, and MenuPages.

If the total of the initial payments of all valid claims is more than the amount available, then initial payments will be reduced pro-rata (a legal term meaning equally) based on the length of time a business was listed on Grubhub.

## Other Options

**Opt-Out postmarked by Month DD, 20YY.** Submit your opt-out if you do not want to be legally bound by the Settlement. The Court will exclude any class members who request to opt-out, unless the Court decides otherwise.

**Object by Month DD, 20YY.** You may object to the Settlement if you do not opt-out. The Long Form Notice on the Settlement Website explains how to opt-out or object.

**Do Nothing.** You will get no benefits from the Settlement, and you will be bound by the Settlement, any judgments, and orders.

**Final Approval Hearing on Month DD, 20YY.** The Court will decide whether to approve the settlement, Class Counsel's attorneys' fees of up to 1/3 of the Settlement Fund and costs, and service awards for the Plaintiffs and will consider objections. You or your lawyer may ask to appear at the hearing but are not required to do so.

This notice is a summary. Learn more at www.XXXXXXXXXXXXXXX.com, or call toll-free 1-XXX-XXX-XXX.

XNNN2 v.01

# Grubhub Restaurant Settlement

**Submit your Claim Form by Month DD, 20YY**

## Submit Your Claim

**Scan here or visit**
**www.XXXXXXXXXXXXXXX.com**



# EXHIBIT C



United States District Court
for the Northern District of Illinois

*Lynn Scott, LLC et al. v. Grubhub Inc.*

Case No. 1:2020-cv-06334

# Class Action Notice

## *Authorized by the U.S. District Court*

| | | |
|---|---|---|
| **Was your business listed on Grubhub, Eat24, Tapingo, OrderUp, LevelUp, Seamless, AllMenus, MenuPages, or BiteGrabber without having a contract with Grubhub?** | **There is a $7,154,586 settlement of a lawsuit.**<br><br>**And you may be entitled to money.** | **To be part of this settlement, you should:**<br><br>**Read this notice.**<br><br>**Respond by [date] by mail or online.** |

Important things to know:

- If you take no action, you will still be bound by the settlement, and your rights will be affected.

- You can learn more at: [website].

# Table of Contents

**Table of Contents** ................................................................................................ **2**

**About This Notice** ............................................................................................... **3**

    Why did I get this notice? ............................................................................ 3

    What do I do next? ...................................................................................... 3

    What are the most important dates? ............................................................ 4

**Learning About the Lawsuit** ............................................................................ **4**

    What is this lawsuit about? .......................................................................... 4

    Why is there a settlement in this lawsuit? .................................................... 4

    What happens next in this lawsuit? ............................................................. 5

**Learning About the Settlement** ....................................................................... **6**

    What does the settlement provide? .............................................................. 6

    How do I know if I am part of this settlement? ............................................ 6

    How much will my payment be? .................................................................. 6

**Deciding What to Do** ........................................................................................ **7**

    How do I weigh my options? ....................................................................... 7

    What is the best path for me? ...................................................................... 8

***You can object to the settlement AND submit a claim form to receive payment...8***

**Submitting a Claim** ......................................................................................... **9**

    How do I get a payment if I am a class member? ......................................... 9

    Do I have a lawyer in this lawsuit? .............................................................. 9

    Do I have to pay the lawyers in this lawsuit? .............................................. 9

**Opting Out** ..................................................................................................... **10**

    What if I don't want to be part of this settlement? ..................................... 10

    How do I opt out? .................................................................................... 10

**Objecting** ........................................................................................................ **11**

    What if I disagree with the settlement? ..................................................... 11

**Doing Nothing** ............................................................................................... **12**

    What are the consequences of doing nothing? ........................................... 12

Key Resources................................................................................................ 13

How do I get more information? ...................................................................13

# About This Notice

## Why did I get this notice?

This notice is to tell you about the settlement of a class action lawsuit, *Lynn Scott, LLC et al. v. Grubhub Inc.*, brought on behalf of businesses that Grubhub Inc. listed on its online food delivery platform (Grubhub, Eat24, Tapingo, OrderUp, Seamless, LevelUp, AllMenus, MenuPages and BiteGrabber) without having a contract with those businesses. **You received this notice because your business may be a member of the group of businesses affected, called the "class."** This notice gives you a summary of the terms of the proposed settlement agreement, explains what rights class members have, and helps class members make informed decisions about what action to take.

