UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LYNN SCOTT, LLC, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>GRUBHUB INC.,<br><br>Defendant. | Case No. 20 C 6334<br><br>Judge LaShonda A. Hunt<br><br>Magistrate Judge Gabriel A. Fuentes |

### ORDER GRANTING PRELIMINARILY APPROVAL OF
### CLASS ACTION SETTLEMENT

Before the Court is the Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion") of Plaintiffs Lynn Scott, LLC; The Farmer's Wife, LLC; Thuan Luu; Old Crown, Inc.; 132 Degrees, LLC; MDR, LLC; Momobbq, Co., LLC; MF Tasty LLC; Iowa City Coffee Company; and Jack Tate d/b/a The Tin Pig, LLC ("Plaintiffs"). Plaintiffs in this lawsuit (the "Action") assert claims on behalf of themselves and the proposed Settlement Class that Defendant Grubhub Inc. ("Defendant")[1] added restaurants to its food ordering and delivery platforms without a contract thereby causing damage to the restaurants. Defendant denies that Plaintiffs' claims are meritorious, denies that the Plaintiffs, or anyone else, were damaged as a result of Defendant's conduct, and denies that it is liable to Plaintiffs or any member of the proposed Settlement Class for any of the matters asserted in the Action.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning as set forth in the Settlement Agreement.

In August 2025, Plaintiffs and Defendants (together, the "Parties") executed a Class Action Settlement Agreement ("Settlement Agreement") that if approved would fully resolve this Action. Having thoroughly reviewed the Settlement Agreement and exhibits thereto and having considered the Motion and all related supporting documents, the Court concludes that it is appropriate to direct notice in a reasonable manner to the Settlement Class becausethe Parties' showing establishes that the Court will likely be able to approve the proposed Settlement under Rule 23(e)(2).

**THE COURT HEREBY FINDS, CONCLUDES AND ORDERS THE FOLLOWING:**

1. The Parties have agreed to a class action settlement of all Released Claims, including unknown claims. Plaintiffs seek, and for purposes of settlement only Defendant does not object to, certification of a Settlement Class with the following definition:

> All businesses whose names or logos were used on Grubhub, or any other part of the Grubhub Platform, including AllMenus, Eat24, Seamless, Tapingo, LevelUp, OrderUp, BiteGrabber, and MenuPages, from January 1, 2019 through April 30, 2024 without a contract with Grubhub.
>
> Specifically excluded are the following:
>
> (i) corporate officers, members of the board of directors, and senior management of Defendant;
>
> (ii) any and all judges, justices, and chambers' staff assigned to hear or adjudicate any aspect of this litigation;
>
> (iii) any members of the Settlement Class that validly opt out prior to the opt-out deadline;
>
> (iv) any entity in which Defendant has a controlling interest, and their legal representatives, officers, directors, employees, assigns and successors; and
>
> (v) Class Counsel and all counsel of record in the Action.

2. For purposes of preliminary approval, this Court assesses the Settlement Agreement under Fed. R. Civ. P. 23(e). Rule 23(e)(1)(B) provides that the Court "must direct notice in a reasonable manner" to the proposed Settlement Class "if giving notice is justified by the parties'

showing that the court will likely to be able to (i) approve the proposal [as fair, reasonable, and adequate] under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B).

### **Likely Approval as Fair, Reasonable, Adequate**

3. To determine whether the Settlement Agreement is fair, reasonable and adequate, Rule 23(e)(2) directs the Court to consider whether:

> (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

4. The proposed Class Representatives adequately represent the proposed Settlement Class: they share the same alleged injury (injury from being added to online food delivery platforms owned by Grubhub Inc. without a contract in place) and the same interest (maximizing recovery related to being added to online food delivery platforms owned by Grubhub Inc. without a contract). Rosemary M. Rivas of the law firm Gibbs Mura LLP and Elizabeth A. Fegan of the law firm Fegan Scott LLC also adequately represent the proposed Settlement Class; they are experienced in class action litigation and have worked on this case on behalf of Plaintiffs and the proposed Settlement Class since 2020.

5. There is no question that the Parties' negotiations were at arm's length. The Settlement Agreement appears to be the result of extensive, non-collusive, arm's-length negotiations between experienced counsel who were thoroughly informed of the strengths and

weaknesses of the case whose negotiations were supervised by the Honorable Magistrate Judge Gabriel A. Fuentes of this Court.

6. The proposed Settlement creates a $7,154,586.00 Settlement Fund from which Settlement Class Members may submit claims. Settlement Class Members who file valid claims shall have those claims paid according to the Plan of Allocation attached as Exhibit D to the Settlement Agreement which the Court has reviewed and preliminarily approves.

7. The Settlement Agreement and the Plan of Allocation provide adequate relief to the proposed Settlement Class. If the Settlement Agreement had not been reached, the Parties planned to vigorously contest Plaintiffs' anticipated motion for class certification and Defendant's expected motion for summary judgment, and Plaintiffs' chances at trial are also uncertain. In light of the costs, risks and delay of trial and appeal, this compensation is at least adequate for purposes of Rule 23(e)(1).

8. There is no reason to doubt the effectiveness of distributing relief under the Settlement Agreement. As further addressed below, the Parties propose a notice plan reasonably calculated to reach as many members as practicable of the proposed Settlement Class.

9. This Court will fully assess the request of Class Counsel for attorneys' fees, reimbursement of expenses, and service awards after receiving their motion supporting such request. At this stage, the Court finds that the plan to request fees to be paid from the Settlement Fund creates no reason not to direct notice to the proposed Settlement Class. In particular, should the Court find any aspect of the requested attorneys' fees, reimbursement of expenses, or service awards unsupported or unwarranted, such funds would not be returned to Defendant, and therefore the Settlement Class would not be prejudiced by directing notice at this time.

10. No agreements exist between the Parties aside from those referred to in the Settlement Agreement and described in Plaintiffs' motion.

11. The Settlement Agreement and the Plan of Allocation treat members of the proposed Settlement Class equitably relative to each other because all members of the proposed Settlement Class are eligible to submit claims. The Settlement is specifically designed to apportion relief among members of the Settlement Class based on their placement on Grubhub and the length of time they were listed without a contract. These are equitable terms.

### Likely Certification of Settlement Class

12. The Court assesses the likelihood that it will be able to certify the proposed Settlement Class under Rules 23(a) and 23(b)(3) (because this Settlement Class seeks damages). *See* Fed. R. Civ. P. 23(a)–(b). The Court makes this assessment for the purposes of settlement only at this time.

13. The proposed Settlement Class is sufficiently numerous under Rule 23(a)(1) because it is estimated to contain thousands of members.

14. Resolution of the Action would depend on the common answers to common questions, such as whether Defendant's inclusion of unaffiliated restaurants on its platforms was likely to cause confusion as to the restaurants' affiliation with Grubhub, whether Defendant engaged in false advertising by including restaurants with no contracts on its website and mobile apps, and whether Defendant is liable to restaurants injured as a result of being added to Defendant's food ordering and delivery platforms without a contract in place.

15. Plaintiffs' claims are typical of the claims of the members of the proposed Settlement Class because they challenge the same conduct—being added to Defendant's food

ordering and delivery platforms without a contract—and make the same legal arguments. Typicality under Rule 23(a)(3) is satisfied.

16. The proposed Class Representatives and Class Counsel will fairly and adequately protect the interests of the proposed Settlement Class. There is no evidence to suggest a conflict of interest and Class Counsel are experienced litigators of consumer class actions.

17. At least for purposes of settlement, the common issues in the Action predominate over individual issues under Rule 23(b)(3). Key elements of Plaintiffs' claims are Defendant allegedly adding restaurants to its food ordering and delivery platforms, listing the restaurants' names or logos without permission, and confusing consumers into believing the restaurants were working with Grubhub, even though they were not. These issues predominate over individualized issues in the Action.

18. The proposed Settlement would be superior under Rule 23(b)(3) to many individual actions. Many members of the proposed Settlement Class may not have suffered sufficient damages to justify the costs of expensive litigation. The Settlement Agreement ensures that all members of the Settlement Class will have the opportunity to be compensated through cash payments.

19. For these reasons, pursuant to Rule 23, and for settlement purposes only, the Court certifies the Settlement Class defined above in paragraph 1 of this Order.

20. The Court hereby appoints the Plaintiffs as representatives of the Settlement Class. Pursuant to Fed. R. Civ. P. 23(g), the Court hereby appoints Rosemary M. Rivas of Gibbs Mura LLP and Elizabeth A. Fegan of Fegan Scott LLC as Class Counsel for the Settlement Class, and Ms. Rosemary M. Rivas as Lead Class Counsel.

21. In any final approval order issued after the Final Approval Hearing, members of the Settlement Class that have not properly excluded themselves from the Settlement Class will release all known and unknown claims to the fullest extent permitted by law against Defendant relating to any alleged claims of Defendant adding restaurants to the Grubhub Platform without permission as alleged in *Lynn Scott, LLC, et al. v. Grubhub Inc.*, Case No. 1:20-CV-06334-LAH-GAF (N.D. Ill. Sept. 24, 2024). This Release includes equitable, injunctive, and monetary claims within the scope of the Settlement Class definition.

## Approval of the Manner and Form of Notice

22. Having preliminarily approved the Settlement Agreement, the Court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). The Parties have submitted to the Court the proposed Notices, Claim Form, and a detailed notice plan as explained in the Declaration of Cameron R. Azari, Esq. Regarding Notice Plan ("Azari Declaration").

23. Having reviewed these exhibits and the Settlement Agreement, the Court finds that the Parties' proposed plan for providing notice to the Settlement Class (a) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice, (b) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and of their right to object to or to exclude themselves from the Settlement and (c) meets all applicable requirements of applicable law. The notice plan satisfies the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. The Court therefore approves the notice plan set forth in the Azari Declaration, the Claim Form and the Class Notices substantially in the form attached as Exhibits A, B, and C to the Settlement Agreement.

24. Epiq Class Action and Claims Solutions, Inc. ("Epiq") has been selected to serve as the Settlement Administrator under the terms of the Settlement Agreement. The Court hereby appoints Epiq to serve as the Settlement Administrator to be supervised jointly by Class Counsel and counsel for Defendant in taking the actions ordered below and performing any other duties of the Settlement Administrator provided for in the Settlement Agreement.

25. Accordingly, the Court hereby ORDERS as follows and adopts the proposed schedule as provided in Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement:

    a. Within ten (10) days after Preliminary Approval by the Court, Defendant shall provide the Settlement Administrator with sufficient information to identify all members of the Settlement Class and provide Class Notice thereto, including names and contact information (physical addresses, phone numbers, and email addresses) within Defendant's possession and control.

    b. The Settlement Administrator shall begin mailing, by First Class U.S. Mail, postage pre-paid (to the extent mailing addresses are available), and email (to the extent email addresses are available) the Class Notice as set forth in Exhibit B to the Settlement Agreement to all members of the Settlement Class by the deadline set forth in this Order ("Notice Date") and post the Long Form Notice and Claim Form, (as set forth in Exhibit A and Exhibit C to the Settlement Agreement) to the Settlement Website. The Settlement Administrator shall complete the mailing and emailing of notices and implement the digital and social media campaign (described in the Azari Declaration) no later than thirty (30) days after the Notice Date ("Notice Period").

c. The Settlement Administrator shall undertake reasonable efforts to confirm the address, and to resend notice, for any members of the Settlement Class for which the Claims Administrator receives returned mail from the U.S. Postal Service indicating that the initial mailing was not delivered.

d. Prior to the time the Settlement Administrator first mails and emails the Class Notice to members of the Settlement Class, the Settlement Administrator shall establish a dedicated settlement website, that includes, at a minimum, the Settlement Agreement, the Long Form Notice, and Claim Form as approved by the Court. The Settlement Administrator shall maintain and update the website throughout the implementation of this Settlement and for a period not less than ninety (90) days after the Effective Date as defined in the Settlement Agreement. The Settlement Administrator will also post on the Settlement Website copies of the motions for final approval of the Settlement Agreement, attorneys' fees and reimbursement of expenses, and service awards. A toll-free number with interactive voice response and FAQs shall also be made available to address Settlement Class Members' inquiries. The Settlement Website shall not include any advertising.

e. Class Counsel shall cause to be filed with the Court an appropriate declaration from the Settlement Administrator demonstrating compliance with the Court-approved Notice Program by the deadline set forth in this Order.

f. The Settlement Administrator shall determine whether a claimant's Claim Form is valid and will provide notice of a denial to Settlement Class Members whose claims are rejected. Settlement Class Members shall have twenty-one (21) days

        from the date of the notice of denial to challenge the denial and the Settlement Administrator must resolve the appeal within ten (10) days of receipt of the appeal.

    g. Within ten (10) days after the objection and opt-out deadline, the Settlement Administrator shall provide the Parties with a complete and final list of all opt-outs and objectors and, upon request, copies of all completed requests for exclusions and objections. Class Counsel, working with the Settlement Administrator, shall provide a list of all persons requesting exclusion and objecting to the Court by the deadline set forth in this Order.

**Participation in, Exclusion from or Objection to the Settlement Agreement**

26. Each form described in this section shall be deemed to be submitted when postmarked or when electronically received by the Settlement Administrator if submitted electronically.

27. Settlement Class Members who wish to receive monetary compensation pursuant to the Settlement Agreement must properly and timely complete, sign and submit a Claim Form in accordance with the instructions contained therein. All Claim Forms must be submitted by the deadline set forth in this Order.

28. Settlement Class Members that wish to exclude themselves from (i.e., opt out of) the Settlement must send a request to the Settlement Administrator either by email or U.S. mail that: (i) states for each entity requesting exclusion, the entity's full name, physical address, email address, and phone number, (ii) the name of the Action (*Lynn Scott, LLC, et al. v. Grubhub Inc.*, Case No. 1:20-CV-06334-LAH-GAF (N.D. Ill.)), (iii) a specific statement of the entity's intent to be excluded from the Settlement, (iv) the identity of the entity's counsel, if represented, and (v)

the printed name and signature of the entity's authorized representative and the date on which the request was signed.

29. All requests for exclusion must be submitted individually, i.e., one request is required for every member of the Settlement Class seeking exclusion; so-called "mass" or "class" opt outs shall not be allowed unless an entity owns multiple business locations.

30. All requests for exclusion must be submitted by the deadline set forth in this Order. Any member of the Settlement Class that submits a timely request for exclusion may not file an objection to the Settlement Agreement and shall be deemed to have waived any rights or benefits under the Settlement Agreement.

31. Any member of the Settlement Class that fails to submit a timely and complete request for exclusion sent to the proper address shall be subject to and bound by the Settlement Agreement and every order or judgment entered pursuant to the Settlement Agreement. Any purported request for exclusion or other communication sent to such address that is unclear or internally inconsistent with respect to the member's desire to be excluded from the Settlement Class will be deemed invalid unless determined otherwise by the Court.

32. Any Settlement Class Member that wishes to be heard at the Final Approval Hearing, or that wishes for any objection to be considered, must file electronically with the Court, or send by U.S. mail to the Clerk of the Court at United States District Court for the Northern District of Illinois Everett McKinley Dirksen United States Courthouse – Courtroom 1425, 219 South Dearborn Street Chicago, IL 60604, a written notice of objection, including any request to be heard, by the deadline set forth in this Order. Such objection must provide:

    a. The name and case number of this lawsuit, *Lynn Scott, LLC, et al. v. Grubhub Inc.*, Case No. 1:20-CV-06334-LAH-GAF (N.D. Ill.);

    b. The Settlement Class Member's business name, physical address, and email address or telephone number;

    c. The full name of the individual submitting the comment or objection on behalf of the Settlement Class Member and, if the Class Member is not a natural person, a description of the individual's authority to act on behalf of the Settlement Class Member;

    d. The Settlement Class Member must state whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Settlement Class;

    e. All reasons for the objection or comment and sufficient proof establishing that he or she is the proprietor of the Settlement Class Member;

    f. A statement identifying all class action settlements the proprietor of the Settlement Class Member or their attorney has objected to or commented on in the last five (5) years;

    g. Whether the Settlement Class Member intends to appear at the Final Approval Hearing;

    h. The name and contact information of any and all attorneys representing, advising, or assisting the Settlement Class Member, including any counsel who may be entitled to compensation for any reason related to the objection or comment;

    i. Whether any attorney will appear on the Settlement Class Member's behalf at the Final Approval Hearing, and if so the identity of that attorney; and

    j. The signature of the proprietor of the Settlement Class Member.

33. The Clerk shall add to the electronic docket for this Action any such objections delivered to the Court and not electronically filed. Objections sent to the Clerk of Court by U.S. mail will be deemed timely if they are postmarked by the deadline set forth in this Order.

34. Any lawyer representing or assisting an objecting Settlement Class Member must: (a) file a notice of appearance with the Court by the date set forth in this Order; (b) file a sworn declaration attesting to representation of each Settlement Class Member on whose behalf the lawyer has acted or will be acting; and (c) comply (and ensure their client's compliance) with each of the above requirements.

35. Except upon a showing of good cause, any Settlement Class Member who fails to substantially comply with the requirements for objecting shall waive and forfeit any and all rights he, she or it may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation.

36. Class Counsel and counsel for Defendant may respond to any objection filed by a Settlement Class Member and must file such a response with the Court by the deadline set forth in this Order.

37. Settlement Class Members may not both object and opt out. If a Class Member submits both a request for exclusion and an objection, the request for exclusion shall be controlling.

**Final Approval Hearing and Related Deadlines**

38. This Court will hold a Final Approval Hearing on April 15, 2026 at 10:00 a.m. in the Everett McKinley Dirksen United States Courthouse, Courtroom 1425, 219 South Dearborn Street, Chicago, IL 60604.

39. The purposes of the Final Approval Hearing will be to consider the fairness, reasonableness and adequacy of the proposed Settlement and the application for an award of attorneys' fees and expenses and service awards, and to consider whether the Court should issue a Final Approval Order approving the Settlement Agreement, granting Class Counsel's application for fees and reimbursement of expenses, granting the service awards application of Plaintiffs and dismissing the claims against Defendant with prejudice.

40. The Court reserves the right to adjourn the Final Approval Hearing without further notice to Settlement Class Members, change the Final Approval Hearing date and/or time, or to

approve the Settlement Agreement with modification without further notice to Settlement Class Members.

41. Any Settlement Class Member may appear at the Final Approval Hearing by filing with the Clerk of the Court a written notice of intent to appear in accordance with the requirements outlined above and including a statement that he, she or it intends to appear at the Final Approval Hearing, either with or without counsel, along with a list of all persons, if any, who will be called to testify in support of the objection.

42. If any Settlement Class Member hires an attorney to represent the Settlement Class Member at the Final Approval Hearing, the cost of said attorney will be at the Settlement Class Member's expense.

43. Any attorney hired by a Settlement Class Member for the purpose of objecting to the Settlement and who intends to make an appearance at the Final Approval Hearing must provide to Class Counsel and counsel for Defendant and to file with the Clerk of the Court a notice of intention to appear by the deadline set forth in this Order.

44. Class Counsel's papers in support of any application for Attorneys' Fees and Expenses and/or Service Awards shall be filed by the deadline set forth in this Order. Class Counsel shall also post their application for Attorneys' Fees and Expenses and/or Service Awards on the Settlement Website within two business days of filing the applications with the Court.

### **Effects of this Preliminary Approval Order**

45. All proceedings in the Action other than those related to approval of the Settlement Agreement are hereby stayed.

46. If for any reason the Settlement Agreement fails to become effective in accordance with its terms, or if the judgment is not entered or is reversed, vacated or materially modified on

appeal (and, in the event of material modification—which shall not include any modification to an award of attorneys' fees and expenses or to the service awards—if either party elects to terminate the Settlement Agreement), this Order shall be null and void, the Settlement Agreement shall be deemed terminated (except for any paragraphs that, pursuant to the terms of the Settlement Agreement, survive termination of the Settlement Agreement), and the Parties shall return to their positions without prejudice in any way, as provided for in the Settlement Agreement.

47. As set forth in the Settlement Agreement, the fact and terms of this Order and the Settlement Agreement, all negotiations, discussions, drafts, and proceedings in connection with this Order and the Settlement Agreement, and any act performed or document signed in connection with this Order and the Settlement Agreement, shall not, in this or any other court, administrative agency, arbitration forum or other tribunal, constitute an admission or evidence or be deemed to create any inference against any party, including, but not limited to: (i) of any acts of wrongdoing or lack of wrongdoing; (ii) of any liability on the part of Defendant to the Plaintiffs, the Settlement Class or anyone else; (iii) of any deficiency of any claim or defense that has been or could have been asserted in this case; (iv) that Defendant agrees that a litigation class may be properly certified in this case; (v) of any damages or lack of damages suffered by the Plaintiffs, the Settlement Class or anyone else; or (vi) that any benefits obtained by the Settlement Class pursuant to the Settlement Agreement or any other amount represents the amount that could or would have been recovered in the actions in this case if they were not settled at this point in time. The fact and terms of this Order and the Settlement Agreement, all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement Agreement, including but not limited to the judgment and the release of the Released Claims provided for in the Settlement Agreement and any judgment, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding

in any court, administrative agency, arbitration forum or other tribunal, except as necessary to enforce the terms of this Order and/or the Settlement Agreement.

48. All members of the Settlement Class (unless and until they have timely and properly excluded themselves from the Settlement Class) are preliminarily enjoined from (a) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant, participant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action or the Released Claims; (b) filing, commencing, participating in or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any member of the Settlement Class that has not timely excluded himself, herself or itself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action or the Released Claims, including the unknown claims; and (c) attempting to effect opt outs of a class of individuals in this lawsuit or any other lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action or the Released Claims.

49. Any member of the Settlement Class who does not submit a timely and valid written request for exclusion from the Settlement Class (i.e., become an Opt-Out) will be bound by all proceedings, orders and judgments in the Litigation, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

50. The Court adopts the following schedule:

| EVENT | DATE |
|---|---|
| Deadline to begin sending Class Notice | November 3, 2025 |
| Deadline for Class Counsel to file Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards | December 19, 2025 |
| Deadline for members of the Settlement Class to submit objections | February 2, 2026 |
| Deadline for members of the Settlement Class to submit requests for exclusion | February 2, 2026 |
| Deadline for Settlement Class Members to submit Claim Forms | March 4, 2026 |
| Deadline for Class Counsel to file Motion for Final Approval; (b) proof of compliance with notice plan and list of exclusions and objections; (c) any response to objections; and (d) Reply in support of the Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards, if any. | March 18, 2026 |
| Deadline for giving written notice of intent to be heard at the Final Approval Hearing | March 31, 2026 |
| Final Approval Hearing | April 15, 2026 at 10:00 a.m. |

**IT IS SO ORDERED.**

**DATED**: September 4, 2025        **ENTERED**:

*LaShonda A. Hunt*
LaShonda A. Hunt
United States District Judge