**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LYNN SCOTT, LLC, *et al.*, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | Case No. 20 C 6334 |
| v. | Hon. LaShonda A. Hunt |
| GRUBHUB INC., | |
| Defendant. | |

## <u>ORDER AND FINAL JUDGMENT GRANTING</u>
## <u>FINAL APPROVAL OF CLASS ACTION SETTLEMENT</u>

This matter came before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement (Dkt. 282) and Plaintiffs' Motion for Award of (1) Attorneys' Fees, (2) Reimbursement of Expenses, and (3) Class Representative Service Awards (Dkt. 275). The Court held a Final Approval Hearing on April 15, 2026. The Court carefully reviewed all filings related to the Settlement and heard argument on the motions.

After full consideration of the motions, the presentations of the parties, and all supporting papers, the Court concludes that the Settlement provides a favorable recovery for the Settlement Class Members and is an acceptable result under the circumstances and challenges presented by this Action. The Court specifically concludes that the Settlement is fair, adequate, and reasonable, and an acceptable compromise of the claims filed for the benefit of the Settlement Class Members. The Settlement complies with Federal Rule of Civil Procedure 23(e). The Court therefore grants Final Approval of the Settlement and certifies the Settlement Class.

The Court now makes the following findings of fact and conclusions of law, and **HEREBY ORDERS AND ADJUDGES THAT:**

1.      This Court has subject matter jurisdiction over this Action, the Settlement Class, and over all individuals and entities undertaking affirmative obligations under the Settlement.

2.      This Court hereby approves the Settlement set forth in this Final Approval Order and finds that the Settlement is, in all respects, fair, adequate, and reasonable, and in compliance with all applicable requirements of Federal Rule of Civil Procedure 23 and the United States Constitution (including the Due Process Clause) and all other applicable law, including the factors set forth in *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014). Following the completion of the Notice Plan, there have been no objections to the Settlement and only one untimely request for exclusion—a clear indication that the Settlement Class Members support the Settlement. As the Settlement is in the best interests of the Parties and the Settlement Class, the Court directs the Parties and their counsel to implement and consummate the Settlement in accordance with the terms and conditions of the Settlement Agreement.

3.      Pursuant to Federal Rule of Civil Procedure 23, the Settlement Class consists of:

All businesses whose names or logos were used on Grubhub, or any other part of the Grubhub Platform, including AllMenus, Eat24, Seamless, Tapingo, LevelUp, OrderUp, BiteGrabber, and MenuPages, from January 1, 2019 through April 30, 2024 without a contract with Grubhub.

Specifically excluded from the Settlement Class are the following: (i) corporate officers, members of the board of directors, and senior management of Defendant; (ii) any and all judges, justices, and chambers' staff assigned to hear or adjudicate any aspect of this litigation; (iii) any members of the Settlement Class that validly opt out prior to the opt-out deadline; (iv) any entity in which Defendant has a controlling interest, and their legal representatives, officers, directors, employees, assigns and successors; and (v) Class Counsel and all counsel of record in the Action.

4.      The Settlement Class, as previously provisionally certified, satisfies all the requirements of Federal Rule of Civil Procedure 23, the United States Constitution, and any other applicable law as more fully set forth in the Court's Preliminary Approval Order (Dkt. 271), which is incorporated into this Order by reference.

5.      The Court finds, for settlement purposes only, that: (a) the Settlement Class as defined is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) the Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class Members; (e) Plaintiffs allege that Grubhub acted on grounds that apply generally to the Settlement Class; (f) the questions of law or fact common to the Settlement Class predominate over the questions affecting individual Settlement Class Members; and (g) certification of the Settlement Class is superior to other methods for the fair and efficient adjudication of the controversy.

6.      The Notice Plan was the best notice practicable under the circumstances. The Notice Plan provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement, to all persons entitled to such notice. The Notice Plan fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, including the requirements of due process. The notice provided comprehensive information about the nature of the action, the class definition, the terms of the Settlement, how to file a claim, how to object, how to opt out, and the date and time of the Final Approval Hearing.

7. Notice pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, was sent to the appropriate state and federal officials. No government entity has objected or submitted a statement of interest.

8. No objections to the Settlement were filed. One untimely request for exclusion was submitted. The Court has considered the number of objections and exclusion requests as strong indicators that the Settlement is fair, reasonable, and adequate. Any individual or entity with a valid opt-out that sought to exclude themselves from the Settlement Class are identified in Exhibit A.

9. The Court orders the Parties to distribute the proceeds of the Settlement Fund to Settlement Class Members who filed Valid Claim Forms according to the process set forth in the Plan of Allocation (Dkt. 267-2, Exhibit D). Settlement Class Members are entitled to receive the benefits of the Settlement in accordance with the procedures set forth in the Settlement Agreement.

10. Pursuant to the Settlement Agreement, Grubhub has acknowledged that it is subject to the permanent injunction entered in *FTC et al. v. Grubhub Inc.*, No. 1:24-cv-12923 (N.D. Ill., Dec. 31, 2024), which permanently prohibits Grubhub from advertising, marketing, displaying landing pages, listing menus, or other content on its platform for restaurants without a contract. Grubhub has expressly agreed to comply with the obligations imposed by that injunction as part of this Settlement.

11. The Court has considered Plaintiffs' Motion for Award of (1) Attorneys' Fees, (2) Reimbursement of Expenses, and (3) Class Representative Service Awards (Dkt. 276). Having reviewed that motion, the Court hereby GRANTS the Motion. Class Counsel is awarded $2,382,477 in attorneys' fees and $143,341.59 in litigation expenses, to be paid from the Settlement Fund. The Court finds that the fee amounts awarded are reasonable under Rule 23,

4

supported by the lodestar cross-check, and consistent with fee awards approved in similar cases in this Circuit.

12. The Court approves service awards of $20,000.00 for each of the following Class Representatives: Lynn Scott, LLC; The Farmer's Wife, LLC; Thuan Luu; Old Crown, Inc.; 132 Degrees, LLC; MDR, LLC; Momobbq, Co., LLC; MF Tasty LLC; and Iowa City Coffee Company; and $7,000.00 for Jack Tate d/b/a The Tin Pig, LLC. The service awards are reasonable under Rule 23 and are consistent with the mandate of Rule 23(e)(2)(D), recognizing that the named Plaintiffs invested in the case more heavily than their unnamed counterparts. The service awards are to be paid from the Settlement Fund.

13. As of the Effective Date of the Settlement Agreement, all Settlement Class Members who have not opted out of the Settlement release the Grubhub Released Parties from all Released Claims, as defined in the Settlement Agreement, including all known and unknown equitable, injunctive, and monetary claims relating to any alleged claims of Grubhub adding restaurants to the Grubhub Platform without permission as alleged in this Action. The Settlement Class Members are barred and enjoined from asserting any of the Released Claims at any time and in any jurisdiction, including during any appeal from this Order.

14. All Settlement Class Members who have not opted out of the Settlement are bound by all determinations and judgments in this Action, whether favorable or unfavorable, and by this Order and Final Judgment and the Settlement Agreement. All Settlement Class Members, other than those who validly opted out, are barred and enjoined from (a) further litigation in this case and (b) filing or taking any action directly or indirectly to commence, prosecute, pursue, or participate on any individual or class or collective action basis any action, claim, or proceeding

against Grubhub in any forum in which any of the Released Claims are asserted or which in any way would prevent any such claims from being extinguished.

15. Nothing in this Order or the Settlement Agreement constitutes an admission or concession by either party. Grubhub has denied all of Plaintiffs' allegations and continues to deny them. Plaintiffs continue to believe their allegations have merit. The Settlement and this Order represent a compromise of disputed allegations.

16. This Court dismisses, on the merits and with prejudice, the above-captioned Action and all claims currently pending before it belonging to Settlement Class Members who did not request exclusion from the Settlement Class in the time and manner provided. This Court directs the Clerk of this Court to close the case pursuant to Federal Rule of Civil Procedure 58(a).

17. In the event the Settlement does not become effective in accordance with its terms, the judgment contemplated in this Order is rendered null and void and vacated, and the Settlement Agreement and all orders entered in connection with it are rendered null and void. The Settlement Class will be decertified, all of Grubhub's obligations under the Settlement will cease to have any force and effect, the amounts in the Settlement Fund will be returned to Grubhub, and Plaintiffs' Consolidated Amended Complaint will be reinstated as it existed before the Settlement Agreement was executed. In that case, all communications, documents, filings, negotiations, and other actions taken by the Parties to negotiate and pursue the Settlement shall be considered confidential settlement communications that cannot be used in evidence by any party against another party.

18. If this Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, certification of the Settlement Class will be vacated nunc pro tunc.

19.     The Parties are authorized, without further approval from the Court, to agree to and adopt amendments, modifications, and expansions of the Settlement Agreement that (i) are consistent in all material respects with this Order and (ii) do not limit the rights of the Parties or Settlement Class Members.

20.     Without affecting the finality of this Order in any way, the Court reserves continuing jurisdiction over: (a) implementation of the Settlement; (b) this Action until the judgment contemplated herein has become effective and each and every act agreed to be performed by the Parties has been performed; (c) the Parties to the Agreement, including Grubhub, Plaintiffs, and all Settlement Class Members, to administer, supervise, construe, and enforce the Settlement Agreement in accordance with its terms; and (d) the enforcement of this Court's injunctions.

21.     For the foregoing reasons, the Court: (1) grants Final Approval of the Settlement; (2) confirms certification of the Settlement Class under Federal Rule of Civil Procedure 23(b)(3); (3) confirms appointment of the Class Representatives; (4) confirms appointment of Rosemary M. Rivas of Gibbs Mura LLP and Elizabeth A. Fegan of Fegan Scott LLC as Class Counsel; (5) grants Plaintiffs' Motion for Award of Attorneys' Fees, Reimbursement of Expenses , and Class Representative Service Awards; (6) retains continuing jurisdiction over Plaintiffs, the Settlement Class Members, and Grubhub to implement, administer, consummate, and enforce the Settlement and this Order, including the Court's injunction; and (7) dismisses the Action with prejudice.

**IT IS SO ORDERED.**

**DATED**: April 16, 2026                                          **ENTERED**:

LaShonda A. Hunt
_____
LASHONDA A. HUNT
United States District Judge

7

# **EXHIBIT A**

## **Exclusion List**

1. Omar Romero, Inc.