## What do I do next?

Read this notice to understand the settlement and to determine if you are a class member. Then, decide if you want to:

| Options | More information about each option |
|---|---|
| **Submit a Claim Form** | If you are a Grubhub partner as of _____, 2025, select your payment method and submit. If you are not a Grubhub partner as of _____, 2025, provide your EIN or Federal Tax Identification Number and select a payment method. You will be bound by the settlement if you receive a payment. |
| **Do Nothing** | Get no payment. Give up rights resolved by settlement. |
| **Opt Out** | Get no payment. Allows you to pursue all your legal rights and remedies based on the same issues. |
| **Object** | Tell the Court why you don't like the settlement. |

Read on to understand the specifics of the settlement and what each choice would mean for you.

3

## What are the most important dates?

Your deadline to object or opt out: **[date]**
Settlement approval hearing: **[date]**
Your deadline to select a payment method and provide an EIN or Federal Tax Identification Number if you are not a Grubhub partner as of _____, 2025: **[date]**

# Learning About the Lawsuit

## What is this lawsuit about?

In October 2020, a class action lawsuit was filed against Grubhub. The lawsuit was brought on behalf of businesses whose names or logos were listed on online food delivery platforms owned by Grubhub Inc., including Grubhub, Eat24, Tapingo, OderUp, Seamless, LevelUp, AllMenus, MenuPages, and BiteGrabber, although Grubhub did not have a contract with those businesses. The lawsuit claims that Grubhub added thousands of businesses to its delivery apps without a contract in place. According to Plaintiffs' complaint, consumers believed the businesses had a contract with Grubhub when they did not, which allegedly hurt the businesses' reputations, and caused them to lose sales.

Grubhub denies that it did anything wrong, and Plaintiffs have not proven that Grubhub has done anything wrong.

### Where can I learn more?
You can get a complete copy of the proposed settlement and other key documents in this lawsuit at:
[website]

## Why is there a settlement in this lawsuit?

4

In May 2025, the parties agreed to settle, which means they have reached an agreement to resolve the lawsuit. Both sides want to avoid the risk and expense of further litigation. The settlement is not an admission of guilt by Grubhub.

The settlement is on behalf of the businesses who brought the case and all members of the nationwide settlement class, which includes all businesses whose names or logos were listed on Grubhub, Eat24, Tapingo, OrderUp, Seamless, LevelUp, AllMenus, MenuPages, BiteGrabber, without having a contract with Grubhub. The Court has not decided this case in favor of either side.

**What is a class action settlement?**
A class action settlement is an agreement between the parties to resolve and end the case. Settlements can provide money to class members and changes to the practices that caused the harm.

## What happens next in this lawsuit?

The Court will hold a Fairness hearing to decide whether to approve the settlement. The hearing will be held at:

**Where:**
United States District Court
for the Northern District of Illinois
Everett McKinley Dirksen United States Courthouse – Courtroom 1425
219 South Dearborn Street
Chicago, IL 60604.

**When:** [time] on [date].

The Court has directed the parties to send you this notice about the proposed settlement. Because the settlement of a class action decides the rights of all members of the proposed class, the Court must give final approval to the settlement before it can take effect. Payments will only be made if the Court approves the settlement.

You don't have to attend, but you may at your own expense. You may also ask the Court for permission to speak and express your opinion about the settlement. If the Court does not approve the settlement or the parties decide to end it, it will be void and the lawsuit will continue.

5

The date of the hearing may change without further notice to members of the class. To learn more and confirm the hearing date, go to [website].

# Learning About the Settlement

## What does the settlement provide?

The settlement pays money to businesses who were listed on the Grubhub food delivery platform when those businesses did not have a contract with Grubhub. Grubhub has also agreed not to list businesses on its platform in the future without a contract.

Grubhub has agreed to pay $7,154,586 into a settlement fund. Businesses will receive an initial payment of $50 (which may be increased or reduced depending on the total number of valid claims submitted) and an additional payment pro rata based on the length of time they were listed on Grubhub without a contract in place. The settlement fund will also be used to pay for costs and fees approved by the Court, including the cost of administering this settlement (expected to be approximately $375,000).

Members of the settlement class will "release" their claims as part of the settlement, which means they relinquish all claims against Grubhub Inc. based on the same issues in this lawsuit. The full terms of the release can be found [here].

## How do I know if I am part of this settlement?

If your business was listed on Grubhub and your business did not have a contract when listed, you may be a member of the class and entitled to money. Business records suggest your business may be part of the class. To verify whether your business is a member of the class, you may contact the settlement administrator.

## How much will my payment be?

Your payment amount depends on how long your business was listed on Grubhub, Eat24, Tapingo, OrderUp, Seamless, LevelUp, AllMenus,

MenuPages, or BiteGrabber, without a contract in place.

Each settlement class member who submits a claim will be entitled to an initial payment of $50 and an additional payment that will be prorated and based on the length of time the business was listed on Grubhub without a contract. Business records will be used to confirm the length of time on the platform.

If the total of the initial payments exceeds the total amount of funds available, payments will be reduced on a pro rata basis and the length of time a business was on the Grubhub platform without a contract in place.

If there is money left over that can be distributed in an administratively feasible way, a second distribution will be made, otherwise the remaining balance will be donated to an organization that is approved by the Court.

# Deciding What to Do

## How do I weigh my options?

You have four options. You can stay in the settlement and submit a claim, you can opt out of the settlement, you can object to the settlement, or you can do nothing. This chart shows the effects of each option:

|  | Submit a Claim | Opt out | Object | Do Nothing |
|---|---|---|---|---|
| **Can I receive settlement money if I . . .** | YES | NO | YES | NO |
| **Am I bound by the terms of this lawsuit if I . . .** | YES | NO | YES | YES |
| **Can I pursue my own rights if I . . .** | NO | YES | NO | NO |
| **Will the class lawyers represent me if I . . .** | YES | NO | NO | YES |

7

## What is the best path for me?



*You can object to the settlement AND submit a claim form to receive payment.*

8

# Submitting a Claim

## How do I get a payment if I am a class member?

If you wish to receive money, you must submit a completed claim form to the Settlement Administrator either online [here] or download a claim form from the [website] and mail it to the Settlement Administrator (address below). If you are a Grubhub partner as of _____, 2025, you only need to provide your contact information, select a payment method and sign. If you are not a Grubhub partner as of _____, 2025, you also need to provide your EIN or Federal Tax Identification Number.. Your EIN is requested to prevent fraud and will be kept confidential.

## Do I have a lawyer in this lawsuit?

In a class action, the court appoints class representatives and lawyers to work on the case and represent the interests of all the class members. For this settlement, the Court has appointed the following firms and lawyers.

**Your lawyers:**

| Firms | Lawyers |
|---|---|
| **Gibbs Mura LLP** | Rosemary M. Rivas |
| **Fegan Scott LLC** | Elizabeth A. Fegan |

These are the lawyers who negotiated this settlement on your behalf.

If you want to be represented by your own lawyer, you may hire one at your own expense.

## Do I have to pay the lawyers in this lawsuit?

Lawyers' fees and costs will be paid from the Settlement Fund. **You will not have to pay the lawyers directly.**

Your lawyers have worked on the case since 2020 and to date, they

9

have not been paid any money for their work or the expenses that they have paid for the case. To pay for some of their time and risk in bringing this case without any guarantee of payment unless they were successful, your lawyers will request, as part of the final approval of this Settlement, that the Court approve a payment not to exceed 33 1/3 % of the Settlement Funds (up to $2,382,477) total in attorneys' fees plus the reimbursement of out-of-pocket expenses not to exceed $_____.

Lawyers' fees and expenses will only be awarded if approved by the Court as a fair and reasonable amount.  You have the right to object to the lawyers' fees even if you think the settlement terms are fair.

Your lawyers will also ask the Court to approve a payment of up to $20,000.00 to each Class Representative for the time and effort they contributed to the case over approximately five years. If approved by the Court, this will be paid from the Settlement Fund.

# Opting Out

## What if I don't want to be part of this settlement?

You can opt out. If you do, you will not receive payment and cannot object to the settlement. However, you will not be bound or affected by anything that happens in this lawsuit and may be able to pursue your own legal rights and remedies that you may have.

## How do I opt out?

To opt out of the settlement, you must submit a written letter to the address or email address below no later than _____, 2026:

[Settlement Administrator]
[Street address]
[City, State, Zip Code]
[Phone Number]
[Opt-out email address]

Be sure to include your name, the name of your business(es), address

and contact information, and signature.

Any request for exclusion shall (i) state for each entity requesting exclusion, the entity's full name, physical address, email address, and phone number,

(ii) the name of the Action (*Lynn Scott, LLC, et al. v. Grubhub Inc*., Case No. 1:20-CV-06334-LAH-GAF (N.D. Ill.)),

(iii) a specific statement of the entity's intent to be excluded from the Settlement,

(iv) the identity of the entity's counsel, if represented, and

(v) the printed name and signature of the entity's authorized representative and the date on which the request was signed.

Failure to provide each required element may result in rejection of a request for exclusion.

# Objecting

## What if I disagree with the settlement?

If you disagree with any part of the settlement (including the lawyers' fees) but don't want to opt out, you may object. You must give reasons why you think the Court should not approve it and say whether your objection applies to just you, a part of the class, or the entire class. The Court will consider your views. The Court can only approve or deny the settlement — it cannot change the terms of the settlement. You may, but don't need to, hire your own lawyer to help you.

To object, you must electronically file or mail a letter to the Court, and mail a letter to the Settlement Administrator, no later than [date] that includes:

(1) the name and case number of this lawsuit, *Lynn Scott, LLC, et al. v. Grubhub Inc.*, Case No. 1:20-CV-06334-LAH-GAF (N.D. Ill.);
(2) the class member's business name, physical  address, email address and phone number (if you have one);
(3) the full name of the individual submitting the comment or

objection on behalf of the class member and, if the class member is not a natural person, a description of the individual's authority to act on behalf of the class member;

(4) whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;

(5) all reasons for the objection or comment and sufficient proof establishing that the individual is the proprietor of the class member;

(6) a statement identifying all class action settlements the proprietor of the class member or their attorney has objected to or commented on in the last five (5) years;

(7) whether the class member intends to appear at the Final Approval Hearing;

(8) the name and contact information of any and all attorneys representing, advising, or assisting the class member, including any counsel who may be entitled to compensation for any reason related to the objection or comment;

(9) whether any attorney will appear on the class member's behalf at the Final Approval Hearing, and if so the identity of that attorney; and

(10) the signature of the proprietor of the class member.

The addresses for the Court and the Settlement Administrator are below. If sent by mail, to be timely the objections must be postmarked no later than _____, 2026.

| [Settlement Administrator] [Street address] [City, State, Zip Code] [Phone Number] | The Honorable LaShonda A. Hunt United States District Court for the Northern District of Illinois Everett McKinley Dirksen United States Courthouse 219 South Dearborn Street Chicago, IL 60604 |
|---|---|

# Doing Nothing

## What are the consequences of doing nothing?

If you do nothing, you will not get any money, but you will still be

bound by the settlement and its "release" provisions. That means you won't be able to start, continue, or be part of any other lawsuit against Grubhub about the issues in this case. A full description of the claims and persons who will be released if this settlement is approved can be found [here].

# Key Resources

## How do I get more information?

This notice is a summary of the proposed settlement. The complete settlement with all its terms can be found [here]. To get a copy of the settlement agreement or get answers to your questions:

- contact your lawyer (information below)
- visit the case website at [website]

| Resource | Contact Information |
|---|---|
| **Case website** | [website] |
| **Settlement Administrator** | [Settlement Administrator]<br>[Street address]<br>[City, State, Zip Code]<br>[Phone Number] |
| **Your Lawyers** | Rosemary M. Rivas<br>**Gibbs Mura LLP**<br>1111 Broadway, Suite 2100<br>Oakland, CA 94607<br><br>Elizabeth A. Fegan<br>**Fegan Scott LLC**<br>150 S. Wacker Dr., 24th Floor<br>Chicago, IL 60606 |

13

# EXHIBIT D

*Lynn Scott, LLC, et al. v. Grubhub Inc.,*
Case No. 1:20-CV-06334-LAH-GAF (N.D. Ill.)

## PLAN OF ALLOCATION

1. This Plan of Allocation (attached as Exhibit D to the Class Action Settlement Agreement) adopts and incorporates by reference all of the Definitions contained in the Class Action Settlement Agreement for this Action and incorporates by reference and shall be interpreted and implemented consistent with the Class Action Settlement Agreement.

2. Subject to the Court's approval, this Plan of Allocation shall be utilized and followed by the Settlement Administrator to calculate the value of and pay each Valid Claim Form submitted in conjunction with this Settlement.

3. <u>Distribution</u> – The Settlement Fund will be distributed according to the following preferential order:

   a. Payment of all expenses incurred by the Settlement Administrator for the Notice Plan and settlement administration;

   b. Costs of preparing and sending notices to all Attorneys General regarding the Settlement pursuant to the Class Action Fairness Act;

   c. Payment of any taxes associated with the Settlement Fund;

   d. Payment of any Fee & Expense Award plus any interest or income earned on the Fee & Expense Award portion of the Settlement Fund and Service Awards within 10 business days of the Effective Date;

   e. Payment of the remaining Net Settlement Fund to Settlement Class Members in accordance with this Plan of Allocation and Final Approval Order or any subsequent order of the Court within a reasonable time after the Effective Date; and

   f. Payment of any residue of the Settlement Fund as set forth in this Plan of Allocation, subject to a reduction for any associated administrative costs.

4. <u>Claim Allocation</u> – Each Claim Form shall be reviewed and validated by the Settlement Administrator. As part of this process, the Administrator will verify that the claimant is a Settlement Class Member—cross-referencing the submitted form with the class data provided by the Defendant.

   If the Settlement Administrator determines that a Claim Form does not constitute a valid claim, the Settlement Administrator shall notify the claimant within a reasonable period, clearly stating the specific grounds for the determination.

   Upon validation, eligible Settlement Class Members will have their claims calculated and paid as follows:

   a. Settlement Class Members who submit a Valid Claim Form will be eligible to receive (1) an initial payment of $50.00, and, after paying each Class Member their initial payment, (2) an additional pro-rata distribution of the remaining Net Settlement Fund based on the length of time their restaurant was listed on

Grubhub's Platform under the Place & Pay program. For clarity, a Settlement Class Member whose restaurant was listed for 12 months shall receive a pro-rata distribution that is larger than a restaurant listed for only four months. Pro-rata distributions will be calculated by the Settlement Administrator based on the Defendant's records indicating the duration of each restaurant's inclusion in the Place & Pay program.

b. If the total initial payments of all Valid Claims exceeds the amount available in the Net Settlement Fund, then each eligible Settlement Class Member who submitted a Valid Claim Form shall have their initial payment reduced pro-rata based on the length of time their restaurant was listed on Grubhub's Platform under the Place & Pay program.

c. If funds remain in the Net Settlement Fund after all Valid Claims have been paid in full, and provided a second distribution is administratively feasible, the remaining balance—including amounts from checks that have expired and can no longer be cashed—shall be disbursed to Settlement Class Members on a pro rata basis if financially feasible.

d. If funds remain in the Net Settlement Fund after allocation of the second disbursement (section 4c. above), or if it is not feasible to make a second disbursement, the Parties, through counsel, shall alert the Court and seek approval from the Court to allocate the remaining funds to the *Cy Pres* recipient(s) pursuant to paragraph 5.

5. <u>Cy Pres Payment</u> – Any funds remaining in the Net Settlement Fund after the completion of the Claim Allocation process shall be paid to the *Cy Pres* recipient(s) agreed upon by the Parties and approved by the Court.

6. <u>Claim Allocation Appeal Process</u> – For claimants who receive notice that the Settlement Administrator has denied their claim, the claimant shall have 21 days from the date on the denial to appeal or challenge the determination. The appeal should state in writing why the denial is erroneous and include all evidence supporting their claim. Upon receipt of the appeal, the Settlement Administrator, with consultation of the Parties, shall evaluate the appeal, including all supporting evidence and documentation, and make a determination within 10 days of receipt of the appeal. The Settlement Administrator's determination shall be final and binding on all parties